
DAVIDOFF MALITO & HUTCHER LLP
Larry Hutcher (LH-8327)
Ella A. Kohn (EK-5296)
605 Third Avenue
New York, New York 10158
(212) 557-7200
*Attorneys for Defendants Panos Eliades and Panix of the U.S., Inc.*

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NEW JERSEY SPORTS PRODUCTIONS, INC.
d/b/a MAIN EVENTS,

                Plaintiff,

- against -

PANOS ELIADES, PANIX PROMOTIONS,
LTD., PANIX OF THE U.S., INC.,
BANNER PROMOTIONS, INC.,
DON KING PRODUCTIONS, INC.
AND JOHN DOES 1-5,

                Defendants.

------------------------------------------------------------X

Index No. 06 Civ. 1509

**ANSWER OF DEFENDANTS
PANOS ELIADES AND
PANIX OF THE U.S., INC.**

Defendants Panos Eliades ("Mr. Eliades") and Panix of the U.S., Inc. ("Panix U.S.") (together, "Defendants"), by their attorneys Davidoff Malito & Hutcher LLP, as and for their Answer to the complaint of Plaintiff New Jersey Sports Production, Inc. d/b/a/ Main Events ("Plaintiff" or "Main Events"), herein allege as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of the complaint.

    2.    Admit the allegations of paragraph 2 of the complaint.

    3.    Admit the allegations of paragraph 3 of the complaint.

00341370

4. Deny the allegations of paragraph 4 of the complaint except admit that Mr. Eliades is a citizen of the United Kingdom and that Mr. Eliades is a shareholder of Panix Promotions, Ltd., which is currently in bankruptcy.

5. Deny knowledge or sufficient information to form a belief as to the allegations of paragraph 5 of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 6 of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 7 of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the complaint.

9. The allegations in paragraph 9 of the complaint call for a legal conclusion and do not require a response.

10. The allegations in paragraph 10 of the complaint call for a legal conclusion and do not require a response.

11. With respect to the allegations contained in paragraph 11 of the complaint, refer the Court to a judgment of this Court entered on March 29, 2002, Exhibit B to the complaint, for its terms and effect.

12. With respect to the allegations contained in paragraph 12 of the complaint, refer the Court to the document referred to therein for its terms and effect.

13. With respect to the allegations contained in paragraph 13 of the complaint, refer the Court to the document referred to therein for its terms and effect.

14. With respect to the first sentence of paragraph 14 of the complaint, refer to the Court to the document referred to therein for its terms and effect. Defendants deny the allegations contained in the second sentence of paragraph 14 of the complaint.

15. Deny the allegations of paragraph 15 of the complaint and further deny that the "Panix Parties" (defined by Plaintiff as Panix Promotions, Ltd., Mr. Eliades and Panix U.S.) were party to the lawsuit commenced in the District Court of Clark County, Nevada, referenced in paragraph 15 of the complaint (the "Nevada Lawsuit"), inasmuch as neither Mr. Eliades nor Panix U.S. were involved in that lawsuit.

16. With respect to the allegations contained in paragraph 16 of the complaint, refer the Court to the document referred to therein for its terms and effect.

17. With respect to the first sentence of paragraph 17 of the complaint, deny knowledge or information sufficient to form a belief as to the allegations therein. With respect to the second sentence of paragraph 17 of the complaint, refer the Court to the document referred to therein for its terms and effect.

18. Deny knowledge or sufficient information to form a belief as to the allegations of paragraph 18 of the complaint.

19. Deny knowledge or sufficient information to form a belief as to the allegations of paragraph 19 of the complaint.

20. Deny that the "Panix Parties" (defined by Plaintiff to include Mr. Eliades and Panix U.S. together with Panix Promotions, Ltd.) shared in a judgment in the Nevada Lawsuit, or were involved in the Notice of Assignment filed therein (the "Notice of Assignment"), inasmuch as neither Mr. Eliades nor Panix U.S. were party to that lawsuit. With respect to the remaining

allegations contained in paragraph 20 of the complaint, refer the Court to the document referred to therein for its terms and effect.

21. Deny that "Panix," defined by Plaintiff as Panix Promotions, Inc. and Panix U.S., was a party to the Notice of Assignment inasmuch as Panix U.S. was not a party to the Nevada Lawsuit and was not named in the Notice of Assignment. Deny knowledge or information sufficient to form a belief that the Notice of Assignment was the "first time" that the court in the Nevada Lawsuit was advised of an assignment of the claims therein. With respect to the remaining allegations of paragraph 21 of the complaint, refer the Court to the document referred to therein for its terms and effect

22. Deny the allegations of paragraph 22 of the complaint to the extent that Plaintiff asserts that Panix U.S. was a party to the Nevada Lawsuit or the Notice of Assignment. Admit the remaining allegations contained in paragraph 22 of the complaint.

23. Deny the allegations of paragraph 23 of the complaint to the extent that Plaintiff asserts that Panix U.S. was a party to the Nevada Lawsuit or the Notice of Assignment. With respect to the remaining allegations contained in paragraph 23 of the complaint, refer the Court to the document referred to therein for its terms and effect.

24. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 26 of the complaint.

27.   Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 27 of the complaint.

28.   Deny the allegations of paragraph 28 of the complaint to the extent that Plaintiff asserts that Panix U.S. and Mr. Eliades were party to the Nevada Lawsuit or the Notice of Assignment. Deny knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 28 of the complaint.

29.   With respect to the allegations contained in paragraph 29 of the complaint, refer the Court to the document referred to therein for its terms and effect.

30.   With respect to the allegations contained in paragraph 30 of the complaint, refer the Court to the document referred to therein for its terms and effect.

31.   Deny the allegations of paragraph 31 of the complaint to the extent that Plaintiff asserts that Panix U.S. was a party to the Nevada Lawsuit or the Notice of Assignment. Admit the remaining allegations of paragraph 31 of the complaint.

32.   Deny the allegations of paragraph 32 of the complaint to the extent that Plaintiff implies that Panix U.S. was a party to the Nevada Lawsuit or the Notice of Assignment. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the complaint.

33.   Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 33 of the complaint.

34.   Deny the allegations of paragraph 34 of the complaint.

35.   Deny the allegations of paragraph 35 of the complaint.

36.   Deny the allegations in paragraph 36 of the complaint.

37. Defendants repeat and reallege the allegations of paragraphs 1 through 36 of this Answer as if fully set forth in detail herein.

38. Deny the allegations in paragraph 38 of the complaint.

39. Deny the allegations in paragraph 39 of the complaint.

40. To the extent that paragraph 40 of the complaint draws a legal conclusion as to the solvency of the parties, it does not require a response. Admit the remaining allegations in paragraph 40.

41. Deny the allegations in paragraph 41 of the complaint.

42. Deny the allegations in paragraph 42 of the complaint.

43. Deny the allegations in paragraph 43 of the complaint.

44. Defendants repeat and reallege the allegations of paragraphs 1 through 43 of this Answer as if fully set forth in detail herein.

45. Deny the allegations in paragraph 45 of the complaint.

46. Deny the allegations in paragraph 46 of the complaint

47. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 47 of the complaint except deny that Defendants have participated in any "conspiracy" against Plaintiff.

48. Deny the allegations of paragraph 48 of the complaint to the extent that Plaintiff asserts that Panix U.S. or Mr. Eliades were party to the Nevada Lawsuit. Deny knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 48 of the complaint.

49. Deny the allegations of paragraph 49 of the complaint.

50. Deny the allegations of paragraph 50 of the complaint.

51. Deny the allegations of paragraph 51 of the complaint.

52. Defendants repeat and reallege the allegations of paragraphs 1 through 51 of this Answer as if fully set forth in detail herein.

53. With respect to the allegations contained in paragraph 53 of the complaint, refer the Court to the document referred to therein for its terms and effect.

54. With respect to the allegations contained in the first sentence of paragraph 54 of the complaint, refer the Court to the document referred to therein for its terms and effect. Deny the second sentence of paragraph 54 of the complaint and deny the allegations of paragraph 54 of the complaint to the extent that Plaintiff asserts that Panix U.S. or Mr. Eliades were party to the Nevada Lawsuit or the Notice of Assignment. The third and fourth sentences of paragraph 54 of the complaint call for a legal conclusion and do not require a response.

55. Deny the allegations of paragraph 55 of the complaint.

56. Deny the allegations of paragraph 56 of the complaint.

57. With respect to the first sentence of paragraph 57 of the complaint, deny knowledge or information sufficient to form a belief as to the allegations therein. Deny the allegations in the second sentence of paragraph 57.

58. Deny the allegations of paragraph 58 of the complaint.

59. With respect to the allegations contained in paragraph 59 of the complaint, refer the Court to the document referred to therein for its terms and effect.

60. Deny the allegations in paragraph 60 of the complaint.

61. Deny the allegations in paragraph 61 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

62. Neither Mr. Eliades nor Panix U.S. was ever a party to the Nevada Lawsuit or the Notice of Assignment.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

63. The complaint fails to state a claim against Defendants.

## JURY DEMAND

64. Defendants demand a trial by jury of the issues herein.

WHEREFORE, Defendants request judgment dismissing the complaint, granting Defendants the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems proper and just.

Dated: New York, New York
April 28, 2006

DAVIDOFF MALITO & HUTCHER LLP

By: *Ella A Kohn*
Larry Hutcher
Ella A. Kohn
*Attorneys for Defendants*
*Panos Eliades and*
*Panix of the U.S., Inc.*
605 Third Avenue
New York, New York 10158
(212) 557-7200

TO:    Patrick C. English, Esq.
Dines and English
*Attorneys for Plaintiff*
685 Van Houten Avenue
Clifton, NJ 07013
(973) 778-7575

Pinsent Masons, Esq.
*Attorneys for Panix Promotions, Ltd.*
100 Barbirolli Square
Manchester, England M2 3SS

Raymond A. Levites, Esq.
Levites & Associates, LLC
*Attorneys for Banner Productions, Inc.*
1251 Avenue of the Americas
Suite 920
New York, NY 10020
(212) 688-0500

James J. Binns, Esq.
James J. Binns, P.C.
*Attorneys for Don King Productions, Inc.*
Suite 300
925 Harvest Drive
Blue Bell, PA 19422
(215) 977-1037

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK     )

    NARCISSUS F. THOMAS, being duly sworn, deposes and says; deponent is not a party to the action, is over 18 years of age and resides at Kings County, New York State.

    On April 28, 2006, deponent caused to be served the within **ANSWER OF DEFENDANTS PANOS ELIADES AND PANIX OF THE U.S., INC.**, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in a post office under the exclusive care and custody of the United States Postal Service within the State of New York addressed to the following person(s) at their last known address set forth after each name:

    Patrick C. English, Esq.
    Dines and English
    *Attorneys for Plaintiff*
    685 Van Houten Avenue
    Clifton, NJ 07013

    Pinsent Masons, Esq.
    *Attorneys for Panix Promotions, Ltd.*
    100 Barbirolli Square
    Manchester, England M2 3SS

    Raymond A. Levites, Esq.
    Levites & Associates, LLC
    *Attorneys for Banner Productions, Inc.*
    1251 Avenue of the Americas
    Suite 920
    New York, NY 10020

    James J. Binns, Esq.
    James J. Binns, P.C.
    *Attorneys for Don King Productions, Inc.*
    Suite 300
    925 Harvest Drive
    Blue Bell, PA 19422

                                                    Narcissus F. Thomas

Sworn to before me this
28th day of April, 2006

MARGARET L. GRAHAM
NOTARY PUBLIC
STATE OF NEW YORK
NO. 01GR4972568
QUALIFIED IN DELAWARE COUNTY
COMMISSION EXPIRES OCTOBER 1, 20 06

00329717.4