USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/06

# LEVITES & ASSOCIATES, LLC
1350 AVENUE OF THE AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER (212) 688-0012
e-mail: plnyus@aol.com

August 14, 2006

Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

Re: New Jersey Sports Productions, Inc. v. Panos Eliades, et al.
Civil Action No. 06-CV-1509



[Handwritten annotation:] I'm not clear what can be accomplished in a matter that confused me — at a letter set one w/ this is a mini trial. To a conference — details can be accomplished in a matter but say by [illegible] Chambers + help us [illegible]

SO ORDERED.
Harold Baer, Jr., U.S.D.J.
Date: 8/21/06

Dear Judge Baer:

I write as counsel to defendant Banner Promotions Inc. ("Banner") and further to the August 10, 2006 letter of Patrick English, Esq. of Dines & English, LLC, counsel for plaintiff.

In that letter Mr. English requested a status conference in respect of certain issues having primarily to do with defendants Panos Eliades and Panix of the U.S.A as well as certain "...outstanding discovery requests with respect to Banner Promotions." Although Mr. English has already had a meaningful response as to plaintiff's discovery of Banner, he suggests that any issues in respect of such continued discovery "should be resolved sooner rather than later." We agree.

We understand the demands on Your Honor's time and that, in the normal course, Your Honor might refer this to a U.S. Magistrate Judge.

In this instance, in part because we want to ask the Court to stay any further discovery, [at least against Banner] for good cause (Fed. R. Civ. P. 26(c)), pending further developments which could entirely moot this case – we join in Mr. English's request, but ask that you meet with counsel yourself.

---

CONNECTICUT
·FEDERAL BAR ONLY·
MEMBER RIVERSIDE WEST, LLC
327 RIVERSIDE AVENUE, WESTPORT, CT 06880
(203) 226-9393
Telecopier (203) 222 4833

L/15719_b

At the initial meeting of counsel in Your Honor's Chambers on May 11, 2006, you noted that this lawsuit centers, not on any alleged wrongdoing by Banner; but on plaintiff's demand for a portion of the prospective proceeds of an unrelated action brought by Banner in the Nevada courts against its co-defendant here, Don King Productions, Inc.

Defendants Eliades and Panix are plaintiff's judgment debtors from yet another previous case, which was before Your Honor, and apparently have been less than amenable towards plaintiff's attempt at execution. Plaintiff contends here that up to half of any proceeds of Banner's Nevada judgment on appeal would and should be deemed the property of Mr. Eliades and/or Panix USA which, they assert, had a half interest in the proceeds of that Nevada case.

Banner's judgment is just now going up on appeal. The pre-appeal mediation conference was in June. I am reliably informed that the appellate process in Nevada usually takes approximately a year. Should Banner lose, this entire lawsuit would be mooted. Over.

Indeed while considering our pre-trial schedule, Your Honor *sua sponte* raised the question "Isn't this case rather premature?"

Because plaintiff's counsel, Mr. English, vehemently insisted it was not, and because we were then convinced that even the most modest documentary discovery, or an appropriate stipulation, would resolve any issue between Banner and Mr. English-plaintiffs would likely be entitled to Panix's ten percent (10%) of Banner's ultimate net recovery, if ever there were one - I did not then vigorously press this point but suggested that we might soon return to it pending developments.

We so do now because the actual and prospective cost of discovery in time, money and upset to Banner has transcended what should have been minimal; and because plaintiff's counsel, Mr. English, has exhibited no interest in any stipulation or order which would notice him should Banner prevail on appeal in Nevada and otherwise protect plaintiff's asserted interest in any ultimate Banner recovery pending a judicial determination here, should one prove necessary. In fact plaintiff, while thus far having contented himself with aggressive non deposition documentary discovery with interrogatories, seems to consider this case to be an additional instrument of investigation in respect of Mr. Eliades' and Panix's business relationships generally. Whatever animus plaintiff may harbor towards

L/15719_b

Honorable Harold Baer
Page 3 of 4
August 17, 2006

Mr. Eliades, Banner – with which Mr. Eliades' corporate entity was associates in one or more business projects, is a third party to their dispute.

We urge that this court apply the reasoning in an analogous case, *AT&T Corp. v. Public Service Ents. of Penn., Inc.*, 2000 WL 387738 (E.D. Pa. April 12, 2000). AT&T had been awarded $26 million in an arbitration, which had been confirmed in the Southern District of New York. The defendant PSE appealed to the Second Circuit.

During the pendency of this appeal, AT&T sought to collect on its judgment by bringing suit in the Eastern District of Pennsylvania, alleging that certain individual defendants had rendered PSE insolvent, and unable to satisfy the judgment, by transferring its assets. The defendants sought to stay the action, and to stay discovery on the basis that if PSE were successful in its appeal to the Second Circuit, then the collection action would be rendered moot.

The District Court granted the motion to stay the collection action, holding:

> Defendant Scardino filed a Motion to Stay on March 23, 2000, asking the Court to stay trial of this action pending resolution of the PSEappeal by the United States Court of Appeals for the Second Circuit. The other defendants join in this request, and further ask the Court to stay discovery. AT&T opposes this request, and submits that a stay would prejudice it by delaying collection of the Judgment. The Court has inherent power to control its docket in order to conserve scarce judicial resources. *Cost Bros., Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir.1985). Giving due regard to the desirability of resolving litigation comprehensively and conserving judicial resources, the Court ultimately must determine what is the most wise course of judicial administration under all the circumstances. The pending appeal brings the validity of the arbitration award itself into question. At oral argument, Plaintiff's counsel agreed that a reversal by the Second Circuit would render all proceedings in this Court moot. The Court concludes that the efficient and equitable solution would be to stay the present litigation pending a decision by the United States Court of Appeals for the Second Circuit. Staying the instant action

L/15719_b

> avoids a potentially gross waste of judicial resources. Moreover, the Court perceives no prejudice to AT&T in that interest continues to run on the Judgment. Accordingly, the Court will grant Defendants' Motion to Stay, and place this case in civil suspense.

2000 WL 387738 at *5.

Would Your Honor please, in due course, have this letter docketed and made a part of the Court's file?

We hope that Your Honor is having a pleasant Summer and thank you for your consideration of this request.

Yours sincerely,

R. A. Levites

Raymond Levites

RAL: nmr

cc: Patrick C. English, Esq. (by facsimile and by mail)
    Panos Eliades (*pro se*) and Panix Ltd. (by facsimile and by mail to U.K.)
    James J. Binns, Esq. (by facsimile and by mail)

L/15719_b

Endorsement:

    I am amenable to a conference - although I am not clear what can be accomplished that can't be resolved in a motion or even a letter brief - but call Chambers and set one up - By the way keep in mind this is a May trial.