United States District Court
For the Southern District of New York

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | | |
|---|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** **d/b/a MAIN EVENTS** | : | Civil Action No. 06 CV 1509 (HB) |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NOTICE OF MOTION TO COMPEL PRODUCTION OF REQUESTED DOCUMENTS** |
| | : | |
| **PANOS ELIADES, PANIX PROMOTIONS, LTD., PANIX OF THE U.S., INC., BANNER PROMOTIONS, INC., DON KING PRODUCTIONS, INC. AND JOHN DOES 1-5** | : | |
| | : | |
| **Defendants.** | : | |

---

**PLEASE TAKE NOTICE** that the undersigned attorney for Plaintiff, NEW JERSEY SPORTS PRODUCTIONS, INC. moves the court, pursuant to Rule 37(a), Federal Rules of Civil Procedure, for an order directing, the PANOS ELIADES AND PANIX OF THE U.S., INC to produce all documents requested in the document demand and require responsive answers for all interrogatories.

This motion is based on the grounds that the requested documents are proper objects of discovery and that Panos Eliades and Panix of the U.S., Inc. have, although having been properly requested to do so, refused to produce or permit the inspection and copying of any document of them, all is more fully shown by the attached certification of Jason M. Santarcangelo, Esq.

Oral Argument is requested.

It is requested that the Court grant any additional relief that it may deem just and proper.

JASON M. SANTARCANGELO (JMS 4492)
DINES AND ENGLISH, L.L.C.
685 Van Houten Avenue
Clifton, New Jersey 07013
Attorney for Plaintiff, New Jersey Sports
Production, Inc.

Dated: October 5 , 2006

## DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

October 5, 2006

Honorable Harold Baer, Jr., USDJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street/Chambers 2230
New York, New York 10007-1312

Re:  **New Jersey Sports Productions, Inc. v. Panos Eliades, et al.**
**Civil Action No.: 06 CV 1509 (HB)**

Dear Judge Baer:

This office represents Plaintiff, New Jersey Sports Productions, Inc. ("Main Events" or "NJSP"). Please accept this letter in support of our motion to compel discovery in the above captioned matter. Under Rule 37 of the Federal Rules of Civil Procedure we respectfully ask this court to compel Panos Eliades and Panix of the U.S. ("Panix Parties") to produce those documents which it either has or is in constructive possession of its attorney's which are clearly relevant to demonstrating the fraud, conspiracy and contempt allegations in the complaint.

Rule 37 of the Federal Rules of Civil Procedure states in relevant part:

**(a) Motion for Order Compelling Disclosure or Discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:**
 **(2) Motion.**
  **(A) If a party fails to make disclosure required by Rule 26(a), any other part may move to compel disclosure and for appropriate sanctions. The motion must be include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.**
  Fed.R.Civ.P. 37

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
October 5, 2006
Page 2

The purpose of F.R.C.P. 37 is to require the parties to "make a genuine effort to resolve the dispute" before resorting to a court's involvement. *See* Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 99 (S.D.N.Y. 1997). Counsel for Main Events wrote this Court on August 10, 2006 altering the Court that the Panix Parties produced a new counsel of record nor provided long overdue discovery. In response on August 21, 2006, Judge Baer, stated "the Federal Rules make clear what to do- Do it." *See* Exhibit D to the Certification of Jason M. Santarcangelo.

The Federal Rules of Civil Procedure provide for liberal pretrial discovery. Rule 26(b)(1) defines the scope of discovery in broad terms:

> **Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.** Fed.R.Civ.P. 26

This standard has been widely supported by the Supreme Court and the Southern District of New York. The Supreme Court has stated that the relevance standard as being wide enough in scope "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or maybe in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted). *See also* Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d. Cir. 1991) ("This obviously broad rule [26(b)(1)] is liberally construed"); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y.1988) (term "reasonably calculated" in the quoted Rule 26(b)(1) means any possibility that the information sought may be relevant to the subject matter of the action) (internal citations omitted); Westhemco Ltd. v. N.H. Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979) (Discovery is relevant where there is "any possibility that the information sought may be relevant to the subject matter of the action.").

The discovery dispute with the Panix Parties is sadly par for the course. More than 30 days have passed since this Court entered an order on July 6 relieving Davidoff Malito & Hutcher, LLC as counsel and staying action in the case against Mr. Eliades and Panix of the U.S. Since the entry of the July 6 order Mr. Eliades and Panix of the U.S. has done nothing. Furthermore, Mr. Eliades' English company Panix Promotions, Ltd. has defaulted in this matter and it appears that no such action will be taken as the company is in the process of being liquidated. In an August 11, 2006 letter from L.M. Brittain, Liquidator of Panix Promotions,

**DINES AND ENGLISH, L.L.C.**

ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
October 5, 2006
Page 3

Ltd. that stated "currently there are no funds for us to seek legal, Counsel's Opinion, fun d a full trial or to attempt to overturn the Default Judgment." *See* Letter from L.M. Brittain attached as Exhibit 1.

The requested documents are relevant and should be produced immediately. Additionally, the answers to the interrogatories are relevant to provide information reasonably calculated to lead to evidence. Simply put, Main Events is alleging fraud and conspiracy on a creditor and the document demands and interrogatories are designed to produce evidence to those ends.

For example, it is critical to those ends to be able to ascertain when the alleged assignment was made and if the assignment is even real. The alleged assignment, made in July 2000 flies in the face of this Court's order on February 15, 2002 which required the Panix Parties (including Panix Promotions, Ltd.) to turn over "copies of all their books, and records, including but not limited to all banking records and third party contracts...." An assignment of interest would fall within this category. This information is relevant and needs to be disclosed.

The accompanying certification of Jason M. Santarcangelo demonstrates that Main Events has patiently waited for the Panix Parties to step forward and provide answers. There is no counsel to confer with. This fact has been brought to the attention of the Court with Local Rule 37(2). Judge Baer instructed Main Events to bring a motion to compel.

It is respectfully requested that the Court grant the motion to compel discovery in accordance with Rule 37 of the Federal Rules of Civil Procedure, requiring the Panix Parties to provide Main Events with answers to the interrogatories and documents responsive to the document demand.

Respectfully submitted,

**DINES AND ENGLISH, L.L.C.**

BY:  _____
JASON M. SANTARCANGELO

# EXHIBIT 1

RECEIVED
AUG 1 5 2006

**B A K E R · T I L L Y**

Our ref:    LMB/PDA/SAS/Panix/26
Your ref:

5 Old Bailey
London
EC4M 7AF
Tel:  +44 (0)20 7002 8600
Fax:  +44 (0)20 7002 8601
DX:  458 London Chancery Lane WC2
www.bakertilly.co.uk

Patrick English
Dines and English LLC
685 Van Hauten Suite 1
Clifton
NJ 07013-2130

11 August 2006

Dear Mr English

**PANIX PROMOTIONS LIMITED - IN LIQUIDATION ("the Company")**

Further in this matter there have been recent developments concerning the current litigation in New York in relation to the above.  I write to you as you are currently acting for one of the creditors, Main Events (New Jersey Sports Promotions Inc.) and request whether you would consider funding further litigation in New York in order to protect the outcome of the Nevada Litigation.

New Jersey Sports Productions Inc t/a Main Events ("Main Events") have made a complaint in the Southern District of New York against Panix Promotions Limited, Panos Eliades, Panix of the US Inc, Banner Promotions Inc ("Banner"), Don King Productions Inc and others.  They have alleged that the assignment of the proceeds of the action in the Nevada Litigation (90/10 in favour of Banner) dated 26 July 2000 was fabricated.  They have also alleged that Banner is an active participant in preventing Main Events collecting judgment against the Company arising out of the 15 February 2002 Order against the Company and further that Banner failed to disclose either the pending Nevada Litigation or the assignment in direct contravention of the terms of the February 15 2002 Order which bound the Company to disclose all pending actions and seek  the approval of the "Lewis Parties" including Main Events, to the finalisation of such actions.

I have recently discovered that as we have been unable to obtain representation in New York on a conditional fee basis and therefore could not attend a case management conference a Notice of Default has been filed against the Company without notice to me.  It is however open to me to have the Default Notice withdrawn if I make an application as soon as possible.

Currently there are no funds for us to seek legal advice, Counsel's opinion, fund a full trial or to attempt overturn the Default Judgment.



BAKER TILLY
INTERNATIONAL

Lists of offices and partners' names are available at the above address.

Baker Tilly is regulated for a range of investment business activities by the Institute of Chartered Accountants in England and Wales

**PANIX PROMOTIONS LIMITED - IN LIQUIDATION ("the Company")**
**contd.**

This leaves several options open to you as a creditor:

1. You provide £2,500 sterling in order to obtain official advice form Counsel in New York to review the potential consequences of withdrawing from active participation in the New York litigation.

2. You provide $7,500 USD to set aside the Default Judgment

3. You provide funding for a full trial, the cost of which I am unable to estimate at present, but it will be considerable.

4. I attempt to sell the 10% interest that we have in the litigation to an interested party.

Please consider the above and as this matter is urgent you have 7 days in which to reply or we will assume that you are saying no to all of the options. Please complete the form attached to this letter and send it back to us in the prepaid envelope enclosed.

If you have any queries please do not hesitate to contact Sara Smith at this office.

Yours faithfully

L M Brittain
Liquidator of
Panix Promotions Limited

**Please note that Louise Brittain is authorised to act as an Insolvency Practitioner by the Insolvency Practitioners Association, Registration No. 100052**

I _____ as Creditor of the estate of Panix Promotions Limited
hereby indicate my interest as follows:-

1. I will provide £2,500 sterling to fund obtaining advice from Counsel in New
York to review the potential consequences of withdrawing from active
participation in the New York litigation.

   YES/NO

2. I will provide 7,500 USD to try to set aside the Default Judgment.

   YES/NO

3. I am willing to fund a full trial with unknown costs at present.

   YES/NO

4. I authorise the liquidator to attempt to sell the 10% interest that we have in the
litigation to an interested party.

   YES/NO


Signed by _____ on behalf of _____

Date_____

United States District Court
For the Southern District of New York

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> d/b/a **MAIN EVENTS** <br> : <br>     **Plaintiff,**      : <br> : <br> **v.**      : <br> : <br> **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** : <br> **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** : <br> : <br>     **Defendants.**      : | Civil Action No. 06 CV 1509 (HB) <br><br> **CERTIFICATION OF JASON** <br> **M. SANTARCANGELO IN** <br> **SUPPORT OF MOTION TO** <br> **COMPEL DISCOVERY FROM** <br> **PANOS ELIADES AND PANIX** <br> **OF THE U.S., INC.** |

---

**JASON M. SANTARCANGELO** being of age, hereby certifies:

1) I am an attorney for plaintiff in the above-entitled action.

2) On February 22, 2006, the plaintiff, New Jersey Sports Productions, Inc. ("Main Events") brought suit against the Defendants.

3) This is an action recover an unsatisfied judgment where Panix of the United States, Panix Promotions, and Panos Eliades (collectively "Panix Parties") where the Panix Parties were found guilty by a jury of racketeering, fraud, breach of contract and breach of fiduciary duty. Main Events asserts that an alleged assignment between Banner and the Panix Parties, in which the Panix Parties have given away ninety percent of the potential profits from a law suit in the District Court of Clark County, Nevada, was done in violation of this Court's Order (requiring disclosure of all assets).

4) Main Events asserts various claims against the Panix Parties, Banner, and John Does including of fraud on a creditor, conspiracy and contempt of court.

5) On May 11, 2006 Main Events by way of his attorneys' submitted interrogatories and document demands were hand delivered to Raymond A. Levites, Esq.

for Banner Promotions, and Ella Argaman Kohn, Esq, for Panos Eliades and Panix of the United States. On May 12, 2006 a second document demand (with a single demand) was sent to Banner. On June 20, 2006 a supplemental document demand was sent to Banner Promotions. The interrogatories and document demands to Banner Promotions and the Panix Parties are incorporated by reference. *See* Exhibit A.

6) Panix Promotions Ltd. failed to make an appearance in the case and default was granted on July 5, 2006.

7) On July 6, 2006, Counsel for Panos Eliades and Panix of the U.S. was relived as counsel for the defendants. From that order a thirty (30) day stay of all proceedings in this action as against Eliades and Panix of the U.S. after receipt of this order to allow both parties to secure new counsel.

8) Panos Eliades and Panix of the U.S., Inc. have not noticed counsel or the Court of new counsel.

9) On September 29, 2006, Main Events filed an amended complaint to make clear that among the forms of relief requested is the voiding of any fraudulent transfers, relief available under New York Debtor Creditor Law. The amended complaint additionally clarifies time periods, provides minor textural corrections, or updates facts developed after the filing of the Complaint. This motion has not been heard.

10) The interrogatories presented to defendants Panos Eliades and Panix of the U.S., Inc. the answers to which constitute or contain evidence relevant to matters in this action have not been answered.

11) The documents requested are in possession and control or custody of defendant and constitute or contain evidence relevant to the matters involved in this action. No documents have been provided.

12) Since the entry of the July 6, 2006 Order relieving Davidoff, Malito & Hutcher, LLP of its responsibility to represent Mr. Eliades and Panix of the U.S. no action has been taken by either party. A 30 day stay in the proceeding was granted and that time has passed.

13) On August 10, 2006, Mr. English pursuant to the Southern District of New York's local rule 37.2 wrote to Judge Baer to bring to the Court's attention that: 1) no appearance of new counsel on behalf of Mr. Eliades or the U.S. had been made; 2) No discovery from either Mr. Eliades or Panix of the U.S. has been forwarded; and 3) that Main Events was having discovery issues with Banner. This letter is incorporated by reference. *See* Exhibit B.

14) Judge Baer endorsed the letter on August 21, 2006 stating that "the Federal Rules make clear what to do- Do it." This letter is incorporated by reference. *See* Exhibit C.

15) In order to properly present evidence regarding its complaint against the Panix Parties and Banner Promotions, Main Events needs to have the interrogatories answered and all documents produced or have the right to inspect and copy the documents. The information is valuable to demonstrate the Panix Parties participation in a continuing fraud and conspiracy against Main Events and that the Panix Parties have acted in contempt of a Court Order.

JASON M. SANTARCANGELO

DATE: October 5, 2006

# EXHIBIT A

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :<br>d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
| : | |
| **Plaintiff,** | |
| : | **PLAINTIFF'S FIRST** |
| **v.** | **DOCUMENT DEMAND TO** |
| : | **BANNER PROMOTIONS, INC.** |
| **PANOS ELIADES, PANIX PROMOTIONS,**<br>**LTD., PANIX OF THE U.S., INC., BANNER** : | |
| **PROMOTIONS, INC., DON KING**<br>**PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
| **Defendants.** : | |

TO:    Raymond A. Levites, Esq.
Levites & Associates, LLC
1251 Avenue of Americas, Suite 920
New York, New York, 10020

DEAR COUNSEL:

PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure,
Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following
documents of BANNER PROMOTIONS, INC. individually provide the documents to the
enclosed document demand in the manner and within the time set forth in the rules.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11 , 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.     "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.     "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.     "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.     "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.     All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.     All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.     All deposition transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.     All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.     All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.     All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.     All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.     All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.     All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.     All documents related to any past or present contractual interest in boxer Sam Peter.

11.     All documents related to the promotion of John Ruiz.

12.     All contracts related to the promotion of John Ruiz.

13.     All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

14.     All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

15.     All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

16.     Any expert reports rendered in this matter.

17.     All documents which Banner contends supports it affirmative defenses.

18.     All documents which Banner contends supports its claim that this matter should be dismissed with prejudice and Banner be awarded costs and attorney's fees.

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | | |
|---|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :**<br>**d/b/a MAIN EVENTS** | | Civil Action No. 06 CV 1509 |
| | **:** | |
| **Plaintiff,** | | |
| | **:** | |
| **v.** | | **PLAINTIFF'S SECOND** |
| | **:** | **DOCUMENT DEMAND TO** |
| | | **BANNER PROMOTIONS, INC.** |
| **PANOS ELIADES, PANIX PROMOTIONS,** | | |
| **LTD., PANIX OF THE U.S., INC., BANNER** | **:** | |
| **PROMOTIONS, INC., DON KING** | | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5** | **:** | |
| | | |
| **Defendants.** | **:** | |

---

**TO:**     Raymond A. Levites, Esq.
Levites & Associates, LLC
1251 Avenue of Americas, Suite 920
New York, New York, 10020

DEAR COUNSEL:

**PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of BANNER PROMOTIONS, INC. individually provide the documents to the

enclosed document demand in the manner and within the time set forth in the rules.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 12, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.    All documents related to applications by Banner or its principals for licensure with any Casino Control Commission.

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** <br><br>      **Plaintiff,** <br><br>       : <br> **v.** <br><br>       : <br> **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER**   : <br> **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5**   : <br><br>      **Defendants.**        : | Civil Action No. 06 CV 1509 <br><br><br> **PLAINTIFF'S SECOND** <br> **SUPPLEMENTAL REQUEST FOR** <br> **DOCUMENT DEMAND TO BANNER** <br> **PROMOTIONS, INC.** |

---

**TO:**    Raymond A. Levites, Esq.
        Levites & Associates, LLC
        1251 Avenue of Americas, Suite 920
        New York, New York, 10020

DEAR COUNSEL:

     **PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of **BANNER PROMOTIONS, INC.** individually provide the documents to the

enclosed document demand in the manner and within the time set forth in the rules.

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: June 20, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.     "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.     "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.     "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.     "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.     "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## SUPPLEMENTAL DOCUMENT DEMAND

1.     All contracts between this defendant and HBO from 1997 to present.

2.     All contracts between this defendant and Showtime from 1997 to present.

3.     All contracts between this defendant and English and Company or any company related to Chester English from 1997 to present.

4.     Meeting diaries of all persons authorized to transact business on behalf of Banner Promotions, Inc. from January 1, 2000 to present.

5.     All contract between Banner Promotions, Inc. and DiBella Entertainment.

6.     All correspondence between Banner Promotions, Inc. and the New York Athletic Commission from January 1, 2000 to present.

7.     All correspondence between Banner Promotions, Inc. and HBO from January 1, 2000 to present.

8.     All correspondence between Banner Promotions, Inc. and Showtime from January 1, 2000 to present.

9.     All correspondence between Banner Promotions, Inc. and DiBella Entertainment from January 1, 2000 to present.

10.    All correspondence between Banner Promotions, Inc. and any company associated with Chester English from January 1, 2000 to present.

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : **d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
| : | |
| **Plaintiff,** | |
| : | |
| **v.** | **PLAINTIFF'S FIRST SET OF** |
| : | **INTERROGATORIES TO** |
| | **BANNER PROMOTIONS, INC.** |
| **PANOS ELIADES, PANIX PROMOTIONS,** | |
| **LTD., PANIX OF THE U.S., INC., BANNER** : | |
| **PROMOTIONS, INC., DON KING** | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
| | |
| **Defendants.** : | |

---

> **TO:**    Raymond A. Levites, Esq.
> Levites & Associates, LLC
> 1251 Avenue of Americas, Suite 920
> New York, New York, 10020

DEAR COUNSEL:

PLEASE TAKE NOTICE, that NEW JERSEY SPORTS PRODUCTIONS, INC. hereby

requests that BANNER PROMOTIONS, INC., provide answers to these Interrogatories within

the time and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure. The

person answering these Interrogatories shall designate which information is not within his or her

personal knowledge and, as to that information, shall state the name, address and phone number

of every person from whom it received, or if the source of the information is documentary, a full description including the location thereof and a true copy thereof.

These Interrogatories are deemed continuing so as to require supplemental answers should one obtain further or supplemental information subsequent to the service of answers. If a privilege not to answer is claimed by you, identify each matter to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim. If an objection is raised to any Interrogatory contained herein, identify in exact detail the nature if the objection and the legal and/or factual basis for each such objection.

Jason M. Santangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date:  May ___ , 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

G.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

H.    "**Identify**" or "**identity**" mean, when used in reference to:

(1)    **A natural person, his or her**: full name, present or last known address; present or last known occupation, title, business affiliation and job description at the time relevant to the particular document demand being responded to.

1)    **A company, corporation, association, partnership, joint venture or legal entity other than a natural person**: its full name; a description of the type of organization or entity; the address of its principal place of business; the jurisdiction of its corporation of organization; and the date of its incorporation or organization;

2)    **A Document**: its description (for example, letter, memorandum, report, tape, disk); its title, if any; its date; the number of pages thereof (if written); its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation in other than a clerical capacity; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If the document is a contract also set forth the date of the contract, the parties therego, all material terms thereof, all amendments therego, and all accountings related to each contract. If any such document was, but is no longer, in the possession of or subject to the control of You, state what disposition was made of it and when such disposition occurred (in lieu thereof a copy may be provided)

3)    **An oral communication**: the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made; if by telephone, the identity of each person who made each telephone call, who participated in each telephone call, and the place where each person participating in the telephone call was located, if known; and the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

## INSTRUCTIONS

1. These interrogatories are continuing, and call for prompt further and supplemental information or production whenever the defendant receives or discovers an additional document or information responsive to this request.

2. In answering the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, known by you or in your possession or that of your agents, or your attorneys, or that appears in your records.

3. If you cannot answer interrogatory in full after exercising due diligence to secure the full information, so state, and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what steps were taken in attempting to secure the unknown information.

4. If an interrogatory may be narrowly or broadly construed, you should apply the broadest construction that will produce the most comprehensive response or answer.

5. Unless otherwise indicated, these interrogatories cover the time period of January 1, 1995 to the present.

## INTERROGATORIES

1.  Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter. State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person. Attach copies of all written statements received from each such person and copies of documents written by each such person.

2.  Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

3.  Identify all person(s) with knowledge or information concerning the relationship between Banner and Eliades. For each person identified, set forth their name, address and phone number.

4.  Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Ltd.  For each person identified, set forth their name, address and phone number.

5.  Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Inc.  For each person identified, set forth their name, address and phone number.

6.  Set forth the name, address, telephone number and relationship to any party, of the person or persons, who participated in the preparation of the within responses.

7.  Identify all persons whom you may call at trial as expert witnesses.  For each such person, attach a copy of his or her curriculum vitae, and a report or set forth the contents of any oral or written report.

8.  Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:

    a.  the name and address of the person who gave the written statement;

    b.  the date the written statement was obtained;

    c.   whether the written statement was signed by the person;

    d.   the name and address of all person(s) who obtained the written statement;

    e.   if recorded, the nature of the recording and the present custodian of the recording;

    f.   attach a copy of all written statements;

    g.   set forth completely the substance of the written statement; and

    h.   identify all persons present when the written statement was prepared and received.

9.  Set forth whether you have obtained an oral statement, relating to any fact or issue in this litigation from any person not a party to this action, and if affirmative, identify:

    a.   the name and address of the person who gave the oral statement;

    b.   the date the oral statement was obtained;

    c.   if recorded, the nature of the recording and the present custodian of the recording;

    d.   the name and address of the person who obtained the oral statement;

    e.   all persons present when the oral statement was received; and

    f.   set forth completely the substance of the oral statement.

10. If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:

      a.   the name and address of the person making each said declaration;

      b.   the name and address of the person(s) to whom the declaration was made;

      c.   the nature of the declaration, in detail;

      d.   if the declaration is in writing, attach a copy hereto; and

      e.   the name and address of all person(s) present when the declaration was made.

11. Identify the principal place of business of Banner.

12. Identify the place of incorporation of Banner.

13. Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "The complaint fails to state a cause of action for which relief may be grated against defendant Banner Promotions, Inc." asserted by you in this Action.

14. Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "Venue is improper in the United State District Court for the Southern District of New York" asserted by you in this Action.


15. Set forth, in detail, the factual bases upon which you rely in support of each your third affirmative defense "This Court lacks in personam jurisdiction over defendant Banner Promotions" asserted by you in this Action.


16. Set forth, in detail, the factual bases upon which you rely in support of each your fourth affirmative defense "Defendant Banner Promotions, Inc. is a bona purchaser for value without notice in respect of the assignment on or about July 26, 2000, a copy of which is appended hereto as Exhibit A" asserted by you in this Action.


17. Set forth, in detail, the factual bases upon which you rely in support of your statement, provided in the answer, that "Banner Promotions, Inc. requests judgment dismissing the complaint, granting Banner Promotions, Inc. the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems just and proper."

18. Set forth the reason that the alleged agreement between Banner and Panix Ltd, was not disclosed the District Court of Clark County Nevada any time prior to judgment.

19. State whether any employee of Banner has ever been convicted of a crime, and if so, state where, when and the crime committed of.

20. State whether any employee of Banner has ever been arrested, and if so, state where, when and the crime allegedly committed of.

21. State whether Banner or any principal thereof has ever been rejected upon application to any appropriate state sanctioning body for a boxing promotion license or license issued by a casino regulatory body. If yes, set forth in detail the date of such application and the reason for the denial. Attach copies of all written statements received in conjunction with the rejection.

22. State whether Banner has ever had a boxing license suspended or revoked by any governmental body. If yes, set forth in detail the date of such suspension and/or revocation and the reason for the suspension/revocation. Attach copies of all written statements received in conjunction with the suspension/revocation.

23. State whether Banner has ever voluntarily withdrawn an application for a boxing promoter's license with any governmental body. If yes, set forth in detail the date of such voluntary withdrawal and the reason for withdrawal. Attach copies of all written statements received in conjunction with the voluntary withdrawal of a promoter's license.

24. Identify with whom the alleged notice of assignment, as demonstrated to the District Court, Clark County, Nevada on May 16, 2005, was made.

25. State the dates for which Banner promoted John Ruiz.

26. State whether Banner shared promotional rights with any party during the period in which Banner promoted John Ruiz. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

27. State whether any party to this action shared promotional rights to John Ruiz with Banner. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

28. Set forth, in detail, the relationship between Banner and Panix Ltd. Attach true copies of all documents related to the relationships between Banner and Panix Ltd.

29. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

30. Set forth, in detail the events leading to the alleged assignment of rights to Banner from Panix Ltd. in the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

## CERTIFICATION

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.

_____

Dated:

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

**NEW JERSEY SPORTS PRODUCTIONS, INC** :
**d/b/a MAIN EVENTS**

                           :

       **Plaintiff,**

                           :

**v.**

                           :

**PANOS ELIADES, PANIX PROMOTIONS,**
**LTD., PANIX OF THE U.S., INC., BANNER** :
**PROMOTIONS, INC., DON KING**
**PRODUCTIONS, INC. AND JOHN DOES 1-5** :

       **Defendants.**

                           :

Civil Action No. 06 CV 1509

**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES TO**
**PANOS ELIADES**

---

      **TO:**   Ella A. Kohn, Esq.
               Davidoff Malito & Hutcher LLP
               605 Third Avenue
               New York, New York 10158

DEAR COUNSEL:

     PLEASE TAKE NOTICE, that NEW JERSEY SPORTS PRODUCTIONS, INC. hereby

requests that PANIX OF THE U.S., INC., provide answers to these Interrogatories within the

time and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure.  The

person answering these Interrogatories shall designate which information is not within his or her

personal knowledge and, as to that information, shall state the name, address and phone number

of every person from whom it received, or if the source of the information is documentary, a full description including the location thereof and a true copy thereof.

These Interrogatories are deemed continuing so as to require supplemental answers should one obtain further or supplemental information subsequent to the service of answers. If a privilege not to answer is claimed by you, identify each matter to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim. If an objection is raised to any Interrogatory contained herein, identify in exact detail the nature if the objection and the legal and/or factual basis for each such objection.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May __ , 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

G.     "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

H.     **"Identify"** or **"identity"** mean, when used in reference to:

    (1)     **A natural person, his or her**: full name, present or last known address; present or last known occupation, title, business affiliation and job description at the time relevant to the particular document demand being responded to.

    1)     **A company, corporation, association, partnership, joint venture or legal entity other than a natural person**: its full name; a description of the type of organization or entity; the address of its principal place of business; the jurisdiction of its corporation of organization; and the date of its incorporation or organization;

    2)     **A Document**: its description (for example, letter, memorandum, report, tape, disk); its title, if any; its date; the number of pages thereof (if written); its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation in other than a clerical capacity; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If the document is a contract also set forth the date of the contract, the parties therego, all material terms thereof, all amendments therego, and all accountings related to each contract. If any such document was, but is no longer, in the possession of or subject to the control of You, state what disposition was made of it and when such disposition occurred (in lieu thereof a copy may be provided)

    3)     **An oral communication**: the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made; if by telephone, the identity of each person who made each telephone call, who participated in each telephone call, and the place where each person participating in the telephone call was located, if known; and the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

## INSTRUCTIONS

1. These interrogatories are continuing, and call for prompt further and supplemental information or production whenever the defendant receives or discovers an additional document or information responsive to this request.

2. In answering the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, known by you or in your possession or that of your agents, or your attorneys, or that appears in your records.

3. If you cannot answer interrogatory in full after exercising due diligence to secure the full information, so state, and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what steps were taken in attempting to secure the unknown information.

4. If an interrogatory may be narrowly or broadly construed, you should apply the broadest construction that will produce the most comprehensive response or answer.

5. Unless otherwise indicated, these interrogatories cover the time period of <u>January 1, 1995</u> to the present.

# INTERROGATORIES

1.  Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter. State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person. Attach copies of all written statements received from each such person and copies of documents written by each such person.

2.  Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

3.  Identify all person(s) with knowledge or information concerning the relationship between Banner and Eliades. For each person identified, set forth their name, address and phone number.

4.  Identify all person(s) with knowledge or information concerning the relationship between Eliades and DKP. For each person identified, set forth their name, address and phone number.

5.  Set forth the name, address, telephone number and relationship to any party, of the person or persons, who participated in the preparation of the within responses.

6.  Identify all persons whom you may call at trial as expert witnesses. For each such person, attach a copy of his or her curriculum vitae, and a report or set forth the contents of any oral or written report.

7. Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:

    a. the name and address of the person who gave the written statement;

    b. the date the written statement was obtained;

    c. whether the written statement was signed by the person;

    d. the name and address of all person(s) who obtained the written statement;

    e. if recorded, the nature of the recording and the present custodian of the recording;

    f. attach a copy of all written statements;

    g. set forth completely the substance of the written statement; and

    h. identify all persons present when the written statement was prepared and received.

8. Set forth whether you have obtained an oral statement, relating to any fact or issue in this litigation from any person not a party to this action, and if affirmative, identify:

    a. the name and address of the person who gave the oral statement;

    b. the date the oral statement was obtained;

    c. if recorded, the nature of the recording and the present custodian of the recording;

    d. the name and address of the person who obtained the oral statement;

    e. all persons present when the oral statement was received; and

    f. set forth completely the substance of the oral statement.

9. If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:

    a. the name and address of the person making each said declaration;

    b. the name and address of the person(s) to whom the declaration was made;

    c. the nature of the declaration, in detail;

    d. if the declaration is in writing, attach a copy hereto; and

    e. the name and address of all person(s) present when the declaration was made.

10. Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "The complaint fails to state a claim against Defendants" asserted by you in this Action.

11. Set forth, in detail, the factual bases upon which you rely in support of your statement, provided in the answer, that "Defendants request judgment dismissing the complaint, granting Defendants the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems proper and just."

12. Set forth, in detail, Eliades' role in Panix Ltd., including but not limited to his job title(s), time in position(s), compensation received from Panix Ltd.

13. Set forth, in detail, Eliades' role in Panix Inc., including but not limited to his job title(s), time in position(s), compensation received from Panix Inc.

14. Describe in detail Eliades' educational background, including all schools, colleges or universities attended, dates of attendance and any degrees received.

15. State the dates for which Panix Inc. promoted John Ruiz. Provide copies of all documents related to said promotion(s).

16. State the dates for which Panix, Ltd. promoted John Ruiz.  Provide copies of all documents related to said promotion(s).

17. State whether Panix Inc. and Panix Ltd. shared promotional rights with any party during the period during the promotion of John Ruiz.  If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared.  Attach true copies all documents associated with shared promotional rights.

18. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

19. State when Eliades notified NJSP of the alleged assignment of rights in connection with the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

20. Set forth if you contacted contend that defendant's interests in the Nevada Action was disclosed to plaintiff or its representatives. If so, state when and by whom.

21. Set forth, in detail, when and if, Panix Ltd. notified NJSP of the alleged assignment between Banner and Panix Ltd. in connection with the February 15, 2002 order from the Honorable Harold Baer, in connection with the judgment in the United States Court for the Southern District of New York, Case No. 01 CV 2709 (HB). If so state by whom, to whom, and if in any document, please provide a copy.

## CERTIFICATION

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.

_____

Dated:

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

**NEW JERSEY SPORTS PRODUCTIONS, INC** :    Civil Action No. 06 CV 1509
**d/b/a MAIN EVENTS**

      :

     **Plaintiff,**

      :      **PLAINTIFF'S FIRST**

**v.**       :     **DOCUMENT DEMAND TO**
           **PANOS ELIADES**

      :

**PANOS ELIADES, PANIX PROMOTIONS,**
**LTD., PANIX OF THE U.S., INC., BANNER**      :
**PROMOTIONS, INC., DON KING**
**PRODUCTIONS, INC. AND JOHN DOES 1-5**    :

     **Defendants.**       :

---

      **TO:**     Ella A. Kohn, Esq.
           Davidoff Malito & Hutcher LLP
           605 Third Avenue
           New York, New York 10158

DEAR COUNSEL:

     **PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of PANOS ELIADES individually provide the documents to the enclosed document

demand in the manner and within the time set forth in the rules.

*J. M.*

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11__, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.    All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.    All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.    All deposition transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.    All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.    All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.    All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.    All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.    All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.    All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.    All documents related to any past or present contractual interest in boxer Sam Peter.

11.    Any document showing assets of this defendant from 2000 to present.

12.    All documents related to the promotion of John Ruiz.

13.    All contracts related to the promotion of John Ruiz.

14.    All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

15.    All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

16.    All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

17.    Any expert reports rendered in this matter.

18.    All documents which Eliades contends supports it affirmative defenses.

19.    All documents which Eliades contends supports its claim that this matter should be dismissed with prejudice and Elaides be awarded costs and attorney's fees.

20.    Any document showing assets of this defendant, from the year 2000 to present.

21.    Any documents which you alleged disclosed either Lennox Lewis or New Jersey Sports in the litigation captioned <u>Panix Promotions, Ltd., et al.</u>, Civil Action No. 01 Civ. 2709 (HB) that any Eliades related entity held or holds an interest in:

      a.    Sam Peter

      b.    John Ruiz

      c.    Litigation in the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :**<br>**d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
| : | |
| **Plaintiff,** | |
| : | |
| **v.** | **PLAINTIFF'S FIRST SET OF**<br>**INTERROGATORIES TO** |
| : | **PANIX OF THE U.S., INC.** |
| **PANOS ELIADES, PANIX PROMOTIONS,** | |
| **LTD., PANIX OF THE U.S., INC., BANNER** : | |
| **PROMOTIONS, INC., DON KING** | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
| | |
| **Defendants.** : | |

---

> **TO:**    Ella A. Kohn, Esq.
> Davidoff Malito & Hutcher LLP
> 605 Third Avenue
> New York, New York 10158

DEAR COUNSEL:

PLEASE TAKE NOTICE, that NEW JERSEY SPORTS PRODUCTIONS, INC. hereby

requests that PANIX OF THE U.S., INC., provide answers to these Interrogatories within the

time and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure. The

person answering these Interrogatories shall designate which information is not within his or her

personal knowledge and, as to that information, shall state the name, address and phone number

of every person from whom it received, or if the source of the information is documentary, a full description including the location thereof and a true copy thereof.

These Interrogatories are deemed continuing so as to require supplemental answers should one obtain further or supplemental information subsequent to the service of answers. If a privilege not to answer is claimed by you, identify each matter to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim. If an objection is raised to any Interrogatory contained herein, identify in exact detail the nature if the objection and the legal and/or factual basis for each such objection.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.     "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.     "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.     "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.     "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.     "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.     "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

G.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

H.    **"Identify"** or **"identity"** mean, when used in reference to:

(1)    **A natural person, his or her**: full name, present or last known address; present or last known occupation, title, business affiliation and job description at the time relevant to the particular document demand being responded to.

1)    **A company, corporation, association, partnership, joint venture or legal entity other than a natural person**:  its full name; a description of the type of organization or entity; the address of its principal place of business; the jurisdiction of its corporation of organization; and the date of its incorporation or organization;

2)    **A Document**: its description (for example, letter, memorandum, report, tape, disk); its title, if any; its date; the number of pages thereof (if written); its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation in other than a clerical capacity; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian.  If the document is a contract also set forth the date of the contract, the parties therego, all material terms thereof, all amendments therego, and all accountings related to each contract.  If any such document was, but is no longer, in the possession of or subject to the control of You, state what disposition was made of it and when such disposition occurred (in lieu thereof a copy may be provided)

3)    **An oral communication**: the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made; if by telephone, the identity of each person who made each telephone call, who participated in each telephone call, and the place where each person participating in the telephone call was located, if known; and the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

## INSTRUCTIONS

1. These interrogatories are continuing, and call for prompt further and supplemental information or production whenever the defendant receives or discovers an additional document or information responsive to this request.

2. In answering the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, known by you or in your possession or that of your agents, or your attorneys, or that appears in your records.

3. If you cannot answer interrogatory in full after exercising due diligence to secure the full information, so state, and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what steps were taken in attempting to secure the unknown information.

4. If an interrogatory may be narrowly or broadly construed, you should apply the broadest construction that will produce the most comprehensive response or answer.

5. Unless otherwise indicated, these interrogatories cover the time period of January 1, 1995 to the present.

# INTERROGATORIES

1. Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter. State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person. Attach copies of all written statements received from each such person and copies of documents written by each such person.

2. Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

3. Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Inc. For each person identified, set forth their name, address and phone number.

4. Identify all person(s) with knowledge or information concerning the relationship between Panix Inc. and DKP. For each person identified, set forth their name, address and phone number.

5. Set forth the name, address, telephone number and relationship to any party, of the person or persons, who participated in the preparation of the within responses.

6. Identify all persons whom you may call at trial as expert witnesses. For each such person, attach a copy of his or her curriculum vitae, and a report or set forth the contents of any oral or written report.

7.  Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:

    a.  the name and address of the person who gave the written statement;

    b.  the date the written statement was obtained;

    c.  whether the written statement was signed by the person;

    d.  the name and address of all person(s) who obtained the written statement;

    e.  if recorded, the nature of the recording and the present custodian of the recording;

    f.  attach a copy of all written statements;

    g.  set forth completely the substance of the written statement; and

    h.  identify all persons present when the written statement was prepared and received.

8.  Set forth whether you have obtained an oral statement, relating to any fact or issue in this litigation from any person not a party to this action, and if affirmative, identify:

    a.  the name and address of the person who gave the oral statement;

    b.  the date the oral statement was obtained;

    c.  if recorded, the nature of the recording and the present custodian of the recording;

    d.  the name and address of the person who obtained the oral statement;

    e.  all persons present when the oral statement was received; and

    f.  set forth completely the substance of the oral statement.

9.  If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:

    a.  the name and address of the person making each said declaration;

    b.  the name and address of the person(s) to whom the declaration was made;

    c.  the nature of the declaration, in detail;

    d.  if the declaration is in writing, attach a copy hereto; and

    e.  the name and address of all person(s) present when the declaration was made.

10. Identify the principal place of business of Panix Inc.

11. Identify the place of incorporation of Panix Inc.

12. Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "Neither Mr. Eliades nor Panix U.S. was ever a party to the Nevada Lawsuit or the Notice of Assignment" asserted by you in this Action.

13. Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "The complaint fails to state a claim against Defendants" asserted by you in this Action.

14. Set forth, in detail, the factual bases upon which you rely in support of your statement, provided in the answer, that "Defendants request judgment dismissing the complaint, granting Defendants the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems proper and just."

15. State whether any employee of Panix Inc. has ever been convicted of a crime, and if so, state where, when and the crime committed of.

16. State whether any employee of Panix Inc. has ever been arrested, and if so, state where, when and the crime allegedly committed of.

17. Identify when Panix Inc. learned of the alleged assignment, as demonstrated to the District Court, Clark County, Nevada on May 16, 2005 between Banner and Panix Ltd.

18. State the dates for which Panix Inc. promoted John Ruiz.

19. State whether Panix Inc. shared promotional rights with any party during the period in which Panix Ltd. promoted John Ruiz. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

20. State whether any party to this action shared promotional rights to John Ruiz with Panix Inc. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

21. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

22. State whether Panix Inc., after learning of the alleged assignment of rights in connection with the District Court Case No.: A422631 in the District Court, Clark County, Nevada notified NJSP.

CERTIFICATION

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.

_____

Dated:

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | | |
|---|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** | | Civil Action No. 06 CV 1509 |
| | : | |
|     **Plaintiff,** | | |
| | : | |
| **v.** | : | **PLAINTIFF'S FIRST** <br> **DOCUMENT DEMAND TO** <br> **PANIX OF THE U.S., INC.** |
| | : | |
| **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** | : | |
| **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** | : | |
| | : | |
|     **Defendants.** | : | |

---

       **TO:**   Ella A. Kohn, Esq.
              Davidoff Malito & Hutcher LLP
              605 Third Avenue
              New York, New York 10158

DEAR COUNSEL:

    **PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of PANIX OF THE U.S., INC., individually provide the documents to the enclosed

document demand in the manner and within the time set forth in the rules.

_Jason M. Santarcangelo (JMS 4492)_
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May **11** , 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A. "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B. "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C. "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D. "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.      All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.      All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.      All deposition transcripts relate to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.      All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.      All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.      All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.      All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.      All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.      All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.     All documents related to any past or present contractual interest in boxer Sam Peter.

11.     Any document showing assets of this defendant from 2000 to present.

12.     All documents related to the promotion of John Ruiz.

13.     All contracts related to the promotion of John Ruiz.

14.     All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

15.     All documents related to the alleged assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

16.     All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

17.     Any expert reports rendered in this matter.

18.     All documents which Panix, Inc. contends supports it affirmative defenses.

19.     All documents which Panix, Inc. contends supports its claim that this matter should be dismissed with prejudice and Panix, Inc. be awarded costs and attorney's fees.

20.     Any documents which you alleged disclosed either Lennox Lewis or New Jersey Sports in the litigation captioned Panix Promotions, Ltd., et al., Civil Action No. 01 Civ. 2709 (HB) that any Eliades related entity held or holds an interest in:

     a)     Sam Peter

     b)     John Ruiz

     c)     Litigation in the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

# EXHIBIT B

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

August 10, 2006

Honorable Harold Baer, Jr., USDJ
United States District Court
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

> Re: **New Jersey Sports Productions, Inc.**
> **v. Panos Eliades, et al.**
> **Civil Action No. 06-CV-1509**

Dear Judge Baer:

On July 6, 2006 Your Honor entered an Order relieving counsel and staying all proceedings for thirty days.

The thirty days have elapsed and there has been no appearance of new counsel on behalf of Mr. Eliades or Panix of the U.S., Inc.

At the time the stay was granted there was outstanding overdue discovery from Panix of the U.S. and Mr. Eliades.

Apparently through inadvertence, prior counsel for Mr. Eliades and Panix of the U.S. did not timely copy us on the application to be relieved and we never saw the form of Order until after its entry. We would have suggested certain modifications, but the Order was already entered by the time we saw it.

We request a status conference with the Court because due to the non-appearance on behalf of Eliades and Panix of the U.S. we are in a position of having properly served, overdue discovery with difficulty in enforcing our rights to compel. Also, we believe the discovery schedule should be extended as a result of the stay that the Court granted.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Honorable Harold Baer, Jr., USDJ
**August 10, 2006**
Page 2


Finally, we have outstanding discovery issues with respect to defendant Banner Promotions, as outlined more fully in the attached letter to Mr. Levites. We understand that Mr. Levites has had a death in his family and it may be that the extension requested above will give him time to cure the deficiencies, but to the extent there are disputes regarding the outstanding requests these should be resolved sooner rather than later.

Respectfully submitted,

**DINES AND ENGLISH, L.L.C.**

BY: _____
PATRICK C. ENGLISH

Encls.
/mat
C: Raymond A. Levites, Esq.
   Ella A. Kohn, Esq.
   Panos Eliades
   James J. Binns, Esq.

# DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

973 - 778-7575
FACSIMILE
973 - 778-7633

July 18, 2006

## VIA FACSIMILE (212) 688-0012

Raymond Levites, Esq.
Levites & Associates, LLC
1251 Avenue of Americas
Suite 920
New York, New York 10020

Re:    **New Jersey Sports Productions, Inc. v. Panos Eliades, et. al**
       **Docket No. 06 CV 1509**

Dear Mr. Levites:

Thank you for your letter of July 13, 2006. Per your instructions, I have reviewed my notes from the June 30, 2006 phone conversation regarding discovery in the matter. Although documents have been provided, there was no action on the interrogatories.

I remain particularly concerned about the lack of signature on the certification of the interrogatories. I understand the cases you have presented on the topic, however, none are Second Circuit or Southern District cases and are not binding on this matter. Simply put, we cannot cross examine you regarding responses unless you wish to recuse yourself from the litigation. While we do not believe this is your intent, we would appreciate confirmation in writing on whether or not you intent to recuse yourself from this litigation.

Below is a detailed list of the particular interrogatory items we discussed. If I am mistaken, please let me know.

## Interrogatory Number

1) The answers are incomplete. While some names and numbers are listed, the knowledge of each person listed is not present. During the phone call you indicated that you wold provide further information (ex. Frank Maloney had or has knowledge of the assignment when it was written).

2) The name Jay Malcynski is present but there is no additional information.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond Levites, Esq.
July 18, 2006
Page 2

3) We agreed on the phone to limit the period in question for the Banner/Eliades relationship to the start of the Ruiz relationship, 1997.

4) The documents have demonstrated a relationship between Banner and Panix of the U.S. Inc. Therefore, there should be names, addresses and phone numbers.

5) No Issue.

6) No Issue.

7) No Issue.

8) You asked that NJSP, Inc. provide a writing that NJSP will not argue that Banner has waived its work product privilege if Banner produces materials. Please accept this confirmation.

9) No Issue.

10) You asked that NJSP, Inc. provide a writing that NJSP will not argue that Banner has waived its work product privilege. Please accept this confirmation.

11) No Issue.

12) No Issue.

13) You indicated that you would consider this interrogatory at the end of discovery. We affirm our position that we are asking for facts which must be disclosed and feel it inappropriate to delay response.

14) You indicated that events involving Banner did not occur in the venue. If there are no facts related to events in the venue, then there are no facts. However, if anything related to the subject matter of the suit occurred in the venue then the facts must be disclosed.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond Levites, Esq.
July 18, 2006
Page 3

15) You indicated that there was a lack of personal jurisdiction over Banner. However, we contend that Banner does business in New York and that we would examine all contracts with HBO and Showtime and English Distribution to demonstrate this fact. You indicated that you would discuss this issue with Banner to determine if it would waive the defenses. Otherwise we must pursue this.

16) No Issue.

17) No Issue.

18) No Issue.

19) No Issue.

20) No Issue.

21) Although we had extensive conversation about this interrogatory, and you indicated some information regarding the events surrounding Mohegan Sun, you indicated that you knew nothing about the events in Louisiana. You indicated you would check into these events and provide a response.

22) No issue.

23) Based on our discussion, you indicated that an application had been withdrawn at Mohegan Sun and Foxwoods because Mr. Pelullo was "not a nice person" and not allowed to enter the casino. This information is relevant and needs to be disclosed.

24) No Issue.

25) No Issue.

Turning to the document demand, we appreciate the documents you provided in connection with document demand numbers 1-9. However, I believe that you stated you were going to discuss with Mr. Pelullo whether Banner had any interest, at any time, with Samuel Peter and provide an answer. Additionally, with respect to demand number 11, you indicated that you were going to provide all documents related to John Ruiz's expenses and income and documents reflecting the use of the Inc. or Ltd. by Panos Eliades and Banner. I note that your letter pointed to one document, unsigned, demonstrating the relationship between Banner and Panix of the

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond Levites, Esq.
July 18, 2006
Page 4

U.S., Inc. There maybe additional documents among the disk reflecting this demand but I have not had the opportunity to fully explore all 9000 plus pages submitted. It would be appreciated if those documents requested in demand number eleven are on the disk that you point them out.

We also discussed document demand number fourteen. We indicated that NJSP desired the ability to review original notice of assignment. You indicated that you believed it was facsimile, that there is not facsimile transmittal information and that Panos Eliades drew up the agreement. You further indicated that you would check further into this demand. We did not see any information regarding this demand in the packet that was sent. If there exists no originals, please advise.

Furthermore, we discussed demand number eighteen. You indicated that this demand called for legal conclusions. However, all documents that are relevant to this matter being dismissed should be immediately turned over. If there are no documents, then there are none. However, for a judge to support dismissal there must be some documents that a judge could rely on for a ruling. If there are none at this time then you can supplement later if any documents become available.

With respect to the supplemental demand, you indicated that you would speak with Banner and get copies of the relevant contracts. These are necessary to demonstrate personal jurisdiction and can not be withheld. The July 15, 2006 deadline for this and all information has passed. We have not seen copies of the HBO and Showtime contracts to Banner is a party to. We ask that these contracts be immediately turned over if this defense is to be maintained.

If you have any questions regarding our conversations please let me know.

Very truly yours,

DINES AND ENGLISH, L.L.C.

BY: _____
JASON M. SANTARCANGELO

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : d/b/a **MAIN EVENTS** | Civil Action No. 06 CV 1509 |
| **Plaintiff,**　　　　　　　　　: | |
| **v.**　　　　　　　　　　　　　: | **PLAINTIFF'S FIRST DOCUMENT DEMAND TO BANNER PROMOTIONS, INC.** |
| **PANOS ELIADES, PANIX PROMOTIONS, LTD., PANIX OF THE U.S., INC., BANNER PROMOTIONS, INC., DON KING PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
| **Defendants.**　　　　　　　: | |

---

**TO:**　　Raymond A. Levites, Esq.
　　　　　Levites & Associates, LLC
　　　　　1251 Avenue of Americas, Suite 920
　　　　　New York, New York, 10020

DEAR COUNSEL:

**PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure, Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following documents of BANNER PROMOTIONS, INC. individually provide the documents to the enclosed document demand in the manner and within the time set forth in the rules.

_Jason M. Santarcangelo_ (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.     All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.     All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.     All deposition transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.     All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.     All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.     All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.     All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.     All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.     All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.     All documents related to any past or present contractual interest in boxer Sam Peter.

11.    All documents related to the promotion of John Ruiz.

12.    All contracts related to the promotion of John Ruiz.

13.    All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

14.    All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

15.    All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

16.    Any expert reports rendered in this matter.

17.    All documents which Banner contends supports it affirmative defenses.

18.    All documents which Banner contends supports its claim that this matter should be dismissed with prejudice and Banner be awarded costs and attorney's fees.

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :**<br>**d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
| **Plaintiff,** : | |
| : | **PLAINTIFF'S SECOND** |
| **v.** : | **SUPPLEMENTAL REQUEST FOR** |
| : | **DOCUMENT DEMAND TO BANNER** |
| **PANOS ELIADES, PANIX PROMOTIONS,** : | **PROMOTIONS, INC.** |
| **LTD., PANIX OF THE U.S., INC., BANNER** | |
| **PROMOTIONS, INC., DON KING** : | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
| **Defendants.** : | |

---

**TO:**    Raymond A. Levites, Esq.
Levites & Associates, LLC
1251 Avenue of Americas, Suite 920
New York, New York, 10020

DEAR COUNSEL:

**PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of **BANNER PROMOTIONS, INC.** individually provide the documents to the

enclosed document demand in the manner and within the time set forth in the rules.

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: June 20, 2006

### DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## SUPPLEMENTAL DOCUMENT DEMAND

1.      All contracts between this defendant and HBO from 1997 to present.

2.      All contracts between this defendant and Showtime from 1997 to present.

3.      All contracts between this defendant and English and Company or any company related to Chester English from 1997 to present.

4.      Meeting diaries of all persons authorized to transact business on behalf of Banner Promotions, Inc. from January 1, 2000 to present.

5.      All contract between Banner Promotions, Inc. and DiBella Entertainment.

6.      All correspondence between Banner Promotions, Inc. and the New York Athletic Commission from January 1, 2000 to present.

7.      All correspondence between Banner Promotions, Inc. and HBO from January 1, 2000 to present.

8.      All correspondence between Banner Promotions, Inc. and Showtime from January 1, 2000 to present.

9.      All correspondence between Banner Promotions, Inc. and DiBella Entertainment from January 1, 2000 to present.

10.     All correspondence between Banner Promotions, Inc. and any company associated with Chester English from January 1, 2000 to present.

# EXHIBIT C

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

RECEIVED
AUG 1 1 2006
HAROLD BAER
U.S. DISTRICT JUDGE
S. D. N.Y.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/06

August 10, 2006

Honorable Harold Baer, Jr., USDJ
United States District Court
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

Re: **New Jersey Sports Productions, Inc.
v. Panos Eliades, et al.
Civil Action No. 06-CV-1509**

Dear Judge Baer:

On July 6, 2006 Your Honor entered an Order relieving counsel and staying all proceedings for thirty days.

The thirty days have elapsed and there has been no appearance of new counsel on behalf of Mr. Eliades or Panix of the U.S., Inc.

At the time the stay was granted there was outstanding overdue discovery from Panix of the U.S. and Mr. Eliades.

Apparently through inadvertence, prior counsel for Mr. Eliades and Panix of the U.S. did not timely copy us on the application to be relieved and we never saw the form of Order until after its entry. We would have suggested certain modifications, but the Order was already entered by the time we saw it.

We request a status conference with the Court because due to the non-appearance on behalf of Eliades and Panix of the U.S. we are in a position of having properly served, overdue discovery with difficulty in enforcing our rights to compel. Also, we believe the discovery schedule should be extended as a result of the stay that the Court granted.

Honorable Harold Baer, Jr., USDJ
August 10, 2006
Page 2

Finally, we have outstanding discovery issues with respect to defendant Banner Promotions, as outlined more fully in the attached letter to Mr. Levites. We understand that Mr. Levites has had a death in his family and it may be that the extension requested above will give him time to cure the deficiencies, but to the extent there are disputes regarding the outstanding requests these should be resolved sooner rather than later.

Respectfully submitted,

DINES AND ENGLISH, L.L.C.

BY: _____
PATRICK C. ENGLISH

Encls.
/mat
C: Raymond A. Levites, Esq.
   Ella A. Kohn, Esq.
   Panos Eliades



Endorsement:

I'm captivated by your creative discovery requests but unclear if you think I should respond - where a party fails to answer and whether he is represented or not assuming its a party that must be - the Federal Rules make clear what to do - Do it - if a conference seems more appealing arrange one with Chambers on the <u>Telephone</u>.

United States District Court
For the Southern District of New York

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** <br> : <br> **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** : <br> **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** : <br> : <br> **Defendants.** : | Civil Action No. 06 CV 1509 (HB) <br><br><br> **ORDER TO COMPEL** <br> **PRODUCTION OF** <br> **DOCUMENTS FROM** <br> **PANOS ELIADES AND** <br> **PANIX OF THE U.S., INC** |

---

This cause was heard on Plaintiff's Motion for an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure, requiring Defendants Panos Eliades and Panix of the U.S., Inc. to produce and permit the inspection and copying of or photographing by Plaintiff, New Jersey Sports Productions, Inc. of certain documents, whose production was previously requested by Plaintiff, New Jersey Sports Productions, Inc., and to fully answer interrogatories;

It appearing to the Court that the documents are in the possession, custody or control of Defendant Banner Promotions, Inc., and that they constitute or contain evidence material to matters involved in this action, and that none have been answered;

**IT IS ORDERED** that Defendant Panix of the U.S., Inc. and Panos Eliades each

to produce at the offices of Dines and English, LLC within 30 days of the date of this

order the following documents:

      1.    All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

      2.    All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

      3.    All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

      4.    All documents related to any past or present contractual interest in boxer Sam Peter.

      5.    Any document showing assets of this defendant from 2000 to present.

      6.    All documents related to the promotion of John Ruiz.

      7.    All contracts related to the promotion of John Ruiz.

      8.    All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

      9.    All documents related to the alleged assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

      10.    All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

      11.    Any expert reports rendered in this matter.

      12.    All documents which Panix, Inc. contends supports it affirmative defenses.

      13.    All documents which Panix, Inc. contends supports its claim that this matter should be dismissed with prejudice and Panix, Inc. be awarded costs and attorney's fees.

14. Any documents which you alleged disclosed either Lennox Lewis or New Jersey Sports in the litigation captioned <u>Panix Promotions, Ltd., et al.,</u> Civil Action No. 01 Civ. 2709 (HB) that any Eliades related entity held or holds an interest in:

      a.    Sam Peter

      b.    John Ruiz

      c.    Litigation in the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

**IT IS FURTHER ORDERED** that Defendant Panos Eliades produce at the offices of Dines and English, LLC within 30 days of the date of this order the following documents:

    1. All documents which Eliades contends supports it affirmative defenses.

    2. All documents which Eliades contends supports its claim that this matter should be dismissed with prejudice and Eliades be awarded costs and attorney's fees.

It appearing to the Court that the Defendant Panix of the U.S., Inc. has not provided any answers to the interrogatories and that they constitute or contain evidence material to matters involved in this action;

**IT IS FURTHER ORDERED** that Defendant Panix of the U.S., Inc. and Panos Eliades will each within 30 days of entry of this order provide full and complete written answers to the following interrogatories:

1. Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter. State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person. Attach copies of all written statements received from each such person and copies of documents written by each such person.

2. Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

3.  Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Inc. For each person identified, set forth their name, address and phone number.

4.  Identify all person(s) with knowledge or information concerning the relationship between Panix Inc. and DKP.  For each person identified, set forth their name, address and phone number.

5.  Set forth the name, address, telephone number and relationship to any party, of the person or persons, who participated in the preparation of the within responses.

6.  Identify all persons whom you may call at trial as expert witnesses.  For each such person, attach a copy of his or her curriculum vitae, and a report or set forth the contents of any oral or written report.

7.  Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:
   a.  the name and address of the person who gave the written statement;
   b.  the date the written statement was obtained;
   c.  whether the written statement was signed by the person;
   d.  the name and address of all person(s) who obtained the written statement;
   e.  if recorded, the nature of the recording and the present custodian of the recording;
   f.  attach a copy of all written statements;
   g.  set forth completely the substance of the written statement; and
   h.  identify all persons present when the written statement was prepared and received.

8.  Set forth whether you have obtained an oral statement, relating to any fact or issue in this litigation from any person not a party to this action, and if affirmative, identify:
   a.  the name and address of the person who gave the oral statement;
   b.  the date the oral statement was obtained;
   c.  if recorded, the nature of the recording and the present custodian of the recording;
   d.  the name and address of the person who obtained the oral statement;
   e.  all persons present when the oral statement was received; and
   f.  set forth completely the substance of the oral statement.

9.  If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:
   a.  the name and address of the person making each said declaration;
   b.  the name and address of the person(s) to whom the declaration was made;

    c.  the nature of the declaration, in detail;

    d.  if the declaration is in writing, attach a copy hereto; and

    e.  the name and address of all person(s) present when the declaration was made.

10. Identify the principal place of business of Panix Inc.

11. Identify the place of incorporation of Panix Inc.

12. Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "Neither Mr. Eliades nor Panix U.S. was ever a party to the Nevada Lawsuit or the Notice of Assignment" asserted by you in this Action.

13. Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "The complaint fails to state a claim against Defendants" asserted by you in this Action.

14. Set forth, in detail, the factual bases upon which you rely in support of your statement, provided in the answer, that "Defendants request judgment dismissing the complaint, granting Defendants the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems proper and just."

15. State whether any employee of Panix Inc. has ever been convicted of a crime, and if so, state where, when and the crime committed of.

16. State whether any employee of Panix Inc. has ever been arrested, and if so, state where, when and the crime allegedly committed of.

17. Identify when Panix Inc. learned of the alleged assignment, as demonstrated to the District Court, Clark County, Nevada on May 16, 2005 between Banner and Panix Ltd.

18. State the dates for which Panix Inc. promoted John Ruiz.

19. State whether Panix Inc. shared promotional rights with any party during the period in which Panix Ltd. promoted John Ruiz. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

20. State whether any party to this action shared promotional rights to John Ruiz with Panix Inc. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

21. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

22. State whether Panix Inc., after learning of the alleged assignment of rights in connection with the District Court Case No.: A422631 in the District Court, Clark County, Nevada notified NJSP.

**IT IS FURTHER ORDERED** that Defendant Panos Eliades will within 30 days of entry of this order provide full and complete written answers to the following interrogatories:

1. Set forth, in detail, Eliades' role in Panix Ltd., including but not limited to his job title(s), time in position(s), compensation received from Panix Ltd.

2. Set forth, in detail, Eliades' role in Panix Inc., including but not limited to his job title(s), time in position(s), compensation received from Panix Inc.

3. Describe in detail Eliades' educational background, including all schools, colleges or universities attended, dates of attendance and any degrees received.

4. State the dates for which Panix Inc. promoted John Ruiz. Provide copies of all documents related to said promotion(s).

5. State the dates for which Panix, Ltd. promoted John Ruiz. Provide copies of all documents related to said promotion(s).

6. State whether Panix Inc. and Panix Ltd. shared promotional rights with any party during the period during the promotion of John Ruiz. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

7. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

8. State when Eliades notified New Jersey Sports Productions, Inc. of the alleged assignment of rights in connection with the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9. Set forth if you contacted contend that defendant's interests in the Nevada Action was disclosed to plaintiff or its representatives. If so, state when and by whom.

10. Set forth, in detail, when and if, Panix Ltd. notified NJSP of the alleged assignment between Banner and Panix Ltd. in connection with the February 15, 2002 order from the Honorable Harold Baer, in connection with the judgment in the United States Court for the Southern District of New York, Case No. 01 CV 2709 (HB). If so state by whom, to whom, and if in any document, please provide a copy.

**IT IS FURTHER ORDERED** that Defendants Panos Eliades and Panix of the U.S., Inc. will comply with this order within thirty (30) days following the issuance of it, failing which Plaintiff may bring a motion for contempt or such other relief as maybe appropriate.

_____
Honorable Harold Baer Jr., USDCJ

Dated: October \_\_\_\_, 2006