United States District Court
For the Southern District of New York

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** <br><br> : <br><br> **Plaintiff,** <br><br> : <br> **v.** <br> : <br><br> **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** : <br> **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** : <br><br> **Defendants.** : | Civil Action No. 06 CV 1509 (HB) <br><br> **NOTICE OF MOTION TO** <br> **COMPEL PRODUCTION OF** <br> **REQUESTED DOCUMENTS** |

**PLEASE TAKE NOTICE** that the undersigned attorney for Plaintiff, NEW

JERSEY SPORTS PRODUCTIONS, INC. moves the court, pursuant to Rule 37(a),

Federal Rules of Civil Procedure, for an order directing, the BANNER PROMOTIONS,

INC. to either produce or permit the inspection and copying of documents and to provide

full and responsive answers to interrogatories.

This motion is based on the grounds that the requested documents are proper

objects of discovery and that the BANNER PROMOTIONS, INC. has, although having

been properly requested to do so, refused to produce or permit the inspection and copying

of such documents and failed to provide responsive answers to interrogatories is more

fully shown by the attached certification of Jason M. Santarcangelo, Esq.

Oral Argument is requested.

It is requested that the Court grant any additional relief that it may deem just and proper.

_____
JASON M. SANTARCANGELO (JMS 4492)
DINES AND ENGLISH, L.L.C.
685 Van Houten Avenue
Clifton, New Jersey 07013
Attorney for Plaintiff, New Jersey Sports
Production, Inc.

Dated: October 5 , 2006

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

———

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

———

AARON DINES

(1923-2002)

———

JASON M. SANTARCANGELO

ALSO ADMITTED IN N.Y.

October 5, 2006

Honorable Harold Baer, Jr., USDJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street/Chambers 2230
New York, New York 10007-1312

Re:  **New Jersey Sports Productions, Inc. v. Panos Eliades, et al.**
     **Civil Action No.: 06 CV 1509 (HB)**

Dear Judge Baer:

This office represents Plaintiff, New Jersey Sports Productions, Inc. ("Main Events" or "NJSP"). Please accept this letter in support of our motion to compel discovery in the above captioned matter. Under Rule 37 of the Federal Rules of Civil Procedure we respectfully ask this court to compel the Banner Promotions, Inc. ("Banner") to produce those documents which it either has or is in constructive possession of its attorney's which are clearly relevant to demonstrating the fraud and conspiracy complained of against Main Events.

Rule 37 of the Federal Rules of Civil Procedure states in relevant part:

(a) **Motion for Order Compelling Disclosure or Discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:**
    (2) **Motion.**
        (A) **If a party fails to make disclosure required by Rule 26(a), any other part may move to compel disclosure and for appropriate sanctions. The motion must be include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.**
        Fed.R.Civ.P. 37

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
October 5, 2006
Page 2

The purpose of F.R.C.P. 37 is to require the parties to "make a genuine effort to resolve the dispute" before resorting to a court's involvement. *See* Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 99 (S.D.N.Y. 1997). Counsel for Main Events and Banner have exchanged a series of letters attempting to clarify disputes following a lengthy June 30, 2006 phone conversation. However, to date no additional action or clarification has been provided by Banner or its counsel. The parties have made genuine effort to resolve the discovery dispute prior to the bringing this motion.

The Federal Rules of Civil Procedure provide for liberal pretrial discovery. Rule 26(b)(1) defines the scope of discovery in broad terms:

> **Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26**

This standard has been widely supported by the Supreme Court and the Southern District of New York. The Supreme Court has stated that the relevance standard as being wide enough in scope "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or maybe in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted). *See also* Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d. Cir. 1991) ("This obviously broad rule [26(b)(1)] is liberally construed"); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y.1988) (term "reasonably calculated" in the quoted Rule 26(b)(1) means any possibility that the information sought may be relevant to the subject matter of the action) (internal citations omitted); Westhemco Ltd. v. N.H. Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979) (Discovery is relevant where there is "any possibility that the information sought may be relevant to the subject matter of the action.").

The discovery dispute between Main Events and Banner center around three issues. Banner's failure to provide the documents demanded; Banner's failure to answer the interrogatories and Banner's failure to sign the interrogatories.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

**The Honorable Harold Baer, Jr., U.S.M.J.**
**October 5, 2006**
**Page 3**

The requested documents are relevant and should be produced immediately or provided for inspection for the following reasons. Simply put, Main Events is alleging fraud and conspiracy on a creditor. All of the requested documents are relevant and can lead to admissible evidence. Therefore, the discovery requests being reasonably calculated to determine if the complained of fraud and conspiracy were committed.

In document demand number 10, Main Events requested "All documents related to any past or present contractual interest in boxer Sam Peter." Mr. Levites has indicated that he would be speak with his client regarding whether Banner has had any interest, at any time, with Samuel Peter and provide the appropriate documents or an answer that Banner had no interest have not been provided and one must be provided.

Document Demands numbers 11, 12, and 13 all relate to the promotion of John Ruiz by Banner and its co-promoter status with Panix of the U.S., Inc. Banner has failed to provide all documents related to the promotion of John Ruiz. Main Events has particularly asked for those documents related to the expenses and income and those documents reflecting the use of "Inc." or "Ltd." by Panos Eliades', his companies and Banner. No further documents have been provided nor has an answer that Banner does not possess any documents been provided. Again, an answer must be provided.

Document Demand number 14 asks for "All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada." The original alleged "notice of assignment" has not been provided nor produced for inspection. Mr. Levites has indicated that he believed it was a facsimile, and that there was no facsimile transmittal information but has not confirmed this information nor produced the original. Answer is required.

Document Demand numbers 17 and 18 relate to Banner's affirmative defenses, as plead in the answer and for all documents which Banner contends supports its claim that this matter should be dismissed with prejudice. Mr. Levites has claimed that the demands call for legal conclusions. However, Main Events contends that all documents that are relevant to this matter being dismissed should be provided as they are relevant. Therefore an answer must be provided.

The supplemental document demand (attached as exhibit B to the Certification of Jason M. Santarcangelo) to Banner requests documents that Main Events believes will demonstrate personal jurisdiction connections between Banner and this Court. No documents have been produced. Additionally no responses to the question have been provided.

The interrogatories are not complete. Answers must be supplied by Banner.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
October 5, 2006
Page 4

Interrogatory number 1 asks for the names, addresses, and occupations of all persons have knowledge of any relevant facts relating to the matter. The instructions indicate that the answer should include the source of knowledge of each person and the facts the person knows. Five names are listed. Only two, Mr. Pelullo, the principal of Banner and Harry Paul Marquis, Esq., Nevada Council, have complete address/phone information. Not a single answer indicates what the person knows or the source of the knowledge. The answers are incomplete. While some names and numbers are listed, the knowledge of each person listed is not present. During the phone call of June 30, 2006 Mr. Levites indicated that he would provide further information (ex. Frank Maloney had or has knowledge of when the alleged assignment was written). No further information has been provided. The information must be provided.

In interrogatory number two which asks the name of each person who has knowledge of or information concerning relevant documents, as well as there name/address/phone number. Banner has only provided the name of Jay Malcynski, Esq. and a note that states "see the responses to no.1." No additional information has been provided. Answer number two is incomplete and again, relevant to the action. Answers such as these are not responsive. An answer must be given.

Banner provided limited answers to question 3 which relates to persons who can speak about the relationship between Mr. Eliades and Banner but objected to the question being overbroad. Both parties agreed during the June 30 phone conversation to limit the period in question for the Banner/Eliades relationship to the start of the Ruiz relationship, 1997 to present. Again, no additional information has been submitted. An answer needs to be supplied.

Interrogatory number 4 does not provide a complete answer. It asks about the relationship between Banner and Panix Promotions, Ltd. However, a few names and telephone numbers with a two addresses (Mr. Pelullo and Mr. Marquis) are listed. The information provided is incomplete at best and needs to be provided. Banner provides six names, all with phone numbers. Only two names, those of Mr. Pelullo, principal of Banner Promotions, and Harry Paul Marquis, Esq. have complete address information. Banner has demonstrated its understanding and ability to answer the question. However, we have yet to receive the additional information of the remaining individuals. Banner needs to supply an answer.

Mr. Levites has stated that interrogatories number eight and ten are overly broad and calls for attorney work product. Interrogatory number 8 asks if Banner has ever "obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action." While interrogatory number 13 asks generally about oral and/or written statements against interest. Despite objection on the basis of attorney work product, Banner has not produced a privilege log. Alternatively, Mr. Levites has asked that Main Events would not argue that Banner has waived its work product privilege if Banner was to produce an answer and all

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

**The Honorable Harold Baer, Jr., U.S.M.J.**
**October 5, 2006**
**Page 5**

relevant written statements as the question calls for.   Main Events provided that written assurance in a July 18, 2006 letter (attached to the Certification of Jason M. Santarcangelo as exhibit 15).  To date no privilege log or statements have been provided to Main Events.  Either an answer or a privilege log needs to be given.

In interrogatory number 13 Main Events asks Banner to "Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "The complaint fails to state a cause of action for which relief may be granted against defendant Banner Promotions, Inc." asserted by you in this Action."  Mr. Levites indicated that he would consider this interrogatory at the end of discovery.  We assert that this interrogatory is relevant and the information must be immediately disclosed.

Interrogatory  number 14 asks Banner to "Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "Venue is improper in the United State District Court for the Southern District of New York" asserted by you in this Action."  Mr. Levites has indicated that events involving Banner did not occur in the venue.  If anything related to the subject matter of the suit occurred in the venue then the facts must be disclosed. On the other hand, if there are no facts related to events in the venue, then nothing needs to be disclosed.  No answer affirming or denying the affirmative defense has been given. One must be given.

Interrogatory number 15 asks Banner to "Set forth, in detail, the factual bases upon which you rely in support of each your third affirmative defense "This Court lacks in personam jurisdiction over defendant Banner Promotions" asserted by you in this Action."  Mr. Levites indicated that there was a lack of personal jurisdiction over Banner.  However, upon information and belief Main Events contends that Banner does business in New York and that all contracts with HBO and Showtime, as examples, would demonstrate this fact.  Mr. Levites indicated that he would discuss this issue with Banner.  Still, no answer has been provided and one must be.

Interrogatory question number 21 asks "whether Banner or any principal thereof has ever been rejected upon application to any appropriate state sanctioning body for a boxing promotion license or license issued by a casino regulatory body."  During our June 30 phone conversation, Mr. Levites indicated he knew some information regarding the events surrounding Mohegan Sun. Mr. Levites also indicated that he knew nothing about the events in Louisiana.  It is evident there is information which needs to be disclosed.  However, no answer has been provided. Banner must provide an answer.

In interrogatory number 22 Banner is asked if it "has ever had a boxing license suspended or revoked by any governmental body."  Mr. Levites during our phone conversation of June 30, indicated that the technical answer is no.  Mr. Levites stated that Mr. Pelullo is not allowed into

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
October 5, 2006
Page 6

the casino. This is clear evidence that there is information is available. Yet no information has been provided. An answer is required.

Finally, in interrogatory number 23, Banner is asked if it "has ever voluntarily withdrawn an application for a boxing promoter's license with any governmental body." Mr. Levites has indicated that an application for licensure had been withdrawn at Mohegan Sun and Foxwoods because Mr. Pelullo was "not a nice person" and that Mr. Pelullo is not allowed to enter the casino. There is a clear indication that there is information. However, no written information has been provided. Banner is obligated to provide an answer.

Counsel for Banner will surely point to case law from Courts such as the Fourth Circuit and Tenth Circuit that counsel for a corporation may respond to and certify interrogatories as an authorized "agent" of the corporation. We do not believe that Mr. Levites intends to recuse himself from the litigation to make himself available for cross-examination regarding the interrogatory responses. If it is the intent of trial counsel to make himself a witness in this matter, we will accept his signature. However, we do not believe this to be the intent of Banner's counsel. Rather, we suggest that the interrogatories be signed by an officer, director or managing agent or case law binding on this Court be presented.

The accompanying certification of Jason M. Santarcangelo demonstrates that a good faith attempt has been made to confer with counsel for Banner and resolve the discovery dispute without court action as required by Local Rule 37(2). The dispute has also been brought to the attention of the Judge Baer on August 10 and again on August 17 when letters were written to him by counsel for Main Events and Banner, respectively. Judge Baer instructed the parties to bring a motion to compel.

It is respectfully requested that the Court grant the motion to compel discovery in accordance with Rule 37 of the Federal Rules of Civil Procedure, requiring Banner to provide Main Events with the requested answers to interrogatories and responsive documents.

Respectfully submitted,

DINES AND ENGLISH, L.L.C.

BY: _____
JASON M. SANTARCANGELO

United States District Court
For the Southern District of New York

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | | |
|---|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** :<br>**d/b/a MAIN EVENTS** | | Civil Action No. 06 CV 1509 (HB) |
| | : | |
| **Plaintiff,** | | **CERTIFICATION OF JASON** |
| | : | **M. SANTARCANGELO IN** |
| **v.** | | **SUPPORT OF MOTION TO** |
| | : | **COMPEL DISCOVERY FROM** |
| **PANOS ELIADES, PANIX PROMOTIONS,** | | **BANNER PROMOTIONS, INC.** |
| **LTD., PANIX OF THE U.S., INC., BANNER** | : | |
| **PROMOTIONS, INC., DON KING** | | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5** | : | |
| | | |
| **Defendants.** | : | |

---

**JASON M. SANTARCANGELO** being of age, hereby certifies:

1) I am an attorney for plaintiff in the above-entitled action.

2) On February 22, 2006, the plaintiff, New Jersey Sports Productions, Inc. ("Main Events") brought suit against the Defendants.

3) This is an action recover an unsatisfied judgment where Panix of the U.S., Inc., Panix Promotions, Ltd. and Panos Eliades (collectively "Panix Parties") where the Panix Parties were found guilty by a jury of racketeering, fraud, breach of contract and breach of fiduciary duty. Main Events asserts that an alleged assignment between Banner and the Panix Parties, in which the Panix Parties have given away ninety percent of the potential profits from a law suit in the District Court of Clark County, Nevada, was done in violation of this Court's Order (requiring disclosure of all assets) and violated numerous code provisions prohibiting fraudulent transfer, and is otherwise void.

4) Main Events asserts various claims against Banner, the Panix Parties and John Does including of fraud on a creditor, conspiracy and contempt of court.

5) On May 11, 2006 Main Events by way of his attorneys' submitted interrogatories and document demands were hand delivered to Raymond A. Levites, Esq. for Banner Promotions, and Ella Argaman Kohn, Esq, for Panos Eliades and Panix of the United States. On May 12, 2006 a second document demand (with a single demand) was sent to Banner. The interrogatories and document demands to Banner Promotions are incorporated by reference. *See* Exhibit A.

6) Panix Promotions Ltd. failed to make an appearance in the case and default was granted on July 5, 2006.

7) On July 6, 2006, Counsel for Panos Eliades and Panix of the U.S. was relieved as counsel for the defendants. A thirty (30) day stay was also granted.

8) Panos Eliades and Panix of the United States have not noticed counsel or the Court of new counsel.

9) On September 29, 2006, Main Events filed an amended complaint to make clear that among the forms of relief requested is the voiding of any fraudulent transfers, relief available under New York Debtor Creditor Law. The amended complaint additionally clarifies time periods, provides minor textural corrections, or updates facts developed after the filing of the Complaint. This motion has not been heard.

10) On June 12, 2006, counsel for Banner requested an extension until June 16 to provide discovery which was given by Main Events counsel.

11) On June 20, 2006 counsel for Main Events and Banner Promotions exchanged a series of letters regarding 1) the signature of Mr. Levites as an "authorized agent of Banner Promotions" on the certification of the interrogatories; 2) Banner's interrogatory answers; and 3) the assertion that Banner does not do business in New York. Consequently, Main Events sent Mr. Levites as counsel for Banner a supplemental document demand which attempts to find documents that show Banner does business in New York. These letters and the supplemental demand are incorporated by reference. *See* Exhibit B.

12) On June 29, 2006 Main Events by way of counsel wrote to Mr. Levites, counsel for Banner, with a courtesy reminder that certain discovery issues were still outstanding and needed to be resolved when he returned from bereavement leave.

13) On June 30, 2006, Mr. English and I as counsel for Main Events had a conference call with Mr. Levites to discuss the outstanding discovery issues. Mr. Levites stated that he would comply with certain requests within ten days of July 5, 2006.

14) On July 13, 2006 Mr. Levites sent an "initial production of documents and materials in respect of your document demand." This letter is incorporated by reference. *See* Exhibit C (letter only included).

15) On July 18, 2006 I sent to a letter response to Mr. Levites letter of July 13 indicating that although some documents had been provided, there was no action on the interrogatories. This letter is incorporated by reference. *See* Exhibit D.

16) On August 10, 2006, Mr. English pursuant to the Southern District of New York's local rule 37.2 wrote to Judge Baer to bring to the Court's attention that: 1) no appearance of new counsel on behalf of Mr. Eliades or Panix of the U.S. had been made; 2) No discovery from either Mr. Eliades or Panix of the U.S. has been forwarded; and 3) that Main Events was having discovery issues with Banner. *See* Exhibit E.

17) Judge Baer endorsed the letter on August 21, 2006 stating that "the Federal Rules make clear what to do- Do it." *See* Exhibit F.

18) On August 17, 2006 Mr. Levites wrote the Court asking the Court to grant a conference with Judge Baer. *See* Exhibit G.

19) Judge Baer endorsed the letter on August 29, 2006 stating in part, "I am not clear what can be accomplished that can't be resolved in a motion or even a letter brief." *See* Exhibit H.

20) The interrogatories presented to defendant Banner Promotions, the answers to which constitute or contain evidence relevant to matters in this action have not been provided in all instances. The disputed interrogatories in this matter are:

    a. A Representative of defendant Banner Promotions has not signed them; they were signed by counsel who cannot be cross examined on the content.

    b. As to each particular interrogatory (*See* Exhibit A):

Interrogatory #1
Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter. State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person. Attach copies of all written statements received from each such person and copies of documents written by each such person.
Current Situation: The answers are incomplete. While some names and numbers are listed, the knowledge of each person listed is not present. During the phone call of June 30, 2006 Mr. Levites indicated that he would provide further information (ex. Frank Maloney had or has knowledge of when the alleged assignment was written). No further information has been provided.

Interrogatory #2
Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned

matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.
Current Situation: The name Jay Malcynski is present but there is no additional information. No additional information has been provided.

Interrogatory #3
Identify all person(s) with knowledge or information concerning the relationship between Banner and Eliades. For each person identified, set forth their name, address and phone number.
Current Situation: Both parties agreed during the June 30 phone conversation to limit the period in question for the Banner/Eliades relationship to the start of the Ruiz relationship, 1997 to present. Again, no additional information has been submitted.

Interrogatory #4
Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Ltd. For each person identified, set forth their name, address and phone number.
Current Situation: Banner provides six names, all with phone numbers. Only two names, those of Mr. Pelullo, principal of Banner Promotions, and Harry Paul Marquis, Esq. have complete address information. Banner has demonstrated its understanding and ability to answer the question. However, we have yet to receive the additional information of the remaining individuals.

Interrogatory #8
Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:
   a. the name and address of the person who gave the written statement;
   b. the date the written statement was obtained;
   c. whether the written statement was signed by the person;
   d. the name and address of all person(s) who obtained the written statement;
   e. if recorded, the nature of the recording and the present custodian of the recording;
   f. attach a copy of all written statements;
   g. set forth completely the substance of the written statement; and
   h. identify all persons present when the written statement was prepared and received.
Current Situation: Mr. Levites asked that NJSP, Inc. provide a writing that NJSP will not argue that Banner has waived its work product privilege if Banner produces materials. We have given confirmation in the July 18, 2006 letter to Mr. Levites, but the documents were still not produced. Neither the documents nor a privilege log have been produced.

Interrogatory #10
If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:
   a. the name and address of the person making each said declaration;

b.  the name and address of the person(s) to whom the declaration was made;
c.  the nature of the declaration, in detail;
d.  if the declaration is in writing, attach a copy hereto; and
e.  the name and address of all person(s) present when the declaration was made.

<u>Current Situation</u>: It was asked that NJSP, Inc. provide a writing to Banner that NJSP will not argue that Banner has waived its work product privilege. Confirmation was given in the July 18, 2006 letter to Mr. Levites, but the documents were still not produced. Additionally, a privilege log was not produced.

Interrogatory #13
Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "The complaint fails to state a cause of action for which relief may be granted against defendant Banner Promotions, Inc." asserted by you in this Action.
<u>Current Situation</u>: Mr. Levites indicated that he would consider this interrogatory at the end of discovery. We assert that this interrogatory is relevant and the information must be disclosed.

Interrogatory #14
Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "Venue is improper in the United State District Court for the Southern District of New York" asserted by you in this Action.
<u>Current Situation</u>: Mr. Levites indicated that events involving Banner did not occur in the venue. If anything related to the subject matter of the suit occurred in the venue then the facts must be disclosed. On the other hand, if there are no facts related to events in the venue, then nothing needs to be disclosed. No answer affirming or denying the affirmative defense has been given.

Interrogatory #15
Set forth, in detail, the factual bases upon which you rely in support of each your third affirmative defense "This Court lacks in personam jurisdiction over defendant Banner Promotions" asserted by you in this Action.
<u>Current Situation</u>: Mr. Levites indicated that there was a lack of personal jurisdiction over Banner. However, upon information and belief Main Events contends that Banner does business in New York and that all contracts with HBO and Showtime, as examples, would demonstrate this fact. Mr. Levites indicated that he would discuss this issue with Banner. Still, no answer has been provided.

Interrogatory #21
State whether Banner or any principal thereof has ever been rejected upon application to any appropriate state sanctioning body for a boxing promotion license or license issued by a casino regulatory body. If yes, set forth in detail the date of such application and the reason for the denial. Attach copies of all written statements received in conjunction with the rejection.
<u>Current Situation</u>: During our June 30 phone conversation, Mr. Levites indicated he knew some information regarding the events surrounding Mohegan Sun. Mr. Levites also

indicated that he knew nothing about the events in Louisiana. It is evident there is information which needs to be disclosed. However, no answer has been provided.

Interrogatory #22

State whether Banner has ever had a boxing license suspended or revoked by any governmental body. If yes, set forth in detail the date of such suspension and/or revocation and the reason for the suspension/revocation. Attach copies of all written statements received in conjunction with the suspension/revocation.

Current Situation: Mr. Levites during our phone conversation of June 30, indicated that the technical answer is no. Mr. Levites stated that Mr. Pelullo is not allowed into the casino. This is clear evidence that there is information is available. Still no information has been provided.

Interrogatory #23

State whether Banner has ever voluntarily withdrawn an application for a boxing promoter's license with any governmental body. If yes, set forth in detail the date of such voluntary withdrawal and the reason for withdrawal. Attach copies of all written statements received in conjunction with the voluntary withdrawal of a promoter's license.

Current Situation: Mr. Levites indicated that an application for licensure had been withdrawn at Mohegan Sun and Foxwoods because Mr. Pelullo was "not a nice person" and that Mr. Pelullo is not allowed to enter the casino. There is a clear indication that there is information. However, no information has been provided.

21) The documents requested are in possession and control or custody of defendant and constitute or contain evidence relevant to the matters involved in this action.

22) The disputed issues concerning the document demand (*See* Exhibits A & B) are:

Document Demand #10

All documents related to any past or present contractual interest in boxer Sam Peter.

Current Situation: Mr. Levites has indicated that he would be speak with his client regarding whether Banner has had any interest, at any time, with Samuel Peter and provide the appropriate documents or an answer that Banner had no interest.

Document Demands #11/12/13

11. All documents related to the promotion of John Ruiz.

12. All contracts related to the promotion of John Ruiz.

13. All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

Current Situation: Banner has not provided all documents related to the promotion of John Ruiz. Main Events has particularly asked for those documents related to the expenses and income and those documents reflecting the use of "Inc." or "Ltd." by Panos Eliades and Banner.

Document Demand #14

All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.
Current Situation: The original alleged "notice of assignment" has not been provided nor produced for inspection. Mr. Levites has indicated that he believed it was a facsimile, and that there was no facsimile transmittal information but has not confirmed this information nor produced the original.

Document Demand #17/18
17. All documents which Banner contends supports it's affirmative defenses.
18. All documents which Banner contends supports its claim that this matter should be dismissed with prejudice and Banner be awarded costs and attorney's fees.
Current Situation: Mr. Levites has claimed that the demands call for legal conclusions. However, Main Events contends that all documents that are relevant to this matter being dismissed should be provided as they are relevant.

Supplemental Demand
1. All contracts between this defendant and HBO from 1997 to present.

2. All contracts between this defendant and Showtime from 1997 to present.

3. All contracts between this defendant and "English and Company" or any company related to Chester English from 1997 to present.

4. Meeting diaries of all persons authorized to transact business on behalf of Banner Promotions, Inc. from January 1, 2000 to present.

5. All contract between Banner Promotions, Inc. and DiBella Entertainment.

6. All correspondence between Banner Promotions, Inc. and the New York Athletic Commission from January 1, 2000 to present.

7. All correspondence between Banner Promotions, Inc. and HBO from January 1, 2000 to present.

8. All correspondence between Banner Promotions, Inc. and Showtime from January 1, 2000 to present.

9. All correspondence between Banner Promotions, Inc. and DiBella Entertainment from January 1, 2000 to present.

10. All correspondence between Banner Promotions, Inc. and any company associated with Chester English from January 1, 2000 to present.

Current Situation (with respect to the supplemental demand): No documents have been produced. All requested documents are relevant to demonstrate personal jurisdiction, that Banner does business in New York and can not be withheld.

23) In order to properly present evidence regarding its complaint against the Panix Parties and Banner Promotions, Main Events needs to have the interrogatories answered and signed and disputed documents produced or have the right to inspect and copy the above motioned documents. The information is valuable to demonstrate that Banner does business in New York (sufficient to establish personal jurisdiction) that Banner has participated in fraud and conspiracy on Main Events a creditor.

JASON M. SANTARCANGELO

DATE: October 5, 2006

# EXHIBIT A

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :**<br>**d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
|         **Plaintiff,** : | |
| **v.** : | **PLAINTIFF'S FIRST**<br>**DOCUMENT DEMAND TO** |
| : | **BANNER PROMOTIONS, INC.** |
| **PANOS ELIADES, PANIX PROMOTIONS,**<br>**LTD., PANIX OF THE U.S., INC., BANNER** : | |
| **PROMOTIONS, INC., DON KING**<br>**PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
|         **Defendants.** : | |

---

**TO:**    Raymond A. Levites, Esq.
Levites & Associates, LLC
1251 Avenue of Americas, Suite 920
New York, New York, 10020

DEAR COUNSEL:

**PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of BANNER PROMOTIONS, INC. individually provide the documents to the

enclosed document demand in the manner and within the time set forth in the rules.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft.  It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.    All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.    All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.    All deposition transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.    All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.    All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.    All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.    All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.    All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.    All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.    All documents related to any past or present contractual interest in boxer Sam Peter.

11.    All documents related to the promotion of John Ruiz.

12.    All contracts related to the promotion of John Ruiz.

13.    All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

14.    All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

15.    All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

16.    Any expert reports rendered in this matter.

17.    All documents which Banner contends supports it affirmative defenses.

18.    All documents which Banner contends supports its claim that this matter should be dismissed with prejudice and Banner be awarded costs and attorney's fees.

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :**<br>**d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
| : | |
|     **Plaintiff,** | |
| : | |
| **v.** : | **PLAINTIFF'S SECOND**<br>**DOCUMENT DEMAND TO** |
| : | **BANNER PROMOTIONS, INC.** |
| **PANOS ELIADES, PANIX PROMOTIONS,** | |
| **LTD., PANIX OF THE U.S., INC., BANNER** : | |
| **PROMOTIONS, INC., DON KING** | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
| | |
|     **Defendants.** : | |

      **TO:**   Raymond A. Levites, Esq.
           Levites & Associates, LLC
           1251 Avenue of Americas, Suite 920
           New York, New York, 10020

DEAR COUNSEL:

    **PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure, Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following documents of BANNER PROMOTIONS, INC. individually provide the documents to the enclosed document demand in the manner and within the time set forth in the rules.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 12, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.     "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.     "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.     "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.     "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.     "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.    All documents related to applications by Banner or its principals for licensure with any Casino Control Commission.

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

**NEW JERSEY SPORTS PRODUCTIONS, INC** :
**d/b/a MAIN EVENTS**
                                 :

    **Plaintiff,**

                                   :

**v.**
                                   :

**PANOS ELIADES, PANIX PROMOTIONS,**
**LTD., PANIX OF THE U.S., INC., BANNER**  :
**PROMOTIONS, INC., DON KING**
**PRODUCTIONS, INC. AND JOHN DOES 1-5** :

    **Defendants.**
                                  :

Civil Action No. 06 CV 1509

**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES TO**
**BANNER PROMOTIONS, INC.**

---

      **TO:**    Raymond A. Levites, Esq.
               Levites & Associates, LLC
               1251 Avenue of Americas, Suite 920
               New York, New York, 10020

DEAR COUNSEL:

PLEASE TAKE NOTICE, that NEW JERSEY SPORTS PRODUCTIONS, INC. hereby

requests that BANNER PROMOTIONS, INC., provide answers to these Interrogatories within

the time and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure. The

person answering these Interrogatories shall designate which information is not within his or her

personal knowledge and, as to that information, shall state the name, address and phone number

of every person from whom it received, or if the source of the information is documentary, a full description including the location thereof and a true copy thereof.

These Interrogatories are deemed continuing so as to require supplemental answers should one obtain further or supplemental information subsequent to the service of answers. If a privilege not to answer is claimed by you, identify each matter to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim. If an objection is raised to any Interrogatory contained herein, identify in exact detail the nature if the objection and the legal and/or factual basis for each such objection.

Jason M. Santangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May ll____, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

G.     "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

H.     **"Identify"** or **"identity"** mean, when used in reference to:

     (1)     **A natural person, his or her**: full name, present or last known address; present or last known occupation, title, business affiliation and job description at the time relevant to the particular document demand being responded to.

     1)     **A company, corporation, association, partnership, joint venture or legal entity other than a natural person**:  its full name; a description of the type of organization or entity; the address of its principal place of business; the jurisdiction of its corporation of organization; and the date of its incorporation or organization;

     2)     **A Document**: its description (for example, letter, memorandum, report, tape, disk); its title, if any; its date; the number of pages thereof (if written); its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation in other than a clerical capacity; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian.  If the document is a contract also set forth the date of the contract, the parties thereto, all material terms thereof, all amendments thereto, and all accountings related to each contract.  If any such document was, but is no longer, in the possession of or subject to the control of You, state what disposition was made of it and when such disposition occurred (in lieu thereof a copy may be provided)

     3)     **An oral communication**: the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made; if by telephone, the identity of each person who made each telephone call, who participated in each telephone call, and the place where each person participating in the telephone call was located, if known; and the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

## INSTRUCTIONS

1. These interrogatories are continuing, and call for prompt further and supplemental information or production whenever the defendant receives or discovers an additional document or information responsive to this request.

2. In answering the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, known by you or in your possession or that of your agents, or your attorneys, or that appears in your records.

3. If you cannot answer interrogatory in full after exercising due diligence to secure the full information, so state, and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what steps were taken in attempting to secure the unknown information.

4. If an interrogatory may be narrowly or broadly construed, you should apply the broadest construction that will produce the most comprehensive response or answer.

5. Unless otherwise indicated, these interrogatories cover the time period of January 1, 1995 to the present.

## INTERROGATORIES

1.  Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter.  State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person.  Attach copies of all written statements received from each such person and copies of documents written by each such person.

2.  Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

3.  Identify all person(s) with knowledge or information concerning the relationship between Banner and Eliades.  For each person identified, set forth their name, address and phone number.

4. Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Ltd. For each person identified, set forth their name, address and phone number.

5. Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Inc. For each person identified, set forth their name, address and phone number.

6. Set forth the name, address, telephone number and relationship to any party, of the person or persons, who participated in the preparation of the within responses.

7. Identify all persons whom you may call at trial as expert witnesses. For each such person, attach a copy of his or her curriculum vitae, and a report or set forth the contents of any oral or written report.

8. Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:

    a. the name and address of the person who gave the written statement;

    b. the date the written statement was obtained;

c.  whether the written statement was signed by the person;

d.  the name and address of all person(s) who obtained the written statement;

e.  if recorded, the nature of the recording and the present custodian of the recording;

f.  attach a copy of all written statements;

g.  set forth completely the substance of the written statement; and

h.  identify all persons present when the written statement was prepared and received.

9.  Set forth whether you have obtained an oral statement, relating to any fact or issue in this litigation from any person not a party to this action, and if affirmative, identify:

a.  the name and address of the person who gave the oral statement;

b.  the date the oral statement was obtained;

c.  if recorded, the nature of the recording and the present custodian of the recording;

d.  the name and address of the person who obtained the oral statement;

e.  all persons present when the oral statement was received; and

f.  set forth completely the substance of the oral statement.

10. If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:

      a.   the name and address of the person making each said declaration;

      b.   the name and address of the person(s) to whom the declaration was made;

      c.   the nature of the declaration, in detail;

      d.   if the declaration is in writing, attach a copy hereto; and

      e.   the name and address of all person(s) present when the declaration was made.

11. Identify the principal place of business of Banner.

12. Identify the place of incorporation of Banner.

13. Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "The complaint fails to state a cause of action for which relief may be grated against defendant Banner Promotions, Inc." asserted by you in this Action.

14. Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "Venue is improper in the United State District Court for the Southern District of New York" asserted by you in this Action.

15. Set forth, in detail, the factual bases upon which you rely in support of each your third affirmative defense "This Court lacks in personam jurisdiction over defendant Banner Promotions" asserted by you in this Action.

16. Set forth, in detail, the factual bases upon which you rely in support of each your fourth affirmative defense "Defendant Banner Promotions, Inc. is a bona purchaser for value without notice in respect of the assignment on or about July 26, 2000, a copy of which is appended hereto as Exhibit A" asserted by you in this Action.

17. Set forth, in detail, the factual bases upon which you rely in support of your statement, provided in the answer, that "Banner Promotions, Inc. requests judgment dismissing the complaint, granting Banner Promotions, Inc. the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems just and proper."

18. Set forth the reason that the alleged agreement between Banner and Panix Ltd, was not disclosed the District Court of Clark County Nevada any time prior to judgment.

19. State whether any employee of Banner has ever been convicted of a crime, and if so, state where, when and the crime committed of.

20. State whether any employee of Banner has ever been arrested, and if so, state where, when and the crime allegedly committed of.

21. State whether Banner or any principal thereof has ever been rejected upon application to any appropriate state sanctioning body for a boxing promotion license or license issued by a casino regulatory body. If yes, set forth in detail the date of such application and the reason for the denial. Attach copies of all written statements received in conjunction with the rejection.

22. State whether Banner has ever had a boxing license suspended or revoked by any governmental body.  If yes, set forth in detail the date of such suspension and/or revocation and the reason for the suspension/revocation.  Attach copies of all written statements received in conjunction with the suspension/revocation.

23. State whether Banner has ever voluntarily withdrawn an application for a boxing promoter's license with any governmental body. If yes, set forth in detail the date of such voluntary withdrawal and the reason for withdrawal. Attach copies of all written statements received in conjunction with the voluntary withdrawal of a promoter's license.

24. Identify with whom the alleged notice of assignment, as demonstrated to the District Court, Clark County, Nevada on May 16, 2005, was made.

25. State the dates for which Banner promoted John Ruiz.

26. State whether Banner shared promotional rights with any party during the period in which Banner promoted John Ruiz. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

27. State whether any party to this action shared promotional rights to John Ruiz with Banner. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

28. Set forth, in detail, the relationship between Banner and Panix Ltd. Attach true copies of all documents related to the relationships between Banner and Panix Ltd.

29. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

30. Set forth, in detail the events leading to the alleged assignment of rights to Banner from Panix Ltd. in the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

## CERTIFICATION

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.

_____

Dated:

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :**<br>**d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
|      **Plaintiff,**            : | |
| **v.**                      : | **PLAINTIFF'S FIRST SET OF**<br>**INTERROGATORIES TO**<br>**PANOS ELIADES** |
| **PANOS ELIADES, PANIX PROMOTIONS,**<br>**LTD., PANIX OF THE U.S., INC., BANNER**   :<br>**PROMOTIONS, INC., DON KING**<br>**PRODUCTIONS, INC. AND JOHN DOES 1-5**   : | |
|      **Defendants.**          : | |

---

        **TO:**    Ella A. Kohn, Esq.
                 Davidoff Malito & Hutcher LLP
                 605 Third Avenue
                 New York, New York 10158

DEAR COUNSEL:

     PLEASE TAKE NOTICE, that NEW JERSEY SPORTS PRODUCTIONS, INC. hereby

requests that PANIX OF THE U.S., INC., provide answers to these Interrogatories within the

time and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure. The

person answering these Interrogatories shall designate which information is not within his or her

personal knowledge and, as to that information, shall state the name, address and phone number

of every person from whom it received, or if the source of the information is documentary, a full description including the location thereof and a true copy thereof.

These Interrogatories are deemed continuing so as to require supplemental answers should one obtain further or supplemental information subsequent to the service of answers. If a privilege not to answer is claimed by you, identify each matter to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim. If an objection is raised to any Interrogatory contained herein, identify in exact detail the nature if the objection and the legal and/or factual basis for each such objection.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

G.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

H.    **"Identify"** or **"identity"** mean, when used in reference to:

   (1)    **A natural person, his or her:** full name, present or last known address; present or last known occupation, title, business affiliation and job description at the time relevant to the particular document demand being responded to.

   1)    **A company, corporation, association, partnership, joint venture or legal entity other than a natural person:** its full name; a description of the type of organization or entity; the address of its principal place of business; the jurisdiction of its corporation of organization; and the date of its incorporation or organization;

   2)    **A Document:** its description (for example, letter, memorandum, report, tape, disk); its title, if any; its date; the number of pages thereof (if written); its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation in other than a clerical capacity; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If the document is a contract also set forth the date of the contract, the parties therego, all material terms thereof, all amendments therego, and all accountings related to each contract. If any such document was, but is no longer, in the possession of or subject to the control of You, state what disposition was made of it and when such disposition occurred (in lieu thereof a copy may be provided)

   3)    **An oral communication:** the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made; if by telephone, the identity of each person who made each telephone call, who participated in each telephone call, and the place where each person participating in the telephone call was located, if known; and the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

## INSTRUCTIONS

1. These interrogatories are continuing, and call for prompt further and supplemental information or production whenever the defendant receives or discovers an additional document or information responsive to this request.

2. In answering the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, known by you or in your possession or that of your agents, or your attorneys, or that appears in your records.

3. If you cannot answer interrogatory in full after exercising due diligence to secure the full information, so state, and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what steps were taken in attempting to secure the unknown information.

4. If an interrogatory may be narrowly or broadly construed, you should apply the broadest construction that will produce the most comprehensive response or answer.

5. Unless otherwise indicated, these interrogatories cover the time period of January 1, 1995 to the present.

## INTERROGATORIES

1.  Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter. State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person. Attach copies of all written statements received from each such person and copies of documents written by each such person.

2.  Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

3.  Identify all person(s) with knowledge or information concerning the relationship between Banner and Eliades. For each person identified, set forth their name, address and phone number.

4.  Identify all person(s) with knowledge or information concerning the relationship between Eliades and DKP. For each person identified, set forth their name, address and phone number.

5.  Set forth the name, address, telephone number and relationship to any party, of the person or persons, who participated in the preparation of the within responses.

6.  Identify all persons whom you may call at trial as expert witnesses. For each such person, attach a copy of his or her curriculum vitae, and a report or set forth the contents of any oral or written report.

7. Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:

    a.   the name and address of the person who gave the written statement;

    b.   the date the written statement was obtained;

    c.   whether the written statement was signed by the person;

    d.   the name and address of all person(s) who obtained the written statement;

    e.   if recorded, the nature of the recording and the present custodian of the recording;

    f.   attach a copy of all written statements;

    g.   set forth completely the substance of the written statement; and

    h.   identify all persons present when the written statement was prepared and received.

8. Set forth whether you have obtained an oral statement, relating to any fact or issue in this litigation from any person not a party to this action, and if affirmative, identify:

    a.   the name and address of the person who gave the oral statement;

    b.   the date the oral statement was obtained;

    c.   if recorded, the nature of the recording and the present custodian of the recording;

    d.   the name and address of the person who obtained the oral statement;

    e.   all persons present when the oral statement was received; and

    f.   set forth completely the substance of the oral statement.

9.  If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:

a.  the name and address of the person making each said declaration;

b.  the name and address of the person(s) to whom the declaration was made;

c.  the nature of the declaration, in detail;

d.  if the declaration is in writing, attach a copy hereto; and

e.  the name and address of all person(s) present when the declaration was made.

10.  Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "The complaint fails to state a claim against Defendants" asserted by you in this Action.

11.  Set forth, in detail, the factual bases upon which you rely in support of your statement, provided in the answer, that "Defendants request judgment dismissing the complaint, granting Defendants the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems proper and just."

12.  Set forth, in detail, Eliades' role in Panix Ltd., including but not limited to his job title(s), time in position(s), compensation received from Panix Ltd.

13. Set forth, in detail, Eliades' role in Panix Inc., including but not limited to his job title(s), time in position(s), compensation received from Panix Inc.

14. Describe in detail Eliades' educational background, including all schools, colleges or universities attended, dates of attendance and any degrees received.

15. State the dates for which Panix Inc. promoted John Ruiz. Provide copies of all documents related to said promotion(s).

16. State the dates for which Panix, Ltd. promoted John Ruiz.  Provide copies of all documents related to said promotion(s).

17. State whether Panix Inc. and Panix Ltd. shared promotional rights with any party during the period during the promotion of John Ruiz. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

18. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

19. State when Eliades notified NJSP of the alleged assignment of rights in connection with the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

20. Set forth if you contacted contend that defendant's interests in the Nevada Action was disclosed to plaintiff or its representatives. If so, state when and by whom.


21. Set forth, in detail, when and if, Panix Ltd. notified NJSP of the alleged assignment between Banner and Panix Ltd. in connection with the February 15, 2002 order from the Honorable Harold Baer, in connection with the judgment in the United States Court for the Southern District of New York, Case No. 01 CV 2709 (HB). If so state by whom, to whom, and if in any document, please provide a copy.


## CERTIFICATION

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.


_____

Dated:

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | | |
|---|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** | | Civil Action No. 06 CV 1509 |
| | : | |
| **Plaintiff,** | | |
| | : | |
| **v.** | : | **PLAINTIFF'S FIRST** <br> **DOCUMENT DEMAND TO** <br> **PANOS ELIADES** |
| | : | |
| **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** : <br> **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | | |
| | : | |
| **Defendants.** | : | |

---

**TO:**    Ella A. Kohn, Esq.
Davidoff Malito & Hutcher LLP
605 Third Avenue
New York, New York 10158

DEAR COUNSEL:

**PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of PANOS ELIADES individually provide the documents to the enclosed document

demand in the manner and within the time set forth in the rules.

_[signature]_
_____

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May  14  , 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.     All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.     All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.     All deposition transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.     All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.     All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.     All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.     All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.     All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.     All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.     All documents related to any past or present contractual interest in boxer Sam Peter.

11.    Any document showing assets of this defendant from 2000 to present.

12.    All documents related to the promotion of John Ruiz.

13.    All contracts related to the promotion of John Ruiz.

14.    All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

15.    All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

16.    All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

17.    Any expert reports rendered in this matter.

18.    All documents which Eliades contends supports it affirmative defenses.

19.    All documents which Eliades contends supports its claim that this matter should be dismissed with prejudice and Elaides be awarded costs and attorney's fees.

20.    Any document showing assets of this defendant, from the year 2000 to present.

21.    Any documents which you alleged disclosed either Lennox Lewis or New Jersey Sports in the litigation captioned <u>Panix Promotions, Ltd., et al.</u>, Civil Action No. 01 Civ. 2709 (HB) that any Eliades related entity held or holds an interest in:

        a.    Sam Peter

        b.    John Ruiz

        c.    Litigation in the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

**NEW JERSEY SPORTS PRODUCTIONS, INC :
d/b/a MAIN EVENTS**

       **Plaintiff,**

**v.**

**PANOS ELIADES, PANIX PROMOTIONS,
LTD., PANIX OF THE U.S., INC., BANNER
PROMOTIONS, INC., DON KING
PRODUCTIONS, INC. AND JOHN DOES 1-5**

       **Defendants.**

Civil Action No. 06 CV 1509

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
PANIX OF THE U.S., INC.**

---

      **TO:**    Ella A. Kohn, Esq.
               Davidoff Malito & Hutcher LLP
               605 Third Avenue
               New York, New York 10158

DEAR COUNSEL:

PLEASE TAKE NOTICE, that NEW JERSEY SPORTS PRODUCTIONS, INC. hereby

requests that PANIX OF THE U.S., INC., provide answers to these Interrogatories within the

time and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure.  The

person answering these Interrogatories shall designate which information is not within his or her

personal knowledge and, as to that information, shall state the name, address and phone number

of every person from whom it received, or if the source of the information is documentary, a full description including the location thereof and a true copy thereof.

These Interrogatories are deemed continuing so as to require supplemental answers should one obtain further or supplemental information subsequent to the service of answers. If a privilege not to answer is claimed by you, identify each matter to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim. If an objection is raised to any Interrogatory contained herein, identify in exact detail the nature if the objection and the legal and/or factual basis for each such objection.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11 , 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

G.      "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

H.      **"Identify"** or **"identity"** mean, when used in reference to:

(1)      **A natural person, his or her**: full name, present or last known address; present or last known occupation, title, business affiliation and job description at the time relevant to the particular document demand being responded to.

1)      **A company, corporation, association, partnership, joint venture or legal entity other than a natural person**: its full name; a description of the type of organization or entity; the address of its principal place of business; the jurisdiction of its corporation of organization; and the date of its incorporation or organization;

2)      **A Document**: its description (for example, letter, memorandum, report, tape, disk); its title, if any; its date; the number of pages thereof (if written); its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation in other than a clerical capacity; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If the document is a contract also set forth the date of the contract, the parties therego, all material terms thereof, all amendments therego, and all accountings related to each contract. If any such document was, but is no longer, in the possession of or subject to the control of You, state what disposition was made of it and when such disposition occurred (in lieu thereof a copy may be provided)

3)      **An oral communication**: the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made; if by telephone, the identity of each person who made each telephone call, who participated in each telephone call, and the place where each person participating in the telephone call was located, if known; and the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

## INSTRUCTIONS

1. These interrogatories are continuing, and call for prompt further and supplemental information or production whenever the defendant receives or discovers an additional document or information responsive to this request.

2. In answering the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, known by you or in your possession or that of your agents, or your attorneys, or that appears in your records.

3. If you cannot answer interrogatory in full after exercising due diligence to secure the full information, so state, and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what steps were taken in attempting to secure the unknown information.

4. If an interrogatory may be narrowly or broadly construed, you should apply the broadest construction that will produce the most comprehensive response or answer.

5. Unless otherwise indicated, these interrogatories cover the time period of January 1, 1995 to the present.

## INTERROGATORIES

1. Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter. State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person. Attach copies of all written statements received from each such person and copies of documents written by each such person.

2. Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

3. Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Inc. For each person identified, set forth their name, address and phone number.

4. Identify all person(s) with knowledge or information concerning the relationship between Panix Inc. and DKP. For each person identified, set forth their name, address and phone number.

5. Set forth the name, address, telephone number and relationship to any party, of the person or persons, who participated in the preparation of the within responses.

6. Identify all persons whom you may call at trial as expert witnesses. For each such person, attach a copy of his or her curriculum vitae, and a report or set forth the contents of any oral or written report.

7.  Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:

    a.  the name and address of the person who gave the written statement;

    b.  the date the written statement was obtained;

    c.  whether the written statement was signed by the person;

    d.  the name and address of all person(s) who obtained the written statement;

    e.  if recorded, the nature of the recording and the present custodian of the recording;

    f.  attach a copy of all written statements;

    g.  set forth completely the substance of the written statement; and

    h.  identify all persons present when the written statement was prepared and received.

8.  Set forth whether you have obtained an oral statement, relating to any fact or issue in this litigation from any person not a party to this action, and if affirmative, identify:

    a.  the name and address of the person who gave the oral statement;

    b.  the date the oral statement was obtained;

    c.  if recorded, the nature of the recording and the present custodian of the recording;

    d.  the name and address of the person who obtained the oral statement;

    e.  all persons present when the oral statement was received; and

    f.  set forth completely the substance of the oral statement.

9. If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:

    a.   the name and address of the person making each said declaration;

    b.   the name and address of the person(s) to whom the declaration was made;

    c.   the nature of the declaration, in detail;

    d.   if the declaration is in writing, attach a copy hereto; and

    e.   the name and address of all person(s) present when the declaration was made.

10. Identify the principal place of business of Panix Inc.

11. Identify the place of incorporation of Panix Inc.

12. Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "Neither Mr. Eliades nor Panix U.S. was ever a party to the Nevada Lawsuit or the Notice of Assignment" asserted by you in this Action.

13. Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "The complaint fails to state a claim against Defendants" asserted by you in this Action.

14. Set forth, in detail, the factual bases upon which you rely in support of your statement, provided in the answer, that "Defendants request judgment dismissing the complaint, granting Defendants the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems proper and just."

15. State whether any employee of Panix Inc. has ever been convicted of a crime, and if so, state where, when and the crime committed of.

16. State whether any employee of Panix Inc. has ever been arrested, and if so, state where, when and the crime allegedly committed of.

17. Identify when Panix Inc. learned of the alleged assignment, as demonstrated to the District Court, Clark County, Nevada on May 16, 2005 between Banner and Panix Ltd.

18. State the dates for which Panix Inc. promoted John Ruiz.

19. State whether Panix Inc. shared promotional rights with any party during the period in which Panix Ltd. promoted John Ruiz. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

20. State whether any party to this action shared promotional rights to John Ruiz with Panix Inc. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

21. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

22. State whether Panix Inc., after learning of the alleged assignment of rights in connection with the District Court Case No.: A422631 in the District Court, Clark County, Nevada notified NJSP.

<u>CERTIFICATION</u>

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.

_____

Dated:

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | | |
|---|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 | |
| : | | |
| **Plaintiff,** | | |
| : | | |
| **v.** | : | **PLAINTIFF'S FIRST** <br> **DOCUMENT DEMAND TO** <br> **PANIX OF THE U.S., INC.** |
| : | | |
| **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** : <br> **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | | |
| **Defendants.** | : | |

---

TO:    Ella A. Kohn, Esq.
       Davidoff Malito & Hutcher LLP
       605 Third Avenue
       New York, New York 10158

DEAR COUNSEL:

**PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of PANIX OF THE U.S., INC., individually provide the documents to the enclosed

document demand in the manner and within the time set forth in the rules.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.     All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.     All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.     All deposition transcripts relate to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.     All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.     All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.     All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.     All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.     All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.     All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.     All documents related to any past or present contractual interest in boxer Sam Peter.

11.    Any document showing assets of this defendant from 2000 to present.

12.    All documents related to the promotion of John Ruiz.

13.    All contracts related to the promotion of John Ruiz.

14.    All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

15.    All documents related to the alleged assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

16.    All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

17.    Any expert reports rendered in this matter.

18.    All documents which Panix, Inc. contends supports it affirmative defenses.

19.    All documents which Panix, Inc. contends supports its claim that this matter should be dismissed with prejudice and Panix, Inc. be awarded costs and attorney's fees.

20.    Any documents which you alleged disclosed either Lennox Lewis or New Jersey Sports in the litigation captioned Panix Promotions, Ltd., et al., Civil Action No. 01 Civ. 2709 (HB) that any Eliades related entity held or holds an interest in:

    a)    Sam Peter

    b)    John Ruiz

    c)    Litigation in the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

# EXHIBIT B

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

———

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

———

AARON DINES

(1923-2002)

———

JASON M. SANTARCANGELO                    June 20, 2006

ALSO ADMITTED IN N.Y.

## VIA FACIMILE (212) 688-0012

Raymond A. Levites, Esq.
Levites & Associates, LLC
1251 Avenue of the Americas/Ste. 920
New York, New York 10020

        Re: **New Jersey Sports Productions, Inc.**
            **v. Panos Eliades, et al.**
            <u>**Civil Action No. 06-CV-1509**</u>

Dear Mr. Levites:

       Reference is made to the responses of Banner Promotions to Interrogatories and Document Demands.

       I have previously addressed the failure to have an appropriate certification.

       With respect to response 2, I note that no address or phone number is provided. Also, I do not know what is meant by the words "without prejudice," a problem throughout the responses.

       With respect to response 3, we can limit the period to the period in which both Banner and Eliades (or an Eliades related entity) had a contract or contract rights relating to John Ruiz.

       With respect to Interrogatory 4, we can limit the period as set forth with respect to 3.

       With respect to Interrogatory 8, this is a standard question, which you must have seen many times. There is no valid privilege and the statement should be provided.

       There is no valid objection to Interrogatory 9 and the information should be provided.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond A. Levites, Esq.
June 20, 2006
Page 2

With respect to Interrogatory 10 there is no valid objection. If you need to supplement later the Federal Rules of Civil Procedure allows you to do so.

With respect to Interrogatories 13, 14, and 15 we are only asking for facts, not legal theories. If any are known, they must be disclosed.

With respect to Interrogatory 21, we do not understand the response. Does defendant not know?

The response to Interrogatory 23 is incomplete. The last two sentences are completely unresponded to.

We recognize that we exceeded the 25 interrogatory limit and thus have no comment on the responses to Interrogatories 26-30.

With respect to document demands, we can discuss items 1-6 after a review of co-defendant's documents this week.

With respect to items 7, 8, and 9, we are prepared to review these at your office immediately. Please advise.

With respect to demand 10, we are aware that an Eliades related company had an interest at one time. We make this request to determine if there are any other contractual interests transferred from Eliades or a company related to him to Banner. Thus the request could clearly lead to admissible evidence.

With respect to demands 11, 12, and 13 we respectfully suggest that the objection is frivolous as it is clearly relevant to track the co-promotional interest of the parties to this action. The documents would also show the entities holding that interest, highly relevant here.

With respect to demand 14, we reiterate that we are prepared to inspect immediately.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond A. Levites, Esq.
June 20, 2006
Page 3

        With respect to item 18, any relevant documents should be turned over now.  If Banner needs to supplement the responses, it can do so.

        With respect to the response to the supplemental demand, we want to make it clear that we do not want correspondence solely between Banner and its counsel, which we agree could be privileged.  Apart from that, the requested documents are relevant on the issue of credibility and may well also require that contractual relationships be disclosed, directly relevant to this action.

        I am, of course, aware that you wrote to me today that there has been a death in your family.  I will grant you every professional courtesy, and we can deal with the issues raised herein later, at your convenience.  In the meantime, please accept my condolences.

                        Very truly yours,

                        DINES AND ENGLISH, L.L.C.

        BY:     _____
                        PATRICK C. ENGLISH

/mat

LEVITES & ASSOCIATES, LLC
1251 AVENUE OF AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER  (212) 688-0012
e-mail: pinyus@aol.com

June 20, 2006

By Telecopier Transmission and By Mail
Patrick C. English, Esq.
Jason M. Santarcangelo, Esq.
Dines & English, LLC
685 Van Houten Avenue
Clifton, NJ 07013

Re: New Jersey Sports Productions, Inc. v. Panos Eliades, *et al.*
Civil Action No. 06-cv-1506

Dear Messrs. English and Santarcangelo:

Hope this finds you well.

Further to your letter of June 19, 2006, thank you for the courtesy implicit in your observation that you would have accorded Banner additional time to respond. I appreciate that and so does Mr. Pelullo.

It has been my impression that counsel for a corporation may respond to and certify interrogatories as an authorized "agent" of the corporation. *See, e.g. Wilson v. Volkswagen of America, Inc.* 561 F2d 494, 508 (4th Cir., 1977), *Sheperd v. America Companies, Inc.* 62 F.3d 1469,1482 (D.C. Cir.1995) and *Rea v. Wichita Mortg. Corp.* 747 F. 2d, 567 (10th Cir. 1984); *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 221 (D.D.C. 2001). However, I may be mistaken; it wouldn't be the first time.

If, after reading the cases you remain of the same view please let me know in order that we have an opportunity to consider any contrary authorities you may wish to bring to our attention and to provide some alternative certification as may be necessary. We can discuss whatever additional deficiencies you believe there

CONNECTICUT
·FEDERAL BAR ONLY·
MEMBER RIVERSIDE WEST, LLC
327 RIVERSIDE AVENUE, WESTPORT, CT 06880
(203) 226-9393
Telecopier (203) 222 4833

L/15705

## LEVITES & ASSOCIATES, LLC

Patrick C. English, Esq.
Jason M. Santarcangelo, Esq.
June 20, 2006
Page 2 of 2

may be in Banner's response at some mutually convenient time. You might, I suggest, drop me a line and we can discuss these matters after Banner has had an opportunity to consider your remaining concerns.

Please forgive my brevity; we have had death in the family and I will be unavailable for the remainder of this week at the minimum.

Yours sincerely,

Raymond Levites
By:NMR

cc: Banner Promotions, Inc.
    Jacob Laufer, Esq.

[*Dictated but not read*]

L/15705

# DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

———

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

———

AARON DINES

(1923-2002)

———

JASON M. SANTARCANGELO

ALSO ADMITTED IN N.Y.

June 20, 2006

Raymond A. Levites, Esq.
Levites & Associations, LLC
1251 Avenue of the Americas/Ste. 920
New York, New York 10020

> Re: **New Jersey Sports Productions, Inc.**
> **v. Panos Eliades, et al.**
> **Civil Action No. 06-CV-1509**

Dear Mr. Levites:

I am very sorry to hear of the death in your family. Take whatever time you need to deal with that.

While corporations work through agents, the agent should be an officer, director, managing agent, or some equally knowledgeable person who can be deposed on the responses. Trial counsel cannot verify answers because by doing so he may make himself a witness.

Put succinctly, we cannot cross examine you regarding responses unless you wish to recuse yourself from the litigation, which we do not believe is your intent.

We also note that Banner is asserting that it does not do business in New York. Please find second supplemental request for document production related to that assertion.

Very truly yours,

DINES AND ENGLISH, L.L.C.

BY: _____

PATRICK C. ENGLISH

/mat
Encls.

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :**<br>**d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
|     **Plaintiff,**               : | |
|                              : | **PLAINTIFF'S SECOND** |
| **v.** | **SUPPLEMENTAL REQUEST FOR** |
|                              : | **DOCUMENT DEMAND TO BANNER** |
| **PANOS ELIADES, PANIX PROMOTIONS,** | **PROMOTIONS, INC.** |
| **LTD., PANIX OF THE U.S., INC., BANNER**   : | |
| **PROMOTIONS, INC., DON KING** | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5**   : | |
|     **Defendants.**               : | |

---

**TO:**     Raymond A. Levites, Esq.
          Levites & Associates, LLC
          1251 Avenue of Americas, Suite 920
          New York, New York, 10020

DEAR COUNSEL:

      **PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of **BANNER PROMOTIONS, INC.** individually provide the documents to the

enclosed document demand in the manner and within the time set forth in the rules.

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: June 20, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## SUPPLEMENTAL DOCUMENT DEMAND

1.    All contracts between this defendant and HBO from 1997 to present.

2.    All contracts between this defendant and Showtime from 1997 to present.

3.    All contracts between this defendant and English and Company or any company related to Chester English from 1997 to present.

4.    Meeting diaries of all persons authorized to transact business on behalf of Banner Promotions, Inc. from January 1, 2000 to present.

5.    All contract between Banner Promotions, Inc. and DiBella Entertainment.

6.    All correspondence between Banner Promotions, Inc. and the New York Athletic Commission from January 1, 2000 to present.

7.    All correspondence between Banner Promotions, Inc. and HBO from January 1, 2000 to present.

8.    All correspondence between Banner Promotions, Inc. and Showtime from January 1, 2000 to present.

9.    All correspondence between Banner Promotions, Inc. and DiBella Entertainment from January 1, 2000 to present.

10.   All correspondence between Banner Promotions, Inc. and any company associated with Chester English from January 1, 2000 to present.

# **EXHIBIT C**

# LEVITES & ASSOCIATES, LLC

1251 AVENUE OF AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER  (212) 688-0012
e-mail: plnyus@aol.com

July 13, 2006

*Via FedEx*
Patrick English, Esq. and
Jason M. Santarcangelo, Esq.
Dines and English, LLC
Attorneys at Law
685 Van Houten Avenue
Clifton, NJ 07013

Re: <u>New Jersey Sports Productions, Inc. v. Panos Eliades, et al.</u>

Dear Messrs.  English and Santarcangelo:

Hope this finds you both well and enjoying the Summer.

Enclosed, further to our discussion of recent date, please find an initial production of documents and materials (B.P. 00001-B.P. 00041) in respect of your discovery demands.  This includes a disc, with the expansive materials (BRK 00001-BRK 09304) you have requested from the underlying Nevada proceeding.

I say "initial", because unfortunately (a) I cannot, at present, locate my notes of our last discussion and even when I do (b) I am sure we will have inadvertently omitted something or otherwise failed to produce or respond to something to your satisfaction.   I know I can count on your dropping me a line in connection therewith.

Further to these considerations it is my best recollection of our discussion that, to facilitate production you would provide us with a note confirming that you will not argue that Banner has in any degree waived its work product privilege if it

CONNECTICUT
-FEDERAL BAR ONLY-
MEMBER RIVERSIDE WEST, LLC
327 RIVERSIDE AVENUE, WESTPORT, CT 06880
(203) 226-9393
Telecopier (203) 222 4833

LEVITES & ASSOCIATES, LLC

July 13, 2006
Page 2 of 2
Patrick English, Esq. and
Jason M. Santarcangelo, Esq.

elects to produce material to which that privilege could apply.  I refer, for example only, to the draft statement of Mr. Frank Maloney.

The enclosed Ruiz contract reflects that as you have suggested, Banner has, in fact, had dealings with the U.S. corporate entity "Panix Inc."

Why don't you call me at your convenience in respect of other matters before you write?

Have a good weekend.

Kind regards,

Raymond Levites

Encl.

cc: Banner Promotions Inc. w/o encl.

L/15711

# EXHIBIT D

# DINES AND ENGLISH, L.L.C.

### ATTORNEYS AT LAW
### 685 VAN HOUTEN AVENUE
### CLIFTON, NEW JERSEY 07013

---

### 973 - 778-7575
### FACSIMILE
### 973 - 778-7633

PATRICK C. ENGLISH

---
AARON DINES
(1923-2002)

---
JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

July 18, 2006

### <u>VIA FACSIMILE (212) 688-0012</u>

Raymond Levites, Esq.
Levites & Associates, LLC
1251 Avenue of Americas
Suite 920
New York, New York 10020

     Re:   **New Jersey Sports Productions, Inc. v. Panos Eliades, et. al**
            <u>**Docket No. 06 CV 1509**</u>

Dear Mr. Levites:

      Thank you for your letter of July 13, 2006. Per your instructions, I have reviewed my notes from the June 30, 2006 phone conversation regarding discovery in the matter. Although documents have been provided, there was no action on the interrogatories.

      I remain particularly concerned about the lack of signature on the certification of the interrogatories. I understand the cases you have presented on the topic, however, none are Second Circuit or Southern District cases and are not binding on this matter. Simply put, we cannot cross examine you regarding responses unless you wish to recuse yourself from the litigation. While we do not believe this is your intent, we would appreciate confirmation in writing on whether or not you intent to recuse yourself from this litigation.

Below is a detailed list of the particular interrogatory items we discussed. If I am mistaken, please let me know.

### <u>Interrogatory Number</u>

1) The answers are incomplete. While some names and numbers are listed, the knowledge of each person listed is not present. During the phone call you indicated that you wold provide further information (ex. Frank Maloney had or has knowledge of the assignment when it was written).

2) The name Jay Malcynski is present but there is no additional information.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond Levites, Esq.
July 18, 2006
Page 2

3) We agreed on the phone to limit the period in question for the Banner/Eliades relationship to the start of the Ruiz relationship, 1997.

4) The documents have demonstrated a relationship between Banner and Panix of the U.S. Inc. Therefore, there should be names, addresses and phone numbers.

5) No Issue.

6) No Issue.

7) No Issue.

8) You asked that NJSP, Inc. provide a writing that NJSP will not argue that Banner has waived its work product privilege if Banner produces materials. Please accept this confirmation.

9) No Issue.

10) You asked that NJSP, Inc. provide a writing that NJSP will not argue that Banner has waived its work product privilege. Please accept this confirmation.

11) No Issue.

12) No Issue.

13) You indicated that you would consider this interrogatory at the end of discovery. We affirm our position that we are asking for facts which must be disclosed and feel it inappropriate to delay response.

14) You indicated that events involving Banner did not occur in the venue. If there are no facts related to events in the venue, then there are no facts. However, if anything related to the subject matter of the suit occurred in the venue then the facts must be disclosed.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond Levites, Esq.
July 18, 2006
Page 3

15) You indicated that there was a lack of personal jurisdiction over Banner. However, we contend that Banner does business in New York and that we would examine all contracts with HBO and Showtime and English Distribution to demonstrate this fact. You indicated that you would discuss this issue with Banner to determine if it would waive the defenses. Otherwise we must pursue this.

16) No Issue.

17) No Issue.

18) No Issue.

19) No Issue.

20) No Issue.

21) Although we had extensive conversation about this interrogatory, and you indicated some information regarding the events surrounding Mohegan Sun, you indicated that you knew nothing about the events in Louisiana. You indicated you would check into these events and provide a response.

22) No issue.

23) Based on our discussion, you indicated that an application had been withdrawn at Mohegan Sun and Foxwoods because Mr. Pelullo was "not a nice person" and not allowed to enter the casino. This information is relevant and needs to be disclosed.

24) No Issue.

25) No Issue.

Turning to the document demand, we appreciate the documents you provided in connection with document demand numbers 1-9. However, I believe that you stated you were going to discuss with Mr. Pelullo whether Banner had any interest, at any time, with Samuel Peter and provide an answer. Additionally, with respect to demand number 11, you indicated that you were going to provide all documents related to John Ruiz's expenses and income and documents reflecting the use of the Inc. or Ltd. by Panos Eliades and Banner. I note that your letter pointed to one document, unsigned, demonstrating the relationship between Banner and Panix of the

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond Levites, Esq.
July 18, 2006
Page 4

U.S., Inc.  There maybe additional documents among the disk reflecting this demand but I have not had the opportunity to fully explore all 9000 plus pages submitted.  It would be appreciated if those documents requested in demand number eleven are on the disk that you point them out.

We also discussed document demand number fourteen.  We indicated that NJSP desired the ability to review original notice of assignment.  You indicated that you believed it was facsimile, that there is not facsimile transmittal information and that Panos Eliades drew up the agreement. You further indicated that you would check further into this demand.  We did not see any information regarding this demand in the packet that was sent.  If there exists no originals, please advise.

Furthermore, we discussed demand number eighteen.  You indicated that this demand called for legal conclusions.  However, all documents that are relevant to this matter being dismissed should be immediately turned over.  If there are no documents, then there are none.  However, for a judge to support dismissal there must be some documents that a judge could rely on for a ruling.   If there are none at this time then you can supplement later if any documents become available.

With respect to the supplemental demand, you indicated that you would speak with Banner and get copies of the relevant contracts.  These are necessary to demonstrate personal jurisdiction and can not be withheld.  The July 15, 2006 deadline for this and all information has passed.  We have not seen copies of the HBO and Showtime contracts to Banner is a party to.  We ask that these contracts be immediately turned over if this defense is to be maintained.

If you have any questions regarding our conversations please let me know.

Very truly yours,

DINES AND ENGLISH, L.L.C.

BY: _____
JASON M. SANTARCANGELO

# <u>EXHIBIT E</u>

# DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

———

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

———

AARON DINES

(1923-2002)

———

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

August 10, 2006

Honorable Harold Baer, Jr., USDJ
United States District Court
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

     Re: **New Jersey Sports Productions, Inc.**
        **v. Panos Eliades, et al.**
        <u>**Civil Action No. 06-CV-1509**</u>

Dear Judge Baer:

On July 6, 2006 Your Honor entered an Order relieving counsel and staying all proceedings for thirty days.

The thirty days have elapsed and there has been no appearance of new counsel on behalf of Mr. Eliades or Panix of the U.S., Inc.

At the time the stay was granted there was outstanding overdue discovery from Panix of the U.S. and Mr. Eliades.

Apparently through inadvertence, prior counsel for Mr. Eliades and Panix of the U.S. did not timely copy us on the application to be relieved and we never saw the form of Order until after its entry. We would have suggested certain modifications, but the Order was already entered by the time we saw it.

We request a status conference with the Court because due to the non-appearance on behalf of Eliades and Panix of the U.S. we are in a position of having properly served, overdue discovery with difficulty in enforcing our rights to compel. Also, we believe the discovery schedule should be extended as a result of the stay that the Court granted.

DINES AND ENGLISH, L.L.C.
    ATTORNEYS AT LAW

Honorable Harold Baer, Jr., USDJ
**August 10, 2006**
**Page 2**


        Finally, we have outstanding discovery issues with respect to defendant Banner
Promotions, as outlined more fully in the attached letter to Mr. Levites. We understand
that Mr. Levites has had a death in his family and it may be that the extension requested
above will give him time to cure the deficiencies, but to the extent there are disputes
regarding the outstanding requests these should be resolved sooner rather than later.

                                    Respectfully submitted,

                                    **DINES AND ENGLISH, L.L.C.**

                        BY: _____
                                    PATRICK C. ENGLISH

Encls.
/mat
C: Raymond A. Levites, Esq.
     Ella A. Kohn, Esq.
     Panos Eliades
     James J. Binns, Esq.

# DINES AND ENGLISH, L.L.C.

### ATTORNEYS AT LAW
### 685 VAN HOUTEN AVENUE
### CLIFTON, NEW JERSEY 07013

---

### 973 - 778-7575
### FACSIMILE
### 973 - 778-7633

PATRICK C. ENGLISH

---

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

July 18, 2006

### <u>VIA FACSIMILE (212) 688-0012</u>

Raymond Levites, Esq.
Levites & Associates, LLC
1251 Avenue of Americas
Suite 920
New York, New York  10020

Re:    **New Jersey Sports Productions, Inc. v. Panos Eliades, et. al**
       **<u>Docket No. 06 CV 1509</u>**

Dear Mr. Levites:

Thank you for your letter of July 13, 2006.  Per your instructions, I have reviewed my notes from the June 30, 2006 phone conversation regarding discovery in the matter.  Although documents have been provided, there was no action on the interrogatories.

I remain particularly concerned about the lack of signature on the certification of the interrogatories.  I understand the cases you have presented on the topic, however, none are Second Circuit or Southern District cases and are not binding on this matter.  Simply put, we cannot cross examine you regarding responses unless you wish to recuse yourself from the litigation.  While we do not believe this is your intent, we would appreciate confirmation in writing on whether or not you intent to recuse yourself from this litigation.

Below is a detailed list of the particular interrogatory items we discussed.  If I am mistaken, please let me know.

### <u>Interrogatory Number</u>

1) The answers are incomplete.  While some names and numbers are listed, the knowledge of each person listed is not present. During the phone call you indicated that you wold provide further information (ex. Frank Maloney had or has knowledge of the assignment when it was written).

2) The name Jay Malcynski is present but there is no additional information.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond Levites, Esq.
July 18, 2006
Page 2

3) We agreed on the phone to limit the period in question for the Banner/Eliades relationship to the start of the Ruiz relationship, 1997.

4) The documents have demonstrated a relationship between Banner and Panix of the U.S. Inc. Therefore, there should be names, addresses and phone numbers.

5) No Issue.

6) No Issue.

7) No Issue.

8) You asked that NJSP, Inc. provide a writing that NJSP will not argue that Banner has waived its work product privilege if Banner produces materials. Please accept this confirmation.

9) No Issue.

10) You asked that NJSP, Inc. provide a writing that NJSP will not argue that Banner has waived its work product privilege. Please accept this confirmation.

11) No Issue.

12) No Issue.

13) You indicated that you would consider this interrogatory at the end of discovery. We affirm our position that we are asking for facts which must be disclosed and feel it inappropriate to delay response.

14) You indicated that events involving Banner did not occur in the venue. If there are no facts related to events in the venue, then there are no facts. However, if anything related to the subject matter of the suit occurred in the venue then the facts must be disclosed.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond Levites, Esq.
July 18, 2006
Page 3

15) You indicated that there was a lack of personal jurisdiction over Banner. However, we contend that Banner does business in New York and that we would examine all contracts with HBO and Showtime and English Distribution to demonstrate this fact. You indicated that you would discuss this issue with Banner to determine if it would waive the defenses. Otherwise we must pursue this.

16) No Issue.

17) No Issue.

18) No Issue.

19) No Issue.

20) No Issue.

21) Although we had extensive conversation about this interrogatory, and you indicated some information regarding the events surrounding Mohegan Sun, you indicated that you knew nothing about the events in Louisiana. You indicated you would check into these events and provide a response.

22) No issue.

23) Based on our discussion, you indicated that an application had been withdrawn at Mohegan Sun and Foxwoods because Mr. Pelullo was "not a nice person" and not allowed to enter the casino. This information is relevant and needs to be disclosed.

24) No Issue.

25) No Issue.

Turning to the document demand, we appreciate the documents you provided in connection with document demand numbers 1-9. However, I believe that you stated you were going to discuss with Mr. Pelullo whether Banner had any interest, at any time, with Samuel Peter and provide an answer. Additionally, with respect to demand number 11, you indicated that you were going to provide all documents related to John Ruiz's expenses and income and documents reflecting the use of the Inc. or Ltd. by Panos Eliades and Banner. I note that your letter pointed to one document, unsigned, demonstrating the relationship between Banner and Panix of the

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

Raymond Levites, Esq.
July 18, 2006
Page 4

U.S., Inc.   There maybe additional documents among the disk reflecting this demand but I have not had the opportunity to fully explore all 9000 plus pages submitted. It would be appreciated if those documents requested in demand number eleven are on the disk that you point them out.

We also discussed document demand number fourteen. We indicated that NJSP desired the ability to review original notice of assignment. You indicated that you believed it was facsimile, that there is not facsimile transmittal information and that Panos Eliades drew up the agreement. You further indicated that you would check further into this demand. We did not see any information regarding this demand in the packet that was sent. If there exists no originals, please advise.

Furthermore, we discussed demand number eighteen. You indicated that this demand called for legal conclusions. However, all documents that are relevant to this matter being dismissed should be immediately turned over. If there are no documents, then there are none. However, for a judge to support dismissal there must be some documents that a judge could rely on for a ruling.   If there are none at this time then you can supplement later if any documents become available.

With respect to the supplemental demand, you indicated that you would speak with Banner and get copies of the relevant contracts. These are necessary to demonstrate personal jurisdiction and can not be withheld. The July 15, 2006 deadline for this and all information has passed. We have not seen copies of the HBO and Showtime contracts to Banner is a party to. We ask that these contracts be immediately turned over if this defense is to be maintained.

If you have any questions regarding our conversations please let me know.

Very truly yours,

DINES AND ENGLISH, L.L.C.

BY: _____
JASON M. SANTARCANGELO

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

———

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

———

AARON DINES

(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

# facsimile
# TRANSMITTAL

**Name:** _Raymond A. Levites, Esq._
**Company:** _Levites & Associates, LLC_
**Fax:** _212 688-0012_
**Phone:** _____

**From:** _Patrick C. English, Jr._
**Subject:** _New Jersey Sports Prod, Inc. v. Panix of the US, et al._

**Date:** _6/10/06_     **Time:** _2:00  pm_

Total No. of Pages: _7_  Including Cover Letter

We are transmitting from Telecopier No. (973) 778-7633
If you do not receive all pages, Please contact us.

**Comments:** _____

_____

_____

_____

_____

_____

THE INFORMATION CONTAINED IN THIS FACSIMILE AND ANY ATTACHMENT IS CONFIDENTIAL AND MAY BE SUBJECT TO PRIVILEGE. IT MAY NOT BE DISTRIBUTED TO ANYONE WITHOUT THE CONSENT OF DINES AND ENGLISH, L.L.C. AND IS INTENDED ONLY FOR THE NAMED ADDRESSEE(S). IF YOU ARE NOT THE NAMED ADDRESSEE YOU MUST NOT USE, DISCLOSE, DISTRIBUTE, COPY, PRINT OR RELY UPON THE CONTENTS OF THIS FACSIMILE. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE CONTACT US AT (973) 778-7575 AND EITHER DESTROY THE FACSIMILE IMMEDIATELY OR RETURN TO US AT OUR EXPENSE.

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

**NEW JERSEY SPORTS PRODUCTIONS, INC** :
**d/b/a MAIN EVENTS**

     **Plaintiff,**

     :

**v.**      :

     :

**PANOS ELIADES, PANIX PROMOTIONS,**
**LTD., PANIX OF THE U.S., INC., BANNER** :
**PROMOTIONS, INC., DON KING**
**PRODUCTIONS, INC. AND JOHN DOES 1-5** :

     **Defendants.**      :

Civil Action No. 06 CV 1509

**PLAINTIFF'S FIRST
DOCUMENT DEMAND TO
BANNER PROMOTIONS, INC.**

---

TO:    Raymond A. Levites, Esq.
        Levites & Associates, LLC
        1251 Avenue of Americas, Suite 920
        New York, New York, 10020

DEAR COUNSEL:

**PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure,
Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following
documents of BANNER PROMOTIONS, INC. individually provide the documents to the
enclosed document demand in the manner and within the time set forth in the rules.

_Jason M. Santarcangelo_ (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.      "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.      "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.      "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.      "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft.  It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.      "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.    All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.    All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.    All deposition transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.    All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.    All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.    All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.    All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.    All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.    All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.    All documents related to any past or present contractual interest in boxer Sam Peter.

11.    All documents related to the promotion of John Ruiz.

12.    All contracts related to the promotion of John Ruiz.

13.    All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

14.    All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

15.    All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

16.    Any expert reports rendered in this matter.

17.    All documents which Banner contends supports it affirmative defenses.

18.    All documents which Banner contends supports its claim that this matter should be dismissed with prejudice and Banner be awarded costs and attorney's fees.

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
| : | |
| **Plaintiff,** | |
| : | **PLAINTIFF'S SECOND** |
| **v.** | **SUPPLEMENTAL REQUEST FOR** |
| : | **DOCUMENT DEMAND TO BANNER** |
| | **PROMOTIONS, INC.** |
| **PANOS ELIADES, PANIX PROMOTIONS,** | |
| **LTD., PANIX OF THE U.S., INC., BANNER** : | |
| **PROMOTIONS, INC., DON KING** | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
| | |
| **Defendants.** : | |

**TO:**   Raymond A. Levites, Esq.
Levites & Associates, LLC
1251 Avenue of Americas, Suite 920
New York, New York, 10020

DEAR COUNSEL:

**PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of **BANNER PROMOTIONS, INC.** individually provide the documents to the

enclosed document demand in the manner and within the time set forth in the rules.

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: June 20, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## SUPPLEMENTAL DOCUMENT DEMAND

1.    All contracts between this defendant and HBO from 1997 to present.

2.    All contracts between this defendant and Showtime from 1997 to present.

3.    All contracts between this defendant and English and Company or any company related to Chester English from 1997 to present.

4.    Meeting diaries of all persons authorized to transact business on behalf of Banner Promotions, Inc. from January 1, 2000 to present.

5.    All contract between Banner Promotions, Inc. and DiBella Entertainment.

6.    All correspondence between Banner Promotions, Inc. and the New York Athletic Commission from January 1, 2000 to present.

7.    All correspondence between Banner Promotions, Inc. and HBO from January 1, 2000 to present.

8.    All correspondence between Banner Promotions, Inc. and Showtime from January 1, 2000 to present.

9.    All correspondence between Banner Promotions, Inc. and DiBella Entertainment from January 1, 2000 to present.

10.    All correspondence between Banner Promotions, Inc. and any company associated with Chester English from January 1, 2000 to present.

# **EXHIBIT F**

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

August 10, 2006

RECEIVED

AUG 1 1 2006

HAROLD BAER
U.S. DISTRICT JUDGE
S. D. N.Y.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8 / 21 / 06

Honorable Harold Baer, Jr., USDJ
United States District Court
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

Re: **New Jersey Sports Productions, Inc.**
**v. Panos Eliades, et al.**
**Civil Action No. 06-CV-1509**

Dear Judge Baer:

On July 6, 2006 Your Honor entered an Order relieving counsel and staying all proceedings for thirty days.

The thirty days have elapsed and there has been no appearance of new counsel on behalf of Mr. Eliades or Panix of the U.S., Inc.

At the time the stay was granted there was outstanding overdue discovery from Panix of the U.S. and Mr. Eliades.

Apparently through inadvertence, prior counsel for Mr. Eliades and Panix of the U.S. did not timely copy us on the application to be relieved and we never saw the form of Order until after its entry. We would have suggested certain modifications, but the Order was already entered by the time we saw it.

We request a status conference with the Court because due to the non-appearance on behalf of Eliades and Panix of the U.S. we are in a position of having properly served, overdue discovery with difficulty in enforcing our rights to compel. Also, we believe the discovery schedule should be extended as a result of the stay that the Court granted.

Honorable Harold Baer, Jr., USDJ
August 10, 2006
Page 2


    Finally, we have outstanding discovery issues with respect to defendant Banner Promotions, as outlined more fully in the attached letter to Mr. Levites. We understand that Mr. Levites has had a death in his family and it may be that the extension requested above will give him time to cure the deficiencies, but to the extent there are disputes regarding the outstanding requests these should be resolved sooner rather than later.

Respectfully submitted,

DINES AND ENGLISH, L.L.C.

BY: _____
PATRICK C. ENGLISH

Encls.
/mat
C: Raymond A. Levites, Esq.
   Ella A. Kohn, Esq.
   Panos Eliades



Endorsement:

   I'm captivated by your creative discovery requests but unclear if you think I should respond -
where a party fails to answer and whether he is represented or not assuming its a party that must be -
the Federal Rules make clear what to do - Do it - if a conference seems more appealing arrange one
with Chambers on the Telephone.

# EXHIBIT G

## LEVITES & ASSOCIATES, L.L.C.

1251 AVENUE OF AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER (212) 688-0012
e-mail: plnyus@aol.com



August 17, 2006

Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

      Re: New Jersey Sports Productions, Inc. v. Panos Eliades, et al.
          Civil Action No. 06-CV-1509

Dear Judge Baer:

      I write as counsel to defendant Banner Promotions Inc. ("Banner") and further to the August 10, 2006 letter of Patrick English, Esq. of Dines & English, LLC, counsel for plaintiff.

      In that letter Mr. English requested a status conference in respect of certain issues having primarily to do with defendants Panos Eliades and Panix of the U.S.A as well as certain "...outstanding discovery requests with respect to Banner Promotions." Although Mr. English has already had a meaningful response as to plaintiff's discovery of Banner, he suggests that any issues in respect of such continued discovery "should be resolved sooner rather than later." We agree.

      We understand the demands on Your Honor's time and that, in the normal course, Your Honor might refer this to a U.S. Magistrate Judge.

      In this instance, in part because we want to ask the Court to stay any further discovery, [at least against Banner] for good cause (Fed. R. Civ. P. 26(c)), pending further developments which could entirely moot this case - we join in Mr. English's request, but ask that you meet with counsel yourself.

---

CONNECTICUT
-FEDERAL BAR ONLY-
MEMBER RIVERSIDE WEST, LLC
327 RIVERSIDE AVENUE, WESTPORT, CT 06880
(203) 226-9393
Telecopier (203) 222 4833

L/15719_b

LEVITES & ASSOCIATES, LLC

Honorable Harold Baer
Page 2 of 4
August 17, 2006

At the initial meeting of counsel in Your Honor's Chambers on May 11, 2006, you noted that this lawsuit centers, not on any alleged wrongdoing by Banner; but on plaintiff's demand for a portion of the prospective proceeds of an unrelated action brought by Banner in the Nevada courts against its co-defendant here, Don King Productions, Inc.

Defendants Eliades and Panix are plaintiff's judgment debtors from yet another previous case, which was before Your Honor, and apparently have been less than amenable towards plaintiff's attempt at execution. Plaintiff contends here that up to half of any proceeds of Banner's Nevada judgment on appeal would and should be deemed the property of Mr. Eliades and/or Panix USA which, they assert, had a half interest in the proceeds of that Nevada case.

Banner's judgment is just now going up on appeal. The pre-appeal mediation conference was in June. I am reliably informed that the appellate process in Nevada usually takes approximately a year. Should Banner lose, this entire lawsuit would be mooted. Over.

Indeed while considering our pre-trial schedule, Your Honor *sua sponte* raised the question "Isn't this case rather premature?"

Because plaintiff's counsel, Mr. English, vehemently insisted it was not, and because we were then convinced that even the most modest documentary discovery, or an appropriate stipulation, would resolve any issue between Banner and Mr. English-plaintiffs would likely be entitled to Panix's ten percent (10%) of Banner's ultimate net recovery, if ever there were one - I did not then vigorously press this point but suggested that we might soon return to it pending developments.

We so do now because the actual and prospective cost of discovery in time, money and upset to Banner has transcended what should have been minimal; and because plaintiff's counsel, Mr. English, has exhibited no interest in any stipulation or order which would notice him should Banner prevail on appeal in Nevada and otherwise protect plaintiff's asserted interest in any ultimate Banner recovery pending a judicial determination here, should one prove necessary.  In fact plaintiff, while thus far having contented himself with aggressive non deposition documentary discovery with interrogatories, seems to consider this case to be an additional instrument of investigation in respect of Mr. Eliades' and Panix's business relationships generally.  Whatever animus plaintiff may harbor towards

Honorable Harold Baer
Page 3 of 4
August 17, 2006

Mr. Eliades, Banner – with which Mr. Eliades' corporate entity was associates in one or more business projects, is a third party to their dispute.

We urge that this court apply the reasoning in an analogous case, *AT&T Corp. v. Public Service Ents. of Penn., Inc.*, 2000 WL 387738 (E.D. Pa. April 12, 2000). AT&T had been awarded $26 million in an arbitration, which had been confirmed in the Southern District of New York. The defendant PSE appealed to the Second Circuit.

During the pendency of this appeal, AT&T sought to collect on its judgment by bringing suit in the Eastern District of Pennsylvania, alleging that certain individual defendants had rendered PSE insolvent, and unable to satisfy the judgment, by transferring its assets. The defendants sought to stay the action, and to stay discovery on the basis that if PSE were successful in its appeal to the Second Circuit, then the collection action would be rendered moot.

The District Court granted the motion to stay the collection action, holding:

> Defendant Scardino filed a Motion to Stay on March 23, 2000, asking the Court to stay trial of this action pending resolution of the PSE appeal by the United States Court of Appeals for the Second Circuit. The other defendants join in this request, and further ask the Court to stay discovery. AT&T opposes this request, and submits that a stay would prejudice it by delaying collection of the Judgment. The Court has inherent power to control its docket in order to conserve scarce judicial resources. *Cost Bros., Inc. v. Travelers Indemnity Co.,* 760 F.2d 58, 60 (3d Cir.1985). Giving due regard to the desirability of resolving litigation comprehensively and conserving judicial resources, the Court ultimately must determine what is the most wise course of judicial administration under all the circumstances. The pending appeal brings the validity of the arbitration award itself into question. At oral argument, Plaintiff's counsel agreed that a reversal by the Second Circuit would render all proceedings in this Court moot. The Court concludes that the efficient and equitable solution would be to stay the present litigation pending a decision by the United States Court of Appeals for the Second Circuit. Staying the instant action

LEVITES & ASSOCIATES, L.C.

Honorable Harold Baer
Page 4 of 4
August 17, 2006

>avoids a potentially gross waste of judicial resources. Moreover, the Court perceives no prejudice to AT&T in that interest continues to run on the Judgment. Accordingly, the Court will grant Defendants' Motion to Stay, and place this case in civil suspense.

2000 WL 387738 at *5.

Would Your Honor please, in due course, have this letter docketed and made a part of the Court's file?

We hope that Your Honor is having a pleasant Summer and thank you for your consideration of this request.

Yours sincerely,

Raymond Levites

RAL: nmr

cc: Patrick C. English, Esq. (by facsimile and by mail)
Panos Eliades (*pro se*) and Panix Ltd. (by facsimile and by mail to U.K.)
James J. Binns, Esq. (by facsimile and by mail)

L/15719_b

# EXHIBIT H

LEVY [illegible] ASSOCIATES, LLC
1251 AVENUE OF AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER (212) 688-0012
e-mail: plnyus@aol.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 8/29/06

I am [illegible] to a conference - although [illegible] not clear what can be accomplished that can't be resolved in a matter [illegible] [illegible] when a letter [illegible] - but call Both Chambers & set one up - [illegible] this is [illegible] Mag trial.

August 17, 2006

Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

SO ORDERED:

[signature]
Harold Baer, Jr., U.S.D.J.
Date: 8/21/06

Re: New Jersey Sports Productions, Inc. v. Panos Eliades, et al.
Civil Action No. 06-CV-1509

Dear Judge Baer:

I write as counsel to defendant Banner Promotions Inc. ("Banner") and further to the August 10, 2006 letter of Patrick English, Esq. of Dines & English, LLC, counsel for plaintiff.

In that letter Mr. English requested a status conference in respect of certain issues having primarily to do with defendants Panos Eliades and Panix of the U.S.A as well as certain "...outstanding discovery requests with respect to Banner Promotions." Although Mr. English has already had a meaningful response as to plaintiff's discovery of Banner, he suggests that any issues in respect of such continued discovery "should be resolved sooner rather than later." We agree.

We understand the demands on Your Honor's time and that, in the normal course, Your Honor might refer this to a U.S. Magistrate Judge.

In this instance, in part because we want to ask the Court to stay any further discovery, [at least against Banner] for good cause (Fed. R. Civ. P. 26(c)), pending further developments which could entirely moot this case - we join in Mr. English's request, but ask that you meet with counsel yourself.

L/15719_b

Honorable Harold Baer
Page 2 of 4
August 17, 2006

At the initial meeting of counsel in Your Honor's Chambers on May 11, 2006, you noted that this lawsuit centers, not on any alleged wrongdoing by Banner; but on plaintiff's demand for a portion of the prospective proceeds of an unrelated action brought by Banner in the Nevada courts against its co-defendant here, Don King Productions, Inc.

Defendants Eliades and Panix are plaintiff's judgment debtors from yet another previous case, which was before Your Honor, and apparently have been less than amenable towards plaintiff's attempt at execution. Plaintiff contends here that up to half of any proceeds of Banner's Nevada judgment on appeal would and should be deemed the property of Mr. Eliades and/or Panix USA which, they assert, had a half interest in the proceeds of that Nevada case.

Banner's judgment is just now going up on appeal. The pre-appeal mediation conference was in June. I am reliably informed that the appellate process in Nevada usually takes approximately a year. Should Banner lose, this entire lawsuit would be mooted. Over.

Indeed while considering our pre-trial schedule, Your Honor *sua sponte* raised the question "Isn't this case rather premature?"

Because plaintiff's counsel, Mr. English, vehemently insisted it was not, and because we were then convinced that even the most modest documentary discovery, or an appropriate stipulation, would resolve any issue between Banner and Mr. English-plaintiffs would likely be entitled to Panix's ten percent (10%) of Banner's ultimate net recovery, if ever there were one - I did not then vigorously press this point but suggested that we might soon return to it pending developments.

We so do now because the actual and prospective cost of discovery in time, money and upset to Banner has transcended what should have been minimal; and because plaintiff's counsel, Mr. English, has exhibited no interest in any stipulation or order which would notice him should Banner prevail on appeal in Nevada and otherwise protect plaintiffs asserted interest in any ultimate Banner recovery pending a judicial determination here, should one prove necessary. In fact plaintiff, while thus far having contented himself with aggressive non deposition documentary discovery with interrogatories, seems to consider this case to be an additional instrument of investigation in respect of Mr. Eliades' and Panix's business relationships generally. Whatever animus plaintiff may harbor towards

L/15719_b

Honorable Harold Baer
Page 3 of 4
August 17, 2006

Mr. Eliades, Banner -- with which Mr. Eliades' corporate entity was associates in one or more business projects, is a third party to their dispute.

We urge that this court apply the reasoning in an analogous case, *AT&T Corp. v. Public Service Ents. of Penn., Inc.*, 2000 WL 387738 (E.D. Pa. April 12, 2000). AT&T had been awarded $26 million in an arbitration, which had been confirmed in the Southern District of New York. The defendant PSE appealed to the Second Circuit.

During the pendency of this appeal, AT&T sought to collect on its judgment by bringing suit in the Eastern District of Pennsylvania, alleging that certain individual defendants had rendered PSE insolvent, and unable to satisfy the judgment, by transferring its assets. The defendants sought to stay the action, and to stay discovery on the basis that if PSE were successful in its appeal to the Second Circuit, then the collection action would be rendered moot.

The District Court granted the motion to stay the collection action, holding:

> Defendant Scardino filed a Motion to Stay on March 23, 2000, asking the Court to stay trial of this action pending resolution of the PSEappeal by the United States Court of Appeals for the Second Circuit. The other defendants join in this request, and further ask the Court to stay discovery. AT&T opposes this request, and submits that a stay would prejudice it by delaying collection of the Judgment. The Court has inherent power to control its docket in order to conserve scarce judicial resources. *Cost Bros., Inc. v. Travelers Indemnity Co.*,760 F.2d 58, 60 (3d Cir.1985). Giving due regard to the desirability of resolving litigation comprehensively and conserving judicial resources, the Court ultimately must determine what is the most wise course of judicial administration under all the circumstances. The pending appeal brings the validity of the arbitration award itself into question. At oral argument, Plaintiff's counsel agreed that a reversal by the Second Circuit would render all proceedings in this Court moot. The Court concludes that the efficient and equitable solution would be to stay the present litigation pending a decision by the United States Court of Appeals for the Second Circuit. Staying the instant action

L/15719_b

Honorable Harold Baer
Page 4 of 4
August 17, 2006

> avoids a potentially gross waste of judicial resources.
> Moreover, the Court perceives no prejudice to AT&T in that
> interest continues to run on the Judgment. Accordingly, the
> Court will grant Defendants' Motion to Stay, and place this
> case in civil suspense.

2000 WL 387738 at *5.

Would Your Honor please, in due course, have this letter docketed and made a part of the Court's file?

We hope that Your Honor is having a pleasant Summer and thank you for your consideration of this request.

Yours sincerely,

Raymond Levites

RAL: nmr

cc: Patrick C. English, Esq. (by facsimile and by mail)
Panos Eliades (*pro se*) and Panix Ltd. (by facsimile and by mail to U.K.)
James J. Binns, Esq. (by facsimile and by mail)

L/15719_b

Endorsement:

I am amenable to a conference - although I am not clear what can be accomplished that can't be resolved in a motion or even a letter brief - but call Chambers and set one up - By the way keep in mind this is a May trial.

United States District Court
For the Southern District of New York

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** <br> : <br>     **Plaintiff,** <br> : <br> **v.** : <br> : <br> **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** <br> **PROMOTIONS, INC., DON KING** : <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** : <br> : <br>     **Defendants.** : | Civil Action No. 06 CV 1509 (HB) <br><br> **ORDER TO COMPEL** <br> **PRODUCTION OF** <br> **DOCUMENTS FROM BANNER** <br> **PROMOTIONS, INC.** |

---

      This cause was heard on Plaintiff's Motion for an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure, requiring Defendant Banner Promotions, Inc., to produce and permit the inspection and copying of or photographing by Plaintiff, New Jersey Sports Productions, Inc. of certain documents, whose production was previously requested by Plaintiff, New Jersey Sports Productions, Inc., and to fully answer interrogatories;

      It appearing to the Court that the documents are in the possession, custody or control of Defendant Banner Promotions, Inc., and that they constitute or contain evidence material to matters involved in this action,

**IT IS ORDERED** that Defendant Banner Promotions, Inc. produce and permit Plaintiff's attorneys to inspect and copy or photograph the following documents:

1. All documents related to any past or present contractual interest in boxer Sam Peter.

2. All documents related to the promotion of John Ruiz.

3. All contracts related to the promotion of John Ruiz.

4. All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

5. All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6. All documents which Banner contends supports it affirmative defenses.

7. All documents which Banner contends supports its claim that this matter should be dismissed with prejudice and Banner be awarded costs and attorney's fees.

8. All contracts between this defendant and HBO from 1997 to present.

9. All contracts between this defendant and Showtime from 1997 to present.

10. All contracts between this defendant and English and Company or any company related to Chester English from 1997 to present.

11. Meeting diaries of all persons authorized to transact business on behalf of Banner Promotions, Inc. from January 1, 2000 to present.

12. All contract between Banner Promotions, Inc. and DiBella Entertainment.

13. All correspondence between Banner Promotions, Inc. and the New York Athletic Commission from January 1, 2000 to present.

14. All correspondence between Banner Promotions, Inc. and HBO from January 1, 2000 to present.

15. All correspondence between Banner Promotions, Inc. and Showtime from January 1, 2000 to present.

16. All correspondence between Banner Promotions, Inc. and DiBella Entertainment from January 1, 2000 to present.

17.    All correspondence between Banner Promotions, Inc. and any company associated with Chester English from January 1, 2000 to present.

The documents are to be produced at the examination, pursuant to the agreement of counsel. If the Defendant, Banner Promotions, Inc. desires to photocopy any of the documents, the documents may be delivered to the Plaintiff's counsel.

It appearing to the Court that the Defendant Banner Promotions, Inc. has not provided fully responsive answers to the interrogatories and that they constitute or contain evidence material to matters involved in this action;

**IT IS FURTHER ORDERED** that Defendant Banner Promotions, Inc. provide full and complete written answers to the following interrogatories:

1. Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter. State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person. Attach copies of all written statements received from each such person and copies of documents written by each such person.

2. Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

3. Identify all person(s) with knowledge or information concerning the relationship between Banner and Eliades. For each person identified, set forth their name, address and phone number.

4. Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Ltd. For each person identified, set forth their name, address and phone number.

5. Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:
       a. the name and address of the person who gave the written statement;

      b.  the date the written statement was obtained;

      c.  whether the written statement was signed by the person;

      d.  the name and address of all person(s) who obtained the written statement;

      e.  if recorded, the nature of the recording and the present custodian of the recording;

      f.  attach a copy of all written statements;

      g.  set forth completely the substance of the written statement; and

      h.  identify all persons present when the written statement was prepared and received.

6.  If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:

      a.  the name and address of the person making each said declaration;

      b.  the name and address of the person(s) to whom the declaration was made;

      c.  the nature of the declaration, in detail;

      d.  if the declaration is in writing, attach a copy hereto; and

      e.  the name and address of all person(s) present when the declaration was made.

7.  Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "The complaint fails to state a cause of action for which relief may be granted against defendant Banner Promotions, Inc." asserted by you in this Action.

8.  Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "Venue is improper in the United State District Court for the Southern District of New York" asserted by you in this Action.

9.  Set forth, in detail, the factual bases upon which you rely in support of each your third affirmative defense "This Court lacks in personam jurisdiction over defendant Banner Promotions" asserted by you in this Action.

10. State whether Banner or any principal thereof has ever been rejected upon application to any appropriate state sanctioning body for a boxing promotion license or license issued by a casino regulatory body. If yes, set forth in detail the date of such application and the reason for the denial. Attach copies of all written statements received in conjunction with the rejection.

11. State whether Banner has ever had a boxing license suspended or revoked by any governmental body. If yes, set forth in detail the date of such suspension and/or revocation and the reason for the suspension/revocation. Attach copies of all written statements received in conjunction with the suspension/revocation.

12. State whether Banner has ever voluntarily withdrawn an application for a boxing promoter's license with any governmental body. If yes, set forth in detail the date

of such voluntary withdrawal and the reason for withdrawal. Attach copies of all written statements received in conjunction with the voluntary withdrawal of a promoter's license.

**IT IS FURTHER ORDERED** that Defendant Banner Promotions, Inc, will

comply with this order within thirty (30) days following the issuance of it.

_____

Honorable Harold Baer Jr., USDCJ

Dated: October _____, 2006