DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW
685 VAN HOUTEN AVENUE
CLIFTON, NEW JERSEY 07013

973 - 778-7575
FACSIMILE
973 - 778-7633

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

November 6, 2006

Honorable Harold Baer, Jr., USDJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street/Chambers 2230
New York, New York 10007-1312

  Re: **New Jersey Sports Productions, Inc.**
    **v. Panos Eliades, et al.**
    <u>**Civil Action No.: 06 CV 1509 (HB)**</u>

Dear Judge Baer:

  We are in receipt of the reply of Mr. Levities on behalf of Banner Promotions, Inc. to our motion to compel discovery.

  We wish to note, first, that November 14 is the return date of our motion to compel, not simply a conference as reflected in Mr. Levities' letter.

  We are astounded in that there is no argument that we are not entitled to the discovery requested. Rather, Banner seeks (without motion) a stay of discovery, arguing that it <u>might</u> lose the appeal which is pending in Nevada. This is some five months after the initial due date on most of the discovery.

  The issue came up at the initial scheduling conference.[*] It is our clear recollection (reflected in the scheduling order which eventuated) that the court declined to stay discovery. Now, months later, Banner seeks to revisit the matter. There is not a word in the submission of Banner that this issue was once before the Court, and the application denied.

---

[*] Your Honor did indicate at the scheduling conference that it would consider moving the <u>trial date</u> if logical to do so due to the pendency of the appeal, but the application for discovery stay was denied.

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

Honorable Harold Baer, Jr., USDJ
November 6, 2006
Page 2

       The Court is well aware of the statistics on successful appeals. They are low. Essentially defendant wants to stay the discovery of this case in the unlikely event that its opponent in the Nevada case will be successful in its appeal. Essentially it asks the Court to allow it to bet against itself. Further, it belatedly seeks permission not only to bet against itself, but to stay discovery for an indefinite period of time, with the possibility that relevant documents and information will become lost with the passage of time.[†]

       We fail to understand the relevance of the cases cited by defendant. Abbott Diabetes Care, Inc. v. Dexcom, Inc., 2006 WL 2375035 (D. Del. 2006) involved a patent challenge where the trademark office was conducting a review of the very same matter as that before the Court.

       The two were directly linked. Here, the substantive issues on appeal bear no relationship whatsoever to the issues in the instant action.

       Similarly, the challenged patent in Xerox Corp. v. 3 Com. Corp., 69 F.Supp. 2d 404 (WDNY 1999) was under reexamination when a stay was applied for. Interestingly, the length of possible delay was considered a factor causing the Court in Xerox to deny the requested stay.

       Judge Schindler's decision in Novartis Corporation, et al. v. Dr. Reddy's Laboratories, Ltd., 2004 WL 23236007 (SDNY) is similarly inapplicable. The FDA was considering withdrawing its approval of the drug in question, over which the patent infringement suit before her was brought. This would have mooted the case. Again, this was a patent infringement case.

       This is not a patent case. The issues are completely different than the issues in the Nevada litigation. This is a fraud case and it is our experience that in such cases it is wise to conduct discovery before monies fade or documents become "lost."

---

[†] We have, of course, reviewed the trial record in the Nevada case. We would much rather be in Banner's position in the appeal rather than in Don King Productions' position.

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

Honorable Harold Baer, Jr., USDJ
November 6, 2006
Page 3

      Finally, Cost Bros. Inc. v. Travellers Indemnity, 760 F.2d 58 (3d Cir. 1985) was a construction litigation involving the issue of exhaustion of remedies. It has no relevance here.

      Let us use the document annexed to Mr. Levities' letter as an example. Banner stated last summer that there was a draft statement by Mr. Maloney. On the eve of the discovery motion, a statement now signed, it has been turned over. Obviously it took a motion to obtain the statement. There was no need for this.

      As tempted as we are to do so, we need not go through the very significant holes in the statement submitted by Mr. Maloney. This is a motion to compel discovery, not a summary judgment motion. We simply note at this time that the statement (whether in draft or final form) is relevant, responsive to our discovery request, and should have been produced months ago. As there is no dispute as to relevance, we respectfully submit that a discovery motion should be granted.

      We also note that our motion to amend is not opposed and, respectfully, should be granted.

      Respectfully submitted,

      DINES AND ENGLISH, L.L.C.

BY: _____
      PATRICK C. ENGLISH

/mat
C: All Counsel