**LEVITES & ASSOCIATES, LLC**
1251 AVENUE OF AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER   (212) 688-0012
e-mail: leviteslaw@aol.com

November 4, 2006

Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

      Re: New Jersey Sports Productions, Inc. v. Panos Eliades, et al.
          Civil Action No. 06-CV-1509

Dear Judge Baer:

    I write as counsel to defendant Banner Promotions Inc. ("Banner") and further to our previous letter of August 17, 2006, the most recent conversation and understanding between counsel as confirmed with Mr. Mark Noferi of your chambers and in anticipation of our conference with your Honor on November 14, 2006 at 2:30 p.m.

    First, as to scheduling: Your Honor will have before you, at least in respect of our client Banner, a Motion by plaintiff to Compel further Discovery Pursuant to Rule 37 of the Federal Rules of Civil Procedure and a Motion for Leave to Amend the Complaint to allege or amplify, a voidable fraudulent transfer under New York Debtor and Creditor Law.

    While we originally suggested that we would oppose this application, in these circumstances it appears that this Amendment is permissible under FRCP Rule 15.

    Next are differences in respect of the extent and propriety of the discovery sought by plaintiff's Motion to Compel. You have before you our request that this

---

CONNECTICUT
-FEDERAL BAR ONLY-
MEMBER RIVERSIDE WEST, LLC
327 RIVERSIDE AVENUE, WESTPORT, CT 06880
(203) 226-9393
Telecopier (203) 222 4833

L/15739

LEVITES & ASSOCIATES, LLC

Honorable Harold Baer
Page 2 of 3
November 5, 2006

case be stayed or otherwise placed on the suspense calendar because it is contingent on the future action of the Nevada Supreme Court which could moot this entire matter. Should you find this application appropriate it would obviate the need and rationale for additional discovery at this time. However, to the extent that the defendant Banner has any papers it wishes to submit in specific opposition to Plaintiff's Rule 37 Motion, they will be served on plaintiff by telecopier or by hand during business hours on Monday, November 6, 2006. Plaintiff will serve any reply to those or to the points raised here in respect of a stay on Thursday, November 13, 2006.

  Plaintiff seeks in their Interrogatory Number 8 the written statement of one Frank Maloney. Maloney is a potential witness to the actuality of the Agreement (a copy of which was filed with Banner's Answer as an exhibit) in 2000 between Banner and Panix in which Panix' share of any Nevada judgment was reduced to ten percent (10%). We produce herewith to plaintiff Maloney's statement, with a copy for the court. It confirms that the Agreement on which Banner relies not only predated the Judgment plaintiff seeks to enforce here, but was done before the commencement of the lawsuit in which Plaintiff first asserted its claims against Panix and Mr. Eliades.

  Finally, in our letter of August 17, 2006 requesting a conference to discuss a stay, we cited *AT&T Corp. v. Public Service Ents. Of Penn., Inc.*, 2000 WL 387738 (E.D.Pa. April 12, 2000*)* which in turn cited and quoted *Cost Bros., Inc. v. Travelers Indemnity Co.,* 760 F.2d 58,60 (3rd Cir. 1985).

  The decision to stay a case in the interests of economy of time and effort for itself, for counsel and for the litigants is firmly in the sound discretion of the court. The exercise of that discretion is guided by the following factors:"(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;(2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set." *Abbott Diabetes Care, Inc., v. Dexcom, Inc.,* 2006 WL2375035 (D. Del.) citing *Xerox Corp. v. 3 Com Corp.,* 69 F. Supp.2d 404, 406 (W.D.N.Y. 1999). Because the conclusion of a pending reexamination of the patents-in-suit by the Patent and Trademark Office could substantially narrow and simplify the case before it, the *Abbott* court found that "A stay, therefore, will conserve the

L/15739

## LEVITES & ASSOCIATES, LLC

Honorable Harold Baer
Page 3 of 3
November 5, 2006

resources of the parties and the court, thereby promoting efficiency" and suspended the case.

In the same vein, Judge Scheindlin stayed all proceedings before her pending the decision by the FDA on its own Administrative Stay of Action. *Novartis Corporation, Novartis Pharmaceuticals Corporation and Novartis International AG v. Dr. Reddy's Laboratories, Ltd and Dr. Reddy's Laboratories, Inc.*, 2004 WL 232368007 (S.D.N.Y.). Judge Scheindlin acted because "…the FDA's decision [might] moot the case before this Court" and to "…conserve judicial and party resources by avoiding potentially needless and expensive discovery" citing approvingly *SmithKline Corp. Beecham Corp. v. Apotex Corp.*, No. Civ. A. 99-Cv-4304 et al., 2004 WL 1615307 at *8 (E.D.Pa. July 16, 2004) ("If we declined to stay these proceedings, there is substantial risk that the parties will engage in costly, time-consuming discovery that might ultimately be unnecessary."). FN35.

Thank you for your consideration of this request.

Yours sincerely,

LEVITES & ASSOCIATES, LLC

By: /s/ R.A. Levites
Raymond Levites

Encl.

cc: Patrick English, Esq. (w/encl., by telecopier and mail)
    Dines & English, LLC

L/15739

# STATEMENT OF FRANK MALONEY

I, **FRANK MALONEY**, of Tara, Lower Camden, Chislehurst Kent DR7 5JA, worked as a boxing consultant with Panos Eliades and Panix Promotions Limited from 1991 up until 2000.

I was instrumental in Panix Promotions Limited signing John Ruiz under a Promotional Agreement. I personally worked very closely with John Ruiz and his manager, Norman Stone.

When John Ruiz fought Jimmy Thunder, who was promoted by Banner Promotions Inc., it was agreed between Panix Promotions Limited and Banner Promotions Inc. that they would jointly promote the winner, whoever it was. As it happened, John Ruiz defeated Jimmy Thunder.

In or around 1998, an Agreement was reached between Don King, Panos Eliades and Artie Pellulo that John Ruiz would be jointly promoted by Don King and Panix Promotions Limited/Banner Promotions Inc. However, Don King did not honour the Agreement and Ruiz signed to fight for Don King without Panix Promotions Limited or Banner Promotions Inc.

At the beginning of 2000, Panos Eliades and I did not agree on a number of boxing issues which ultimately led to me parting company with him and his company in August 2000. Our parting was not amicable.

I was aware that Panix Promotions Limited had assigned all but 10% of their rights in Ruiz to Banner Promotions just prior to my leaving Panos Eliades/Panix Promotions Limited. This was one of the specific issues of disagreement between myself and Panos Eliades. I personally felt that it was a

good case to pursue and Mr. Eliades decided that he was not prepared to invest further time and money on Ruiz.

In 2005, I gave evidence in Las Vegas at the trial against Don King and was asked to do so by Mr. Art Pellulo, who paid my air fare, hotel accommodation and expenses.

I know other things about this matter as well.

Signed _____

Dated 19 OCTOBER 2006

...TED KINGDOM )
...don, England) .

...RIBED and SWORN by the above-named at London, England
...19th day of October 2006 before me:

_____
Notary Public of London, England
My Commission is for life