**LEVITES & ASSOCIATES, LLC**
1251 AVENUE OF AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER (212) 688-0012
e-mail: leviteslaw@aol.com

November 6, 2006

Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

      Re: New Jersey Sports Productions, Inc. v. Panos Eliades, et al.
          <u>Civil Action No. 06-CV-1509</u>

Dear Judge Baer:

    I write as counsel to defendant Banner Promotions Inc. ("Banner"), further to Mr. English's letter of today and as additional response to plaintiff's original Motion to Compel.

    Defendant's Banner Promotions Inc. submits this brief letter memorandum in opposition to plaintiff's request for an Order pursuant to Rule 37(a) FRCP compelling the corporate defendant Banner to sign its responses to interrogatories by a principal and to further respond, at this time, to its discovery demand. Mr. Santarcangelo, on behalf of plaintiff, predicts that "Counsel for Banner will surely point to case law from courts such as Fourth and Tenth circuits". Although Banner has, counsel has not apparently included among his exhibits of correspondence Banner's letter of June 20, 2006 which is self explanatory. *See* also *Hyundai Merchant Marine, et al. v. United States*, 1992 WL 168281 *3, an extract of which is attached, in pertinent part for the Court's convenience.

    As a preliminary matter, I take respectful exception to the accuracy of certain statements made in Mr. Santarcangelo's letter of October 5, 2006 and Mr. English' letter to the court of today.

CONNECTICUT
-FEDERAL BAR ONLY-
MEMBER RIVERSIDE WEST, LLC
327 RIVERSIDE AVENUE, WESTPORT, CT 06880
(203) 226-9393
Telecopier (203) 222 4833

L/15739

# LEVITES & ASSOCIATES, LLC

Honorable Harold Baer
Page 2 of 3
November 6, 2006

      For example only, in respect of the representation, at the bottom of the page 5 of his letter of October 5, 2006 in support of this motion to compel discovery, I self evidently did not and could not as plaintiff claims characterize my client Banner's principal, Arthur Pelullo as "not a nice person" notwithstanding that I was apparently on counsel's speakerphone.

      Secondly, in Mr. English's letter of today which seems to have been somewhat early, he suggests that I have previously moved for a stay of this case at our initial scheduling conference, an application which your Honor had supposedly rejected.

      Just to the contrary in response to your Honor's *sua sponte* inquiry upon greeting us, "isn't this case a bit premature?", I responded in substance that we had no objection at that time to at least commencing, discovery which, I in correctly anticipated, would prompt an early end to these proceedings.

      Your Honor then noted in substance that you did not anticipate that there could, in the circumstances, be much discovery observing that the most plaintiff's could likely do was depose "your client" a representative of Banner, presumably Mr. Pelullo. We first requested a stay in our attached letter of August 17, 2006.

      Next, in order of importance to Banner at least are plaintiff's interrogatories such as numbers 21 through 23 which address the prior good conduct, or lack of the same of Arthur Pelullo, Banner's principal.

      Mr. Pelullo is not barred from either the Foxwoods or Mohegan Sun casinos nor boxing premises and subsequent and pursuant to the post appellate hearing and ruling of the Division of Special Revenue of the State of Connecticut on May 16, 2003 he renewed the application for a boxing license at Foxwood's casinos, which he had withdrawn, was granted the license, and has since used it to promote fights at Foxwood.

      Irrespective of whether or not this Court sees fit to stay such "discovery", when the whole case could be mooted in six months, these questions seek little more than to discredit my client in the eyes of this Court.

L/15740

# LEVITES & ASSOCIATES, LLC

Honorable Harold Baer
Page 3 of 3
November 6, 2006

      That is because, as with many of plaintiff's demands these are not "relevant" within the meaning of Rule 26 (b)(1). The term "relevant" prior to 2000, was defined more broadly. The Advisory Committee used "relevant" to mean pertinent to "the claim or defense of any party", a narrowing the pre-2000 use of the term to encompass anything pertaining to the "…subject matter involved in the pending action". *See, Sallies v. University of Minnesota*, 408 F3d 470, 477-78 (8th Cir. 2005); and the narrowing of the scope of discovery to the actual claims and defenses in the action. *See, In re PE Corp. Securities Litigation* 221 F.R.D. 20, 24 (D. Conn. 2003), *Bahler v. Hanlan*, 199 F.R.D. 553, 555 (post 2000 amended Rule 26 is narrower; per the Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1).

      Going further, Mr. Santarcangelo's request repeated, at the bottom of page 4 of his letter motion, referring to Interrogatories 8 and 13, for a "privilege log" is inapposite as such would presumably be employed, if discovery were to continue, in respect of documents only; not responses to interrogatories.

      Finally, while plaintiff's discovery demands are not cumulative some are self evidently burdensome on their face.

Respectfully,

LEVITES & ASSOCIATES, LLC

By: _____*Raymond Levites*_____
      Raymond Levites

Encl.

cc: Patrick English, Esq. (w/encl., by telecopier and mail)
    Dines & English, LLC

L/15740

# LEVITES & ASSOCIATES, LLC

1271 AVENUE OF AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER (212) 688-0012
e-mail: plnyus@aol.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/06

August 11, 2006

Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
500 Pearl Street/Room 2230
New York, New York 10007-1312

Re: New Jersey Sports Productions, Inc. v. Panos Eliades, et al.
Civil Action No. 06-CV-1509

*[Handwritten annotation: I'm aware — it's not clear what can be accomplished that couldn't be resolved in a matter with a letter but let one of you set one up if this is to a conference — chambers here + we will present this at May trial.*

*SO ORDERED.
Harold Baer, Jr., U.S.D.J.
Date: 8/21/06]*

Dear Judge Baer:

I write as counsel to defendant Banner Promotions Inc. ("Banner") and further to the August 10, 2006 letter of Patrick English, Esq. of Dines & English, LLC, counsel for plaintiff.

In that letter Mr. English requested a status conference in respect of certain issues having primarily to do with defendants Panos Eliades and Panix of the U.S.A as well as certain "...outstanding discovery requests with respect to Banner Promotions." Although Mr. English has already had a meaningful response as to plaintiff's discovery of Banner, he suggests that any issues in respect of such continued discovery "should be resolved sooner rather than later." We agree.

We understand the demands on Your Honor's time and that, in the normal course, Your Honor might refer this to a U.S. Magistrate Judge.

In this instance, in part because we want to ask the Court to stay any further discovery, [at least against Banner] for good cause (Fed. R. Civ. P. 26(c)), pending further developments which could entirely moot this case - we join in Mr. English's request, but ask that you meet with counsel yourself.

CONNECTICUT
-FEDERAL BAR ONLY-
MEMBER RIVERSIDE WEST, LLC
327 RIVERSIDE AVENUE, WESTPORT, CT 06880
(203) 226-9393
Telecopier (203) 222-4833

L/15719_b

Honorable Harold Baer
Page 2 of 4
August 17, 2006

    At the initial meeting of counsel in Your Honor's Chambers on May 11, 2006, you noted that this lawsuit centers, not on any alleged wrongdoing by Banner; but on plaintiff's demand for a portion of the prospective proceeds of an unrelated action brought by Banner in the Nevada courts against its co-defendant here, Don King Productions, Inc.

    Defendants Eliades and Panix are plaintiff's judgment debtors from yet another previous case, which was before Your Honor, and apparently have been less than amenable towards plaintiff's attempt at execution. Plaintiff contends here that up to half of any proceeds of Banner's Nevada judgment on appeal would and should be deemed the property of Mr. Eliades and/or Panix USA which, they assert, had a half interest in the proceeds of that Nevada case.

Banner's judgment is just now going up on appeal. The pre-appeal mediation conference was in June. I am reliably informed that the appellate process in Nevada usually takes approximately a year. Should Banner lose, this entire lawsuit would be mooted. Over.

    Indeed while considering our pre-trial schedule, Your Honor *sua sponte* raised the question "Isn't this case rather premature?"

    Because plaintiff's counsel, Mr. English, vehemently insisted it was not, and because we were then convinced that even the most modest documentary discovery, or an appropriate stipulation, would resolve any issue between Banner and Mr. English-plaintiffs would likely be entitled to Panix's ten percent (10%) of Banner's ultimate net recovery, if ever there were one - I did not then vigorously press this point but suggested that we might soon return to it pending developments.

    We so do now because the actual and prospective cost of discovery in time, money and upset to Banner has transcended what should have been minimal; and because plaintiff's counsel, Mr. English, has exhibited no interest in any stipulation or order which would notice him should Banner prevail on appeal in Nevada and otherwise protect plaintiff's asserted interest in any ultimate Banner recovery pending a judicial determination here, should one prove necessary. In fact plaintiff, while thus far having contented himself with aggressive non deposition documentary discovery with interrogatories, seems to consider this case to be an additional instrument of investigation in respect of Mr. Eliades' and Panix's business relationships generally. Whatever animus plaintiff may harbor towards

L/15719_b

Honorable Harold Baer
Page 3 of 4
August 17, 2006

Mr. Eliades, Banner — with which Mr. Eliades' corporate entity was associates in one or more business projects, is a third party to their dispute.

We urge that this court apply the reasoning in an analogous case, *AT&T Corp. v. Public Service Ents. of Penn., Inc.*, 2000 WL 387738 (E.D. Pa. April 12, 2000). AT&T had been awarded $26 million in an arbitration, which had been confirmed in the Southern District of New York. The defendant PSE appealed to the Second Circuit.

During the pendency of this appeal, AT&T sought to collect on its judgment by bringing suit in the Eastern District of Pennsylvania, alleging that certain individual defendants had rendered PSE insolvent, and unable to satisfy the judgment, by transferring its assets. The defendants sought to stay the action, and to stay discovery on the basis that if PSE were successful in its appeal to the Second Circuit, then the collection action would be rendered moot.

The District Court granted the motion to stay the collection action, holding:

> Defendant Scardino filed a Motion to Stay on March 23, 2000, asking the Court to stay trial of this action pending resolution of the PSE appeal by the United States Court of Appeals for the Second Circuit. The other defendants join in this request, and further ask the Court to stay discovery. AT&T opposes this request, and submits that a stay would prejudice it by delaying collection of the Judgment. The Court has inherent power to control its docket in order to conserve scarce judicial resources. *Cost Bros., Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir.1985). Giving due regard to the desirability of resolving litigation comprehensively and conserving judicial resources, the Court ultimately must determine what is the most wise course of judicial administration under all the circumstances. The pending appeal brings the validity of the arbitration award itself into question. At oral argument, Plaintiff's counsel agreed that a reversal by the Second Circuit would render all proceedings in this Court moot. The Court concludes that the efficient and equitable solution would be to stay the present litigation pending a decision by the United States Court of Appeals for the Second Circuit. Staying the instant action

L/15719_b

## LEVITES & ASSOCIATES, LLC

Honorable Harold Baer
Page 4 of 4
August 17, 2006

> avoids a potentially gross waste of judicial resources. Moreover, the Court perceives no prejudice to AT&T in that interest continues to run on the Judgment. Accordingly, the Court will grant Defendants' Motion to Stay, and place this case in civil suspense.

2000 WL 387738 at *5.

Would Your Honor please, in due course, have this letter docketed and made a part of the Court's file?

We hope that Your Honor is having a pleasant Summer and thank you for your consideration of this request.

Yours sincerely,

Raymond Levites

RAL: nmr

cc: Patrick C. English, Esq. (by facsimile and by mail)
Panos Eliades (*pro se*) and Panix Ltd. (by facsimile and by mail to U.K.)
James J. Binns, Esq. (by facsimile and by mail)

L/15719_b

Endorsement:

I am amenable to a conference - although I am not clear what can be accomplished that can't be resolved in a motion or even a letter brief - but call Chambers and set one up - By the way keep in mind this is a May trial.

# LEVITES & ASSOCIATES, LLC
1251 AVENUE OF AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER (212) 688-0012
e-mail: plnyus@aol.com

June 20, 2006

<u>By Telecopier Transmission and By Mail</u>
Patrick C. English, Esq.
Jason M. Santarcangelo, Esq.
Dines & English, LLC
685 Van Houten Avenue
Clifton, NJ 07013

Re: New Jersey Sports Productions, Inc. v. Panos Eliades, *et al.*
<u>Civil Action No. 06-cv-1506</u>

Dear Messrs. English and Santarcangelo:

Hope this finds you well.

Further to your letter of June 19, 2006, thank you for the courtesy implicit in your observation that you would have accorded Banner additional time to respond. I appreciate that and so does Mr. Pelullo.

It has been my impression that counsel for a corporation may respond to and certify interrogatories as an authorized "agent" of the corporation. *See, e.g. Wilson v. Volkswagen of America, Inc.* 561 F2d 494, 508 (4th Cir., 1977), *Sheperd v. America Companies, Inc.* 62 F.3d 1469,1482 (D.C. Cir.1995) and *Rea v. Wichita Mortg. Corp.* 747 F. 2d, 567 (10th Cir. 1984); *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 221 (D.D.C. 2001). However, I may be mistaken; it wouldn't be the first time.

If, after reading the cases you remain of the same view please let me know in order that we have an opportunity to consider any contrary authorities you may wish to bring to our attention and to provide some alternative certification as may be necessary. We can discuss whatever additional deficiencies you believe there

CONNECTICUT
-FEDERAL BAR ONLY-
MEMBER RIVERSIDE WEST, LLC
327 RIVERSIDE AVENUE, WESTPORT, CT 06880
(203) 226-9393
Telecopier (203) 222 4833

L/15705

LEVITES & ASSOCIATES, LLC

Patrick C. English, Esq.
Jason M. Santarcangelo, Esq.
June 20, 2006
Page 2 of 2

may be in Banner's response at some mutually convenient time. You might, I suggest, drop me a line and we can discuss these matters after Banner has had an opportunity to consider your remaining concerns.

    Please forgive my brevity; we have had death in the family and I will be unavailable for the remainder of this week at the minimum.

Yours sincerely,

Raymond Levites
By:NMR

cc: Banner Promotions, Inc.
    Jacob Laufer, Esq.

[*Dictated but not read*]

L/15705

Westlaw.

Not Reported in F.Supp.

Not Reported in F.Supp., 1992 WL 168281 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Page 1

**H**
Briefs and Other Related Documents
Hyundai Merchant Marine v. U.S.S.D.N.Y.,1992.Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
HYUNDAI MERCHANT MARINE, et al., Plaintiffs,
v.
UNITED STATES, Defendant.
**No. 89 Civ. 2025 (PKL).**

June 30, 1992.

*MEMORANDUM OPINION AND ORDER*
BARBARA A. LEE, United States Magistrate Judge.
*1 This action against the United States for negligence was referred for pretrial supervision by the Hon. Peter K. Leisure, U.S.D.J., by Order of Reference entered March 20, 1991. It arises out of the grounding of plaintiffs' vessel off the coast of Brazil in 1987, which plaintiffs contend was caused by negligent publication of an inaccurate nautical chart by the United States government. Presently before me are five motions to compel discovery, on which the parties have submitted affidavits, exhibits and other papers totalling several thousand pages, as well as defendant's application for an extension of the discovery deadline. For the reasons discussed below, defendant's motions are denied (Part I); plaintiffs' motion is granted in part and denied in part (Part II); and all parties are to bear their own expenses (Part III). Part IV of this Memorandum Order and Opinion sets a schedule for completion of all remaining pretrial proceedings.

BACKGROUND

This action was filed March 24, 1989. Although the only material issues going to liability appear to be whether the United States was negligent in the publication of certain nautical charts and, if so, whether that negligence was the proximate cause of the grounding of plaintiffs' vessel, the case is not, after more than three years, even close to being ready for trial. Discovery has proceeded only with great difficulty, in part because of the obstructionist strategy adopted by the defendant, as discussed in my Memorandum Opinion and Order entered September 16, 1991 ("Sept. 16 Order"), familiarity with which is assumed.

The Sept. 16 Order resolved the disputes then pending and specified procedures for the future conduct of discovery "intended to curb the abuses that have occurred thus far." [FN1] Two of its provisions are relevant to the instant motions.

Defendant's claims of governmental privilege were overruled by virtue of its failure to comply with the requirements of local Civil Rule 46(e) and *United States v. Reynolds,* 345 U.S. 1 (1953).[FN2] However, because state and military secrets were claimed to be involved, defendant was given one final opportunity to reassert its claims of governmental privilege in the proper manner, the procedures for which were set out in detail in ordering ¶ III A:
A. *Procedures for Invocation of Privilege in Response to Document Requests:*
1. As to plaintiffs' currently outstanding document requests, defendant shall serve no later than close of business on October 15, 1991 the following:
(a) A list of all documents responsive to plaintiffs' outstanding document requests as to which privilege is claimed, specifying the information required by local Civil Rule 46(e)(2); and
(b) As to any documents or categories of documents as to which any form of governmental privilege is claimed, whether denominated "decision-making," " state secret" or otherwise, an affidavit of the Secretary of Defense stating that he has personally reviewed the documents and made an independent determination not based upon the conclusory determination of the attorney representing

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                Page 3
Not Reported in F.Supp., 1992 WL 168281 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

the court can determine what issues are in dispute without the necessity of consulting any other document; or (b) by withdrawing the pending motions without prejudice and filing new motion papers, returnable on any business date after March 24, dealing only with the matters still in dispute. Whichever method is selected, care should be taken that the papers submitted do not include material unnecessary to judicial determination of the issues still in dispute.

*3 Plaintiffs elected to file a new notice of motion, returnable April 14, 1992, limited to the matters still in dispute. Defendant did not follow either of the alternative courses permitted by the March 5 Order. Instead, on March 24, 1992, defendant's attorney submitted copies of portions of his original moving papers in which his "affidavits" (but not the prayers for relief in the notice of motion) were marked up with handwritten notations that, according to a covering letter, were intended to identify matters that had been "withdrawn." On the same date, March 24, defendant filed a third motion to compel, returnable April 14, 1992, seeking more complete answers to certain **interrogatories** than had apparently been furnished by plaintiffs at the February 20 conference already referred to. Defendant's fourth motion to compel, returnable June 2, 1992, was filed May 18, 1992.

Meanwhile, the March 5 Order also extended the deadline for fact discovery until March 31, 1992, and adjourned the March 17 conference *sine die* until after a ruling on the issue of the "state secrets" privilege.

I. *Defendant's Motions to Compel.*

1. *Motions Returnable February 21.* The matters at issue in the two motions returnable February 21 were substantially, if not entirely, resolved as a result of a conference between the parties on February 20, 1992. It is impossible to determine, from the confusing materials filed on March 24, which (if any) of the matters sought in the original notices of motion remain in dispute. Plaintiffs, on February 25, 1992, took the position that the only

remaining issue was extension of the discovery deadline.[FN7] Defendant's letter dated March 24, 1992 does not address that question directly, but appears to imply that some of the documents sought by the original notice of motion are still outstanding. Rather than do the work necessary to present any remaining disputes in a form susceptible of judicial resolution pursuant to the March 5 Order, defendant's counsel apparently expects the court to do this for him, and somehow to divine from his incoherent handwritten notations what documents he is seeking and why they should be produced. This procedure is as inappropriate as it is unprofessional. The function of the court is to resolve genuine disputes. If there is any remaining dispute as to the documents sought by the defendant's two motions returnable February 21, it cannot be discerned on the state of the present record. Both motions are accordingly denied as moot.[FN8]

2. *Motion Returnable April 14.* Defendant contends that the responses to certain **interrogatories** served November 3, 1991, were signed by counsel for plaintiffs rather than by a party, and that the content of the responses to **Interrogatories** 1(a)-(d), 5(a)-(c), 7(b), 12(a)-(e) and 13 are "insufficient and or improper."[FN9] Neither of the asserted grounds entitles defendant to relief.

**Interrogatories** are required to be "answered by the party served," which in the case of a **corporate party** means "by any officer or **agent**." Rule 33(a), Fed.R.Civ.P. An attorney of record for the **corporate party** is certainly an "**agent**" of the party within the meaning of the Rule. Absent any showing that the responses were unauthorized or otherwise insufficient, defendant offers no legally sufficient reason why some other **corporate agent** should be required to sign.

*4 Defendant's objections to the content of plaintiffs' responses are also without merit. Plaintiffs' references to the documents in which the answers may be found were clear and, in the circumstances of this case, appropriate. While overlapping discovery requests are sometimes unavoidable because the inquiring party does not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.