**LEVITES & ASSOCIATES, LLC**
1251 AVENUE OF AMERICAS
SUITE 920
NEW YORK, NEW YORK 10020
(212) 688-0500
TELECOPIER  (212) 688-0012
e-mail: leviteslaw@aol.com

November 15, 2006

Hon. James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

    Re: New Jersey Sports Productions, Inc. v. Panos Eliades, et al.
        <u>Civil Action No. 06-CV-1509</u>

Dear Judge Francis:

    I write as counsel to defendant Banner Promotions Inc. ("Banner"), and further to our conference of yesterday.

    In considering the discovery demands and objections before Your Honor, you should be advised that this writer has today received a Notice to take the Deposition of Defendant Banner on November 27, 2006 and demanding to take the same by Arthur Pelullo, a principal of Banner. A copy of the notice is attached. Banner has nothing to hide in this lawsuit. It could object and offer to produce some other employee or representative of the corporation with knowledge. We are producing Mr. Pelullo.

<u>Interrogatories</u>

    Plaintiff served interrogatories numbered 1-30 but which in several instances, particularly interrogatories 1, 2, 8, 9, 10 and 21 through 30 consisted of multiple, often discrete, subparts.

    This practice is inconsistent with the presumptive limitations of Fed. R. Civ. P. 33(a) *Zito v. Leasecom Corp.* 233 F.R. D. 395 (S.D.N.Y, 2006). Banner took issue at the time with the number and form of interrogatories in contravention

CONNECTICUT
-FEDERAL BAR ONLY-
MEMBER RIVERSIDE WEST, LLC
327 RIVERSIDE AVENUE, WESTPORT, CT 06880
(203) 226-9393
Telecopier (203) 222 4833

L/1541

LEVITES & ASSOCIATES, LLC

Honorable James C. Francis IV
Page 2 of 5
November 15, 2006

of the plain meaning of the rule (*Valdez v. Ford Motor Co.* (1991, D. Nevada) 134 FRD 296 [criticized by *Grin v. Gemini Inc.* (D. Nevada) 137 FRD 320] *see also* Notes of Advisory Committee on 1993 Amendments to Federal Rules of Civil Procedure). After discussing the issue with counsel and without foregoing to right to object to multiple subparts Banner responded, in pertinent part and as best it could in the circumstances, to the core or central questions posed in interrogatories numbered 1 through 25 rather than to the first twenty five questions including subportions. Most, if not all of the "subparts" should be disallowed.

### Claims and Contentions of the Opposing Party

Plaintiffs, moreover, have prematurely sought the claims and contentions of Banner in their initial interrogatories 13 through 18 in contravention of Local Civil Rule 33.3 (a) and (b) and notwithstanding the impending deposition of Banner on November 27, 2006.

### Work Product Privilege

Interrogatories numbered 10 and 13 through 17, although they purport to seek "facts"; are not questions which could be answered by a *lay* client. The reality of the situation is that, in contravention of *Hickman v. Taylor*, 329 US 495 (1947) they violate the work product privilege by effectively compelling defense counsel to express his conclusions through his client and to disclose the operation of his mind and his impressions of the case. No matter how phrased, these are legal questions. Some require counsel to select for plaintiff from among otherwise already disclosed or disclosable relevant facts, and facts already known to plaintiff and are mixed questions of facts and law.

Better to ask, we respectfully suggest, "Do you have an office or bank account in New York?" than to ask the questions posed by counsel which purport, for example only, to have someone at Banner, opine as to facts determinative of venue and jurisdiction, legal conclusions.

There have certainly been courts which have expressed a different view, e.g. *Sargent-Welch Scientific Company v. Ventron Corporation and Vertron Instrument Corp.*, 59 FRD 500 (N.D. Illinois 1973).

However, as the Second circuit (in a somewhat different context) *In re: Grand Jury Subpoena Dated October 22, 2001*, 228 F. 3d 156, 160 (2nd Cir. 2002) in recognizing that "the work product privilege establishes a zone, of privacy, for

Honorable James C. Francis IV
Page 3 of 5
November 15, 2006

an attorney's preparation to represent a client in anticipation of litigation" observed:

> "...the district court at one point intimated a view that the work product privilege may have no application to facts, as opposed to opinions and strategies. We believe this to be an overstatement. While it may well be that work product is more deeply concerned with the revelation of an attorney's opinions and strategies, and that the burden of showing substantial need to overcome the privilege may be greater as to opinions and strategies than as to facts, see Fed.R.Civ.P. 26(b)(3), we see no reason why work product cannot encompass facts as well." *Id.* at 161.

Plaintiff has made no showing of substantial need to overcome the privilege. It is certainly free to seek documents relevant to the issues raised in Banner's affirmative defenses, and in fact has done so in respect of certain document requests which, they have advised us, pertain only to the issues of venue and jurisdiction.

Banner will promptly provide such a privilege log as the Court might conceivably direct but, in these particular circumstances, I acknowledge some confusion as what one would to put in it in respect of our review of various facts we have elicited, documents we have examined and, most importantly, the conclusions we have, at least tentatively reached grounded on those facts.

## Confidentiality

Because the fight business is not only litigious and intensely competitive; but so small as to be virtually incestuous, and because even plaintiff Main Events is a competitor of Banner's; Banner respectfully requests an appropriate confidentiality order in respect of the substance of Banner's contracts, agreements, business and distribution arrangements, and the like.

It is my understanding from a cursory discussion yesterday with Mr. English, Plaintiff's lead counsel, that he has no objection to the same; nor to Banner's redaction of dollar amounts; he will presumably confirm this to the court before we submit a proposed order.

**LEVITES & ASSOCIATES, LLC**

Honorable James C. Francis IV
Page 4 of 5
November 15, 2006

Yesterday counsel mentioned, when I raised the subject with Judge Baer, that he has no equity interest in plaintiff Main Events, on whose behalf he has regularly acted for years. In view of that representation we do not seek any further assistance of the court at this time.

Irrelevancy and Overbreadth

In any assessment of the relevance of discovery demands please keep in mind two propositions which, it appears, are uncontested: (a) there is no dispute that at least one of the Defendant Eliades' Panix entities was originally associated with Banner in the co-promotion of the fighter John Ruiz which figured in the Nevada case and (b) in terms of any fraudulent conveyance claim the Agreement between a Panix entity and Banner that Banner would prosecute the lawsuit and, if successful, get ninety percent of the net proceeds, was made in 2000 and plaintiff's lawsuit before Judge Baer which resulted in a judgment it seeks to enforce against the "Panix parties" only began in 2001. Of course, plaintiff has a right to question the authenticity of the entire document.

Banner respectfully further objects on the grounds of irrelevance and over breadth to any interrogatories, specifically numbers 21, 22 and 23, seeking any more information than has already been provided plaintiff and, yesterday, to Your Honor, in respect of findings by the New Jersey and Connecticut Authorities.

Aside from the fact that we have substantially and effectively already responded to all three interrogatories by delivery of official documents recounting in painful detail Banner's occasional regulatory travail; these interrogatories should be sharply and specifically restricted to seeking chronologically relevant evidence of Banner's fraudulent conduct, untruthfulness and the like which could, at least arguably, be used for impeachment. Surely counsel does not intend to cross-examine Banner's principal as to who he has been "associated" with recently, much less twenty years ago.

Documents Demand

As to plaintiffs' document demands Banner objects to Document Request Number 11 as overly broad, oppressive and irrelevant. How would, say, Ruiz's food expenses be relevant to the authenticity of the assignment at issue? In fact, the potentially relevant documents are requested in Demand No. 13, a subset; and even that is overbroad.

LEVITES & ASSOCIATES, LLC

Honorable James C. Francis IV
Page 5 of 5
November 15, 2006

   Banner objects to Document demands numbered 17 and 18 for the same reasons set forth above in respect of interrogatories which infringe on the work product privilege and implicitly require the thought process and legal conclusions of counsel.

   We further object to providing materials sought in Supplemental demands 1 through 3 and 5 through 10 as irrelevant and overbroad except to the extent they are limited to correspondence sent to New York or emanating from New York or were in respect of events involving Banner occurring in New York, and contracts which were executed by Banner in New York or which were to be performed by Banner in New York.

   As to the diaries of Banner persons and agents sought in plaintiff's supplemental demand number 4; these should be redacted except to the extent they reflect references to persons, business entities, meetings, phone calls or business activities by Banner in, to or from New York.

   We appreciate Your Honor's further consideration of these matters.

         Respectfully,

         LEVITES & ASSOCIATES, LLC

         By: *R.A. Levites*
            Raymond Levites

Encl.

cc: Patrick English, Esq. (w/encl., by telecopier and mail)
  Dines & English, LLC

United States District Court
For the Southern District of New York

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** d/b/a **MAIN EVENTS**<br><br>Plaintiff,<br><br>v.<br><br>**PANOS ELIADES, PANIX PROMOTIONS, LTD., PANIX OF THE U.S., INC., BANNER PROMOTIONS, INC., DON KING PRODUCTIONS, INC. AND JOHN DOES 1-5**<br><br>Defendants. | Civil Action No. 06 CV 1509 (HB)<br><br>**NOTICE TO TAKE DEPOSITION** |

---

TO: Raymond Levites, Esq.
Levites & Associates, L.L.C.
1251 Avenue of Americas
Suite 920
New York, New York 10020

DEAR SIR:

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, plaintiff New Jersey Sports Productions, Inc. will take the deposition of Arthur Pelullo on November 27, 2006 at 10:00 a.m. You are to produce Arthur Pelullo to appear for deposition at the offices of Dines and English, LLC, 685 Van Houten Avenue, Clifton, New Jersey.

Depositions should continue day to day until complete.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
Attorney for Plaintiff
New Jersey Sports Productions, INc.

Date: November 15, 2006