# DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

November 16, 2006

Honorable James C. Francis, IV,
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street/Room 1960
New York, New York 10007-1312

Re: **New Jersey Sports Productions, Inc.
v. Panos Eliades, et al.
<u>Civil Action No. 06-CV-1509</u>**

Dear Judge Francis:

We are in receipt of a letter sent late last night by counsel for defendant Banner Promotions, Inc. We note that virtually all the objections raised are new and were not raised in Banner's initial response.

We first wish to point out that at the outset of this case counsel, as required under the rules, conferred. Counsel for Banner specifically requested that we begin with paper discovery (interrogatories and document demands) and hold off on depositions because, as he stated, he was trying to save his client money in litigation expenses. We agreed to do so. Counsel did not object when discovery was served to the use of interrogatories – indeed, he could not as he requested same in lieu of immediate depositions. He <u>did</u> object, subsequently, to interrogatories in excess of 25. And we agreed that those in excess of 25 (Nos. 26-30) did not have to be answered. We did have substantive discussions about subparts, more specifically the partial answers submitted to Nos. 1 and 2. It was agreed during the conference on June 30 that the additional information, such as address and phone number would be provided. Despite the conference, subsequent letter writing and filing of this Rule 37 motion on October 6, no additional discovery has been provided. Instead, the discovery deadline looms.

One issue raised by Your Honor during conference on November 13 was Local Civil Rule 33 and this Court's disfavor on interrogatories. We submit that we proceeded through written interrogatories <u>after</u> consulting with counsel for Banner and as an acquiescence to him

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

**The Honorable James C. Francis, IV., U.S.M.J.**
**November 16, 2006**
**Page 2**

that the most efficient way initially, of gathering information would be by written document demand and by interrogatories. This is in full compliance with Local Rule 33(a), and 33(b)(a)(1). Finally, defendant cannot be heard to object to a discovery methodology which its counsel requested to save money.

Counsel for Banner Promotions contends that interrogatories 1, 2, 8, 9, 10 and 21 through 30 consisted of multiple, often discrete, subparts. First, as counsel agreed, interrogatories numbers 26-30 are not being answered. Interrogatories numbers 9, 22, 24 and 25 are not at issue in this motion to compel discovery. The "subparts" complained of, are not discrete, rather they relate directly to the first question and must be answered.

As to the parts that could be considered that have subparts, it is Main Events assertion that the "subpart" relates directly to the core of the question and is not a discrete second topic. The prevailing national opinion is that a subpart only counts as additional question when the subpart "introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it." Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005). See also Swackhammer v. Sprint Corporation PCS, 225 F.R.D. 658, 664-65 (D. Kansas 2004) (Finally, the Court observed that an interrogatory containing subparts directed at eliciting details concerning a "common theme" should generally be considered a single question. On the other hand, an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory); Estate of Manship v. United States, 232 F.R.D. 552, 557 (M.D.La. 2005) (The subparts of Interrogatory Nos. 1 through 4 seek "who, what, when, where, and how" information which relates to the common theme presented in the request for admission, and the Court agrees with the plaintiffs that they constitute a total of four interrogatories); Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 47 (D.Conn. 2004) (In finding that the plaintiffs are not required to file leave to ask additional interrogatories the Court agreed with "the Advisory Committee notes to the 1993 Amendment to the Rule distinguish[ing] between joining requests about "discrete separate subjects" into a single interrogatory, which is improper, from the permissible practice of using a single interrogatory to ask for information about all "communications of a particular type [which] should be treated as a single interrogatory even though it requests time, place, persons present, and contents be stated separately for each communication.") The "subparts" complained of by Banner's counsel are "who, what, when, where, and how" questions. They seek information directly related to the core of each interrogatory. The "subparts" to the extent they actually exist, must be answered.

The interrogatories complained of by Counsel for Banner and <u>are in before this Court in this Motion</u> (Nos. 1, 2, 8, 10, 13, 14, 15, 21, and 23) are as follows:

1. Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter. State the source of knowledge of

**DINES AND ENGLISH, L.L.C.**
ATTORNEYS AT LAW

The Honorable James C. Francis, IV., U.S.M.J.
November 16, 2006
Page 3

    each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person. Attach copies of all written statements received from each such person and copies of documents written by each such person.

2. Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

8. Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:
    a. the name and address of the person who gave the written statement;
    b. the date the written statement was obtained;
    c. whether the written statement was signed by the person;
    d. the name and address of all person(s) who obtained the written statement;
    e. if recorded, the nature of the recording and the present custodian of the recording;
    f. attach a copy of all written statements;
    g. set forth completely the substance of the written statement; and
    h. identify all persons present when the written statement was prepared and received.

10. If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:
    a. the name and address of the person making each said declaration;
    b. the name and address of the person(s) to whom the declaration was made;
    c. the nature of the declaration, in detail;
    d. if the declaration is in writing, attach a copy hereto; and
    e. the name and address of all person(s) present when the declaration was made.

13. Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "The complaint fails to state a cause of action for which relief may be grated against defendant Banner Promotions, Inc." asserted by you in this Action.

14. Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "Venue is improper in the United State District Court for the Southern District of New York" asserted by you in this Action.

15. Set forth, in detail, the factual bases upon which you rely in support of each your third affirmative defense "This Court lacks in personam jurisdiction over defendant Banner Promotions" asserted by you in this Action.

**DINES AND ENGLISH, L.L.C.**
ATTORNEYS AT LAW

The Honorable James C. Francis, IV., U.S.M.J.
November 16, 2006
Page 4

21. State whether Banner or any principal thereof has ever been rejected upon application to any appropriate state sanctioning body for a boxing promotion license or license issued by a casino regulatory body. If yes, set forth in detail the date of such application and the reason for the denial. Attach copies of all written statements received in conjunction with the rejection.

23. State whether Banner has ever voluntarily withdrawn an application for a boxing promoter's license with any governmental body. If yes, set forth in detail the date of such voluntary withdrawal and the reason for withdrawal. Attach copies of all written statements received in conjunction with the voluntary withdrawal of a promoter's license.

Banner continues to contend that the interrogatories were in contravention of the plain meaning of Rule 33. We disagree. First, the parties agreed to start discovery with interrogatories and document demands as a less expensive means of conducting discovery as opposed to depositions. Furthermore, Banner's counsel agreed to supply answers to subparts in number 1. This agreement is memorialized in Jason Santarcangelo, Esq.'s letter of July 18 (attached as Exhibit D to his certification of October 5, 2006) which was not refuted by Banner's counsel.

Additionally, Counsel objected to interrogatories numbers 8 and 10 on grounds of work product privilege. In the July 18 letter, counsel for Main Events confirmed and agreed to not argue that Banner had waived it work product privilege when an answer was provided. As to interrogatory number 21 it was offered that Counsel would check into the events and provide an answer. There was a mutual understanding that additional information such as addresses and phone numbers and answers to Nos. 8 and 10 would be provided. Yet, to date no information has been provided. The questions are reasonably calculated to lead to relevant information. Answers are required.

Finally, as to interrogatory number 23 the parties disagreed about the relevance of question. However, counsel for Banner made an extensive oral appeal to the Court, in the November 14 conference, regarding Mr. Pelullo's character and provided the Court and counsel with documents purported to demonstrate his client's good character. Mr. Levites has spent considerable time "building" the character of his client and for this reason Main Events should be allowed to reach its own determinations of Mr. Pelullo's character. Character is relevant in cases involving fraud. Mr. Levites can not now complain interrogatories are inappropriate. This interrogatory must be answered.

Counsel for Banner also objects, for the first time that under Local Rule 33 interrogatories Nos. 13 through 18 should not have to be answered. To that end, only interrogatories 13, 14, and 15 are at dispute in this motion to compel. Nos. 13 through 15 are

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

The Honorable James C. Francis, IV., U.S.M.J.
November 16, 2006
Page 5

each directly related to affirmative defenses raised in Banner's answer. It is the contention of Main Events that the information is relevant and/or can lead to relevant information. Furthermore, Banner can not have use Local Rule 33 as a shield when it requested the use of interrogatories as a cost effective means prior to and during the Rule 16 conference. The questions are designed to elicit facts that relate to the following affirmative defenses: "failure to state a cause of action," "improper venue," and "personal jurisdiction." Is it not the most economically to provide a factual answer that could "end" the case right now, rather then proceed? Banner's counsel can not have it both ways. The questions are relevant. It should not be now argued that the questions are not the best manner to proceed. By agreeing to start with interrogatories and document demands, Banner has waived it any defense that Local Rule 33 could have provided. The interrogatories shall be fully and responsively answered.

In today's letter to Judge Francis counsel for Banner again raises the issue of work-product privilege. If, as stated in its answer, Banner continues to assert work-product privilege to these requests, a privilege log is required by Local Rule 26.2. This issue is more fully briefed in letter dated November 7 to Judge Baer from Dines and English and is incorporated by reference. The questions complained of and in dispute are Nos. 10, 13, 14, and 15. Each interrogatory in question does not ask for the "legal conclusions" of any kind. Rather, the questions ask for the facts. No. 10 asks for statements against interest. This is a common interrogatory question. If such a statement has been made and it is known it must be disclosed. Nos. 13-15 ask for the factual basis for affirmative defenses, not the legal conclusions of counsel. Again, in the interests of cost efficiency, if someone has stated something or has a document that would preclude by way of example, personal jurisdiction, the information must be disclosed. Counsel has two choices, provide answers or provide a log. Main Events can no longer sit idly by and wait for Banner to think about its options.

The bottom line is that the answers to the interrogatories must be provided. We are less than 30 days away from the close of discovery. The stonewalling must end. Full and responsive must be provided.

Counsel also brings up for the first time in this Motion concerns about irrelevancy and overbreadth of both interrogatories and document demands. With respect to the interrogatories, counsel is concerned about Nos. 21 through 23 and suggests that at a maximum a time restriction be placed on the information and that it has responded by providing partial answers to all three questions. The questions are not irrelevant. They go directly to the character of Banner's principal, Arthur Pelullo. Under Rule 26, more fully briefed in the November 7 letter to Judge Baer requires only that "parties may obtain discovery regarding any matter, not privileged." F.R.C.P. 26. Main Events contends that character is important in all matters, especially in those cases related to fraud. How can counsel provide the documents it chooses? The character issues raised as irrelevant here are more fully briefed in the November 7 letter to Judge Baer. Mr.

**DINES AND ENGLISH, L.L.C.**
ATTORNEYS AT LAW

**The Honorable James C. Francis, IV., U.S.M.J.**
**November 16, 2006**
**Page 6**

Pelullo's character as signatory on the alleged assignment is relevant. Character can not be ignored. All documents requested in interrogatory Nos. 21-23 must be provided immediately.

Turning to the Document Demands complained of for the first time in this Motion, Document Demand No. 10 asks "All documents related to any past or present contractual interest in boxer Sam Peter." Mr. Levites has indicated that he would speak with his client regarding whether Banner has had any interest, at any time, with Samuel Peter and provide the appropriate documents or an answer that Banner had no interest. To date no answer has been provided. This is relevant because at one point Panix had an interest in Peter and we wish to determine the extent of what we allege to be fraudulent transfers.

Document Demand Nos. 11 and 13 ask:

11. All documents related to the promotion of John Ruiz.
13. All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

Banner has not provided all documents related to the promotion of John Ruiz. Main Events has particularly asked for those documents related to the expenses and income to independently determine who paid Mr. Ruiz. Of particular interest in a this matter is the use of "Inc." or "Ltd." by Panos Eliades and Banner in the documents associated with the promotion of Mr. Ruiz. This information is relevant and likely to lead to admissible evidence satisfying the Rule 26 standard. These documents will show who did what with respect to the promotion of Ruiz, and also show the web of contractual relationships.

Document Demand Nos. 17 and 18 ask:

17. All documents which Banner contends supports its affirmative defenses.
18. All documents which Banner contends supports its claim that this matter should be dismissed with prejudice and Banner be awarded costs and attorney's fees.

Mr. Levites continues to claim that the demands call for legal conclusions. However, Main Events contends that all documents that are relevant to a claim that this matter should be dismissed should be turned over. Counsel for Banner has continually stated that a primary concern is the cost of this litigation. Would not turning over all documents that could support an affirmative defense would be the most cost effective means of possibly disposing of the matter? Alternatively, a privilege log must be given. In either instance, as Judge Baer's immovable discovery deadline looms and Banner's stonewalling continues. These documents must be immediately provided.

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

The Honorable James C. Francis, IV., U.S.M.J.
November 16, 2006
Page 7

The Supplemental Document Demand was generated in response to the claim by Banner that this Court does not have personal jurisdiction over it. No documents have been produced. No objections have been filed. Or alternatively, no privilege log has provided. All requested documents are relevant to demonstrate personal jurisdiction. More specifically they are designed to demonstrate that Banner does business in New York. These documents can not be withheld.

Additionally, in the papers received today from counsel for Banner Promotions, Inc. a Confidentiality Order is requested. While it had previously requested deletion or redaction of certain material (to which we had agreed), we had never before been asked for a Confidentiality Order. The clock is ticking and Judge Baer is generally not flexible as to discovery deadlines. We have no intention of arguing about a Confidentiality Order and to speed the process we have taken Judge Rakoff's standard form of Protective Order and are submitting it. The only change to the form other than the addition of the parties' names is the addition of the word "purses" in paragraph 2(a), since we are aware that defendant may wish to keep confidential boxer's purses. We ask that the documents be turned over under this order immediately. However, in light of the Confidentiality Order, to which we consent, there is no need to permit redaction.

Respectfully submitted,

**DINES AND ENGLISH, L.L.C.**

BY:   /s/ Jason M. Santarcangelo
       JASON M. SANTARCANGELO


BY:   /s/ Patrick C. English
       PATRICK C. ENGLISH


CC.  All Counsel

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** d/b/a **MAIN EVENTS** : | Civil Action No. 06 CV 1509 |
| **Plaintiff,** : | |
| v. : | **AFFIDAVIT OF** |
| **PANOS ELIADES, PANIX PROMOTIONS, LTD., PANIX OF THE U.S., INC., BANNER PROMOTIONS, INC., DON KING PRODUCTIONS, INC. AND JOHN DOES 1-5** : | **PATRICK C. ENGLISH** |
| **Defendants.** : | |

---

**PATRICK C. ENGLISH**, being of age and duly sworn, hereby states:

1) I am the counsel for plaintiff in this matter.

2) Prior to the Scheduling Conference before Judge Baer on May 11, 2006 I conferred with counsel for defendant Banner Promotions, Inc. We expressly discussed the fact that an appeal was pending in Nevada which could have an effect on the corpus of funds being sought in this case. Mr. Levites expressly requested that discovery begin through the use of interrogatories and document demands rather than depositions under the theory that this would be less expensive for his client than would be deposition, particularly if the Nevada Appellate Court reversed the judgment resulting in the funds

we are seeking in the underlying case. We agreed to do so as long as consistent with our obligation to our client.

3) This conversation was restated at the time of the scheduling conference before Judge Baer.

4) After we served interrogatories Mr. Levites objected to interrogatories numbering more than 25. I had a discussion with him about this and told him that I would agree that only the first 25 need be answered. He agreed with this and at no time objected to responding to the subparts. Again, our method of proceeding was consistent with defendant's express wish that paper discovery be conducted due to counsel's belief that this would save costs and be more efficient.

5) I also wish to point out to the Court that discovery ends on December 15. We have consistently told counsel for Banner that we had no objection to his blacking out or otherwise redacting the figures in contracts. He <u>now</u> wants a Confidentiality Order. We have no objection to a Confidentiality Order, but we were never before asked for one. As we are at the end of the discovery period the turnover of documents should be executed immediately. Thus, we are submitting a Confidentiality Order. However, there is no need for both a Confidentiality Order <u>and</u> redaction.

_____
PATRICK C. ENGLSH

Sworn and subscribed to before me
this 16th day of November, 2006.

MARCIA A. TAYLOR
A NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 8, 2010

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : d/b/a MAIN EVENTS : **Plaintiff,** : v. : **PANOS ELIADES, PANIX PROMOTIONS, LTD., PANIX OF THE U.S., INC., BANNER PROMOTIONS, INC., DON KING PRODUCTIONS, INC. AND JOHN DOES 1-5** : **Defendants.** : | Civil Action No. 06 CV 1509<br><br>**PROTECTIVE ORDER** |

---

Honorable James C. Francis, IV, U.S.M.J.

**BANNER PROMOTIONS, INC.** having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case, and the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

**ORDERED** that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested person with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1)  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidentiality Discovery Material to anyone else except as expressly permitted hereunder.

2)  The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a)  previously nondisclosed financial information (including without limitation profitability reports or estimates, fees, design fees, royalty rates, minimum guarantee payments, purses, sales reports and sale margins);

   b)  previously nondisclosed material relating to ownership or control of any non-public company;

   c)  previously nondisclosed business plans, product development information, or marketing plans;

   d)  any information of a personal or intimate nature regarding any individual; or

   e)  any other category of information hereinafter given confidential status by the Court.

3) With respect to the Confidential porition of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4) If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5) No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a) the parties to this action;

    b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      c)    as to any document, its author, its addressee, and any other person indicated on the fact of the document as having received a copy;

      d)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      e)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      f)    stenographers engaged to transcribe depositions conducted in this action; and

      g)    the Court and its support personnel.

6)     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7)     All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under

seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

8) Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9) All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10) Each person has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11) This Protective Order shall survive the termination of the litigation. Within 30 days of the final dispositions of this action, all Discovery Material designated as "Confidential," and all copies therefore, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

12)  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

_____
Honorable James C. Francis, IV, U.S.M.J.

Dated: November    , 2006
New York, New York

# **EXHIBIT A**

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> d/b/a **MAIN EVENTS** <br> : <br> **Plaintiff,** <br> : <br> v. <br> : <br> **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** : <br> **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** : <br> **Defendants.** : | Civil Action No. 06 CV 1509 <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for

the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____   _____