United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

**NEW JERSEY SPORTS PRODUCTIONS, INC** :
**d/b/a MAIN EVENTS**
                                                      :

     **Plaintiff,**
                                                      :

**v.**
                                                      :
**PANOS ELIADES, PANIX PROMOTIONS,**
**LTD., PANIX OF THE U.S., INC., BANNER**     :
**PROMOTIONS, INC., DON KING**
**PRODUCTIONS, INC. AND JOHN DOES 1-5**     :

     **Defendants.**                          :

---

Civil Action No. 06 CV 1509 (HB)

**NOTICE OF MOTION FOR
ORDER FINDING PANOS
ELIADES AND PANIX OF
THE U.S., INC. IN
CONTEMPT**

     **PLEASE TAKE NOTICE** that New Jersey Sports Productions, Inc. d/b/a Main Events, by

Dines and English, L.L.C. its attorney, moves the court pursuant to 18 U.S.C. §401 for an order

finding Panos Eliades and Panix of the U.S., Inc. in contempt of this Court.  This motion is based on

the ground that both Panos Eliades and Panix of the U.S., Inc. have been duly served with an order

of this Court, dated November 22, 2006 directing both parties to complete outstanding

interrogatories and document demands, which order Panos Eliades and Panix of the U.S., Inc. has

failed and refused, and still fails and refuses, to obey, as more fully shown by the attached affidavit

of Jason M. Santarcangelo, Esq. sworn to on January 16, 2007, and by the attached copy of such

order, together with proof of service on Panos Eliades and Panix of the U.S., Inc.

                          JASON M. SANTARCANGELO (JMS 4492)
                          DINES AND ENGLISH, L.L.C.
                          685 Van Houten Avenue
                          Clifton, New Jersey 07013
                          Attorney for Plaintiff, New Jersey Sports Production, Inc.

Dated: January 18, 2007

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

|  |  |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :**<br>**d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 (HB) |
| : | |
| **Plaintiff,** | **AFFIDAVIT OF JASON M.** |
| : | **SANTARCANGELO IN** |
| **v.** | **SUPPORT OF A FINDING** |
| : | **OF CONTEMPT AGAINST** |
| **PANOS ELIADES, PANIX PROMOTIONS,** | **PANOS ELIADES AND** |
| **LTD., PANIX OF THE U.S., INC., BANNER** : | **PANIX OF THE U.S., INC** |
| **PROMOTIONS, INC., DON KING** | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
| : | |
| **Defendants.** | |

---

State of New Jersey    :

County of Passaic    :

I, Jason M. Santarcangelo, being duly sworn, depose and say:

     1)    I am an attorney for New Jersey Sports Productions, Inc. d/b/a Main Events, the Plaintiff in the above-entitled action.

     2)    An order was granted by this Court on November 22, 2006, directing Panos Eliades and Panix of the U.S., Inc. to provide answers to all interrogatories and produce all documents demanded for. A true copy of the order is attached as Exhibit A, and incorporated herein. A true copy of the unanswered document demand and interrogatories to Panos Eliades are attached as Exhibit B, and incorporated herein. A true copy of the unanswered document demand and interrogatories to Panix of the U.S., Inc. are attached as Exhibit C, and incorporated herein.

     3)    On November 22, 2006, the order along with copies of the document demand and interrogatories to Panos Eliades and Panix of the U.S., Inc., was served on Panos Eliades at Albany House, 18 Theydon Road, London, England, E59NZ. A true

copy of the letter sent to Mr. Eliades, a true copy of the Federal Express International Air Waybill, and a true copy of the detailed results showing receipt on November 29, 2006 attached as Exhibit D and incorporated herein.

4)    Both Panos Eliades and Panix of the U.S., Inc. have failed and continue to fail to serve answers to the interrogatories, although more than 48 days have passed since service on both Panos Eliades and Panix of the U.S., Inc.

5)    Since service of the November 22 Order, there has been no communication between the Panos Eliades and/or Panix of the U.S., Inc. and this office.

6)    Such failure on the part of Panos Eliades and Panix of the U.S., Inc. to appear and produce the document demand or to permit the documents to be inspected by me has impaired and prejudiced the rights of my client, New Jersey Sports Productions, Inc., in that they have been prevented from inspecting and examining the documents and from obtaining the information contained therein.

7)    On July 6, 2006 counsel for Panos Eliades and Panix of the U.S., Inc., Davidoff Malito & Hutcher LLP, was relived from there representation. In a July 29, 2006 letter to the Court, Ella Kohn, Esq. on behalf of Davidoff Malito & Hutcher, LLP noted that the firm sought to withdraw as counsel because of their "clients' failure to pay legal fees and other difficulties in the attorney-client relationship." Thereupon, Mr. Elaides became Pro Se. True copies of the July 6 Order and June 29 letter are attached as Exhibit E and incorporated herein.

8)    Upon a review of the trial materials from the State of Nevada District Court Case No. A-422631, Panix Promotions Ltd., et. al. v. John Ruiz, et. al. I am aware that Mr. Eliades was in the United States to testify at the trial, in May of 2005.


_____
JASON M. SANTARCANGELO

Subscribed and sworn to me on January 18, 2007.

MARCIA A. TAYLOR
A NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 8, 2010

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/06

----------------------------------------------------------x

NEW JERSEY SPORTS PRODUCTIONS INC.          :
d/b/a/ MAIN EVENTS,                         :
                              Plaintiff,    :
                                            :       **06 Civ. 1509 (HB)**
               - against -                  :
                                            :       **ORDER**
PANOS ELIADES, et. al.                      :
                                            :
                              Defendants.   :

----------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

WHEREAS, Plaintiff New Jersey Sports Productions has filed a Motion for Leave to Amend their Complaint on September 29, 2006, which Defendant Banner does not oppose; and

WHEREAS, Plaintiff New Jersey Sports Productions has filed Motions to Compel Discovery from Defendants Banner and Defendants Panos Eliades and Panix of the U.S., respectively, on October 6, 2006; and

WHEREAS, the parties met for a conference in this Court's chambers on November 14, 2006; and

WHEREAS, Defendant Banner requested a stay of the case pending the outcome of litigation it is involved in before the Nevada Supreme Court; and

WHEREAS, Defendants Panos Eliades and Panix of the U.S. remain without counsel and have not appeared in this case since July 7, 2006; it is hereby

ORDERED that this Court declines to impose any stay of these proceedings; and it is further

ORDERED that Plaintiff New Jersey Sports Productions' Motion for Leave to Amend their Complaint is granted; and it is further

ORDERED that Plaintiff New Jersey Sports Productions' Motion to Compel Discovery from Defendants Panos Eliades and Panix of the U.S. is granted; and it is further

ORDERED that all other general discovery disputes, including disputes regarding Plaintiff New Jersey Sports Productions' Motion to Compel Discovery from Defendant Banner, are referred to Magistrate Judge James Francis for resolution, as set out in a separate Order. All other deadlines in the Pretrial Scheduling Order remain in force.

**SO ORDERED.**
**November 22, 2006**
**New York, New York**

_____
**U.S.D.J.**

# EXHIBIT B

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

**NEW JERSEY SPORTS PRODUCTIONS, INC :**
**d/b/a MAIN EVENTS**

       **Plaintiff,**

**v.**

**PANOS ELIADES, PANIX PROMOTIONS,**
**LTD., PANIX OF THE U.S., INC., BANNER**
**PROMOTIONS, INC., DON KING**
**PRODUCTIONS, INC. AND JOHN DOES 1-5**

       **Defendants.**

Civil Action No. 06 CV 1509

:
:
:
:
:
:

**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES TO**
**PANOS ELIADES**

---

      **TO:**    Ella A. Kohn, Esq.
           Davidoff Malito & Hutcher LLP
           605 Third Avenue
           New York, New York 10158

DEAR COUNSEL:

PLEASE TAKE NOTICE, that NEW JERSEY SPORTS PRODUCTIONS, INC. hereby

requests that PANIX OF THE U.S., INC., provide answers to these Interrogatories within the

time and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure. The

person answering these Interrogatories shall designate which information is not within his or her

personal knowledge and, as to that information, shall state the name, address and phone number

of every person from whom it received, or if the source of the information is documentary, a full description including the location thereof and a true copy thereof.

These Interrogatories are deemed continuing so as to require supplemental answers should one obtain further or supplemental information subsequent to the service of answers. If a privilege not to answer is claimed by you, identify each matter to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim. If an objection is raised to any Interrogatory contained herein, identify in exact detail the nature if the objection and the legal and/or factual basis for each such objection.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

G.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

H.    **"Identify"** or **"identity"** mean, when used in reference to:

(1)    **A natural person, his or her:** full name, present or last known address; present or last known occupation, title, business affiliation and job description at the time relevant to the particular document demand being responded to.

1)    **A company, corporation, association, partnership, joint venture or legal entity other than a natural person:** its full name; a description of the type of organization or entity; the address of its principal place of business; the jurisdiction of its corporation of organization; and the date of its incorporation or organization;

2)    **A Document:** its description (for example, letter, memorandum, report, tape, disk); its title, if any; its date; the number of pages thereof (if written); its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation in other than a clerical capacity; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If the document is a contract also set forth the date of the contract, the parties therego, all material terms thereof, all amendments therego, and all accountings related to each contract. If any such document was, but is no longer, in the possession of or subject to the control of You, state what disposition was made of it and when such disposition occurred (in lieu thereof a copy may be provided)

3)    **An oral communication:** the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made; if by telephone, the identity of each person who made each telephone call, who participated in each telephone call, and the place where each person participating in the telephone call was located, if known; and the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

## INSTRUCTIONS

1. These interrogatories are continuing, and call for prompt further and supplemental information or production whenever the defendant receives or discovers an additional document or information responsive to this request.

2. In answering the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, known by you or in your possession or that of your agents, or your attorneys, or that appears in your records.

3. If you cannot answer interrogatory in full after exercising due diligence to secure the full information, so state, and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what steps were taken in attempting to secure the unknown information.

4. If an interrogatory may be narrowly or broadly construed, you should apply the broadest construction that will produce the most comprehensive response or answer.

5. Unless otherwise indicated, these interrogatories cover the time period of <u>January 1, 1995</u> to the present.

## INTERROGATORIES

      1.   Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter.  State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person.  Attach copies of all written statements received from each such person and copies of documents written by each such person.

      2.   Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

      3.   Identify all person(s) with knowledge or information concerning the relationship between Banner and Eliades. For each person identified, set forth their name, address and phone number.

      4.   Identify all person(s) with knowledge or information concerning the relationship between Eliades and DKP.  For each person identified, set forth their name, address and phone number.

      5.   Set forth the name, address, telephone number and relationship to any party, of the person or persons, who participated in the preparation of the within responses.

      6.   Identify all persons whom you may call at trial as expert witnesses.  For each such person, attach a copy of his or her curriculum vitae, and a report or set forth the contents of any oral or written report.

7. Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:

    a. the name and address of the person who gave the written statement;

    b. the date the written statement was obtained;

    c. whether the written statement was signed by the person;

    d. the name and address of all person(s) who obtained the written statement;

    e. if recorded, the nature of the recording and the present custodian of the recording;

    f. attach a copy of all written statements;

    g. set forth completely the substance of the written statement; and

    h. identify all persons present when the written statement was prepared and received.

8. Set forth whether you have obtained an oral statement, relating to any fact or issue in this litigation from any person not a party to this action, and if affirmative, identify:

    a. the name and address of the person who gave the oral statement;

    b. the date the oral statement was obtained;

    c. if recorded, the nature of the recording and the present custodian of the recording;

    d. the name and address of the person who obtained the oral statement;

    e. all persons present when the oral statement was received; and

    f. set forth completely the substance of the oral statement.

9.  If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:

      a.  the name and address of the person making each said declaration;

      b.  the name and address of the person(s) to whom the declaration was made;

      c.  the nature of the declaration, in detail;

      d.  if the declaration is in writing, attach a copy hereto; and

      e.  the name and address of all person(s) present when the declaration was made.

10. Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "The complaint fails to state a claim against Defendants" asserted by you in this Action.

11. Set forth, in detail, the factual bases upon which you rely in support of your statement, provided in the answer, that "Defendants request judgment dismissing the complaint, granting Defendants the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems proper and just."

12. Set forth, in detail, Eliades' role in Panix Ltd., including but not limited to his job title(s), time in position(s), compensation received from Panix Ltd.

13. Set forth, in detail, Eliades' role in Panix Inc., including but not limited to his job title(s), time in position(s), compensation received from Panix Inc.

14. Describe in detail Eliades' educational background, including all schools, colleges or universities attended, dates of attendance and any degrees received.

15. State the dates for which Panix Inc. promoted John Ruiz. Provide copies of all documents related to said promotion(s).

16. State the dates for which Panix, Ltd. promoted John Ruiz.  Provide copies of all documents related to said promotion(s).

17. State whether Panix Inc. and Panix Ltd. shared promotional rights with any party during the period during the promotion of John Ruiz.  If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared.  Attach true copies all documents associated with shared promotional rights.

18. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

19. State when Eliades notified NJSP of the alleged assignment of rights in connection with the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

20. Set forth if you contacted contend that defendant's interests in the Nevada Action was disclosed to plaintiff or its representatives. If so, state when and by whom.

21. Set forth, in detail, when and if, Panix Ltd. notified NJSP of the alleged assignment between Banner and Panix Ltd. in connection with the February 15, 2002 order from the Honorable Harold Baer, in connection with the judgment in the United States Court for the Southern District of New York, Case No. 01 CV 2709 (HB). If so state by whom, to whom, and if in any document, please provide a copy.

## CERTIFICATION

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.

Dated:                                    _____

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | | |
|---|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** | | Civil Action No. 06 CV 1509 |
| **Plaintiff,** | : | |
| | : | **PLAINTIFF'S FIRST** |
| **v.** | : | **DOCUMENT DEMAND TO** <br> **PANOS ELIADES** |
| **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** <br> **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** | : | |
| **Defendants.** | : | |

---

      **TO:**    Ella A. Kohn, Esq.
                 Davidoff Malito & Hutcher LLP
                 605 Third Avenue
                 New York, New York 10158

DEAR COUNSEL:

     **PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of PANOS ELIADES individually provide the documents to the enclosed document

demand in the manner and within the time set forth in the rules.

_Jason M. Santarcangelo (JMS 4492)_
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11 , 2006


## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.     "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.     "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.     "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.     "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.    "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.    "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.    All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.    All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.    All deposition transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.    All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.    All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.    All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.    All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.    All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.    All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.    All documents related to any past or present contractual interest in boxer Sam Peter.

11.    Any document showing assets of this defendant from 2000 to present.

12.    All documents related to the promotion of John Ruiz.

13.    All contracts related to the promotion of John Ruiz.

14.    All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

15.    All documents related to the assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

16.    All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

17.    Any expert reports rendered in this matter.

18.    All documents which Eliades contends supports it affirmative defenses.

19.    All documents which Eliades contends supports its claim that this matter should be dismissed with prejudice and Elaides be awarded costs and attorney's fees.

20.    Any document showing assets of this defendant, from the year 2000 to present.

21.    Any documents which you alleged disclosed either Lennox Lewis or New Jersey Sports in the litigation captioned Panix Promotions, Ltd., et al., Civil Action No. 01 Civ. 2709 (HB) that any Eliades related entity held or holds an interest in:

        a.    Sam Peter

        b.    John Ruiz

        c.    Litigation in the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

# EXHIBIT C

United States District Court
For the Southern District of New York

Patrick C. English, Esq. (PCE 7898)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : <br> **d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 |
| : | |
| **Plaintiff,** | |
| : | |
| **v.** : | **PLAINTIFF'S FIRST SET OF** <br> **INTERROGATORIES TO** <br> **PANIX OF THE U.S., INC.** |
| : | |
| **PANOS ELIADES, PANIX PROMOTIONS,** <br> **LTD., PANIX OF THE U.S., INC., BANNER** : <br> **PROMOTIONS, INC., DON KING** <br> **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | |
| **Defendants.** : | |

---

> **TO:**   Ella A. Kohn, Esq.
> Davidoff Malito & Hutcher LLP
> 605 Third Avenue
> New York, New York 10158

DEAR COUNSEL:

PLEASE TAKE NOTICE, that NEW JERSEY SPORTS PRODUCTIONS, INC. hereby

requests that PANIX OF THE U.S., INC., provide answers to these Interrogatories within the

time and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure. The

person answering these Interrogatories shall designate which information is not within his or her

personal knowledge and, as to that information, shall state the name, address and phone number

of every person from whom it received, or if the source of the information is documentary, a full description including the location thereof and a true copy thereof.

These Interrogatories are deemed continuing so as to require supplemental answers should one obtain further or supplemental information subsequent to the service of answers. If a privilege not to answer is claimed by you, identify each matter to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim. If an objection is raised to any Interrogatory contained herein, identify in exact detail the nature if the objection and the legal and/or factual basis for each such objection.

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11 , 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.    "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.    "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

G.      "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

H.      "**Identify**" or "**identity**" mean, when used in reference to:

(1)     **A natural person, his or her**: full name, present or last known address; present or last known occupation, title, business affiliation and job description at the time relevant to the particular document demand being responded to.

1)      **A company, corporation, association, partnership, joint venture or legal entity other than a natural person**: its full name; a description of the type of organization or entity; the address of its principal place of business; the jurisdiction of its corporation of organization; and the date of its incorporation or organization;

2)      **A Document**: its description (for example, letter, memorandum, report, tape, disk); its title, if any; its date; the number of pages thereof (if written); its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation in other than a clerical capacity; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If the document is a contract also set forth the date of the contract, the parties thereto, all material terms thereof, all amendments therego, and all accountings related to each contract. If any such document was, but is no longer, in the possession of or subject to the control of You, state what disposition was made of it and when such disposition occurred (in lieu thereof a copy may be provided)

3)      **An oral communication**: the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person to whom such communication was made; if by telephone, the identity of each person who made each telephone call, who participated in each telephone call, and the place where each person participating in the telephone call was located, if known; and the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

## INSTRUCTIONS

1. These interrogatories are continuing, and call for prompt further and supplemental information or production whenever the defendant receives or discovers an additional document or information responsive to this request.

2. In answering the interrogatories, furnish all information, however obtained, including hearsay, that is available to you, known by you or in your possession or that of your agents, or your attorneys, or that appears in your records.

3. If you cannot answer interrogatory in full after exercising due diligence to secure the full information, so state, and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what steps were taken in attempting to secure the unknown information.

4. If an interrogatory may be narrowly or broadly construed, you should apply the broadest construction that will produce the most comprehensive response or answer.

5. Unless otherwise indicated, these interrogatories cover the time period of <u>January 1, 1995</u> to the present.

# INTERROGATORIES

1.  Set forth the names, addresses and occupations of all persons having knowledge of any relevant facts relating to the above captioned matter.  State the source of knowledge of each such person, how and when each such person acquired such knowledge and the facts or group of facts within the knowledge of each such person.  Attach copies of all written statements received from each such person and copies of documents written by each such person.

2.  Identify all person(s) with knowledge or information concerning any document(s) relevant to any allegation contained in any of the pleadings in the above-captioned matter, and the document(s) known by each such person. For each person identified, set forth their name, address and phone number. Attach copies of all such documents.

3.  Identify all person(s) with knowledge or information concerning the relationship between Banner and Panix Inc. For each person identified, set forth their name, address and phone number.

4.  Identify all person(s) with knowledge or information concerning the relationship between Panix Inc. and DKP.  For each person identified, set forth their name, address and phone number.

5.  Set forth the name, address, telephone number and relationship to any party, of the person or persons, who participated in the preparation of the within responses.

6.  Identify all persons whom you may call at trial as expert witnesses.  For each such person, attach a copy of his or her curriculum vitae, and a report or set forth the contents of any oral or written report.

7. Set forth whether you have ever obtained a written statement relating to any fact or issue in this litigation from any person, not a party to this action, and if affirmative, identify:

    a. the name and address of the person who gave the written statement;

    b. the date the written statement was obtained;

    c. whether the written statement was signed by the person;

    d. the name and address of all person(s) who obtained the written statement;

    e. if recorded, the nature of the recording and the present custodian of the recording;

    f. attach a copy of all written statements;

    g. set forth completely the substance of the written statement; and

    h. identify all persons present when the written statement was prepared and received.

8. Set forth whether you have obtained an oral statement, relating to any fact or issue in this litigation from any person not a party to this action, and if affirmative, identify:

    a. the name and address of the person who gave the oral statement;

    b. the date the oral statement was obtained;

    c. if recorded, the nature of the recording and the present custodian of the recording;

    d. the name and address of the person who obtained the oral statement;

    e. all persons present when the oral statement was received; and

    f. set forth completely the substance of the oral statement.

9.   If you assert that any statement by any person, written or oral, constitutes a declaration against interest for the purposes of its admissibility at the trial of this action, state:

      a.   the name and address of the person making each said declaration;

      b.   the name and address of the person(s) to whom the declaration was made;

      c.   the nature of the declaration, in detail;

      d.   if the declaration is in writing, attach a copy hereto; and

      e.   the name and address of all person(s) present when the declaration was made.

10. Identify the principal place of business of Panix Inc.

11. Identify the place of incorporation of Panix Inc.

12. Set forth, in detail, the factual bases upon which you rely in support of each your first affirmative defense "Neither Mr. Eliades nor Panix U.S. was ever a party to the Nevada Lawsuit or the Notice of Assignment" asserted by you in this Action.

13. Set forth, in detail, the factual bases upon which you rely in support of each your second affirmative defense "The complaint fails to state a claim against Defendants" asserted by you in this Action.

14. Set forth, in detail, the factual bases upon which you rely in support of your statement, provided in the answer, that "Defendants request judgment dismissing the complaint, granting Defendants the costs and disbursements of this action, and such other and further relief, both legal and equitable, as this Court deems proper and just."

15. State whether any employee of Panix Inc. has ever been convicted of a crime, and if so, state where, when and the crime committed of.

16. State whether any employee of Panix Inc. has ever been arrested, and if so, state where, when and the crime allegedly committed of.

17. Identify when Panix Inc. learned of the alleged assignment, as demonstrated to the District Court, Clark County, Nevada on May 16, 2005 between Banner and Panix Ltd.

18. State the dates for which Panix Inc. promoted John Ruiz.

19. State whether Panix Inc. shared promotional rights with any party during the period in which Panix Ltd. promoted John Ruiz. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

20. State whether any party to this action shared promotional rights to John Ruiz with Panix Inc. If yes, identify all persons or companies who shared promotional rights and the dates those rights were shared. Attach true copies all documents associated with shared promotional rights.

21. Set forth, in detail, the relationship between Banner and Panix Inc. Attach true copies of all documents related to the relationships between Banner and Panix Inc.

22. State whether Panix Inc., after learning of the alleged assignment of rights in connection with the District Court Case No.: A422631 in the District Court, Clark County, Nevada notified NJSP.

## CERTIFICATION

I hereby certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.

_____

Dated:

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

**NEW JERSEY SPORTS PRODUCTIONS, INC** :
**d/b/a MAIN EVENTS**

                           :

       **Plaintiff,**

                           :

**v.**

                           :

**PANOS ELIADES, PANIX PROMOTIONS,**
**LTD., PANIX OF THE U.S., INC., BANNER** :
**PROMOTIONS, INC., DON KING**
**PRODUCTIONS, INC. AND JOHN DOES 1-5** :

       **Defendants.**                  :

Civil Action No. 06 CV 1509

**PLAINTIFF'S FIRST**
**DOCUMENT DEMAND TO**
**PANIX OF THE U.S., INC.**

---

        **TO:**     Ella A. Kohn, Esq.
                  Davidoff Malito & Hutcher LLP
                  605 Third Avenue
                  New York, New York 10158

DEAR COUNSEL:

    **PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure,

Plaintiff NEW JERSEY SPORTS PRODUCTIONS, INC. hereby demands the following

documents of PANIX OF THE U.S., INC., individually provide the documents to the enclosed

document demand in the manner and within the time set forth in the rules.

_____

Jason M. Santarcangelo (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

Date: May 11, 2006

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

A.    "Eliades" means the captioned defendant, Panos Eliades, individually and in his capacity as a shareholder and or principal in both Panix of the U.S., Inc. and Panix Promotions, Ltd., including any partners, agents, employees, representatives or any person acting for, or on behalf of, or in concert with defendant.

B.    "Banner" means the captioned defendant, Banner Promotions, Inc., including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

C.    "Panix Ltd." means the captioned defendant, Panix Promotions, Ltd. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

D.    "Panix Inc." means the captioned defendant, Panix of the U.S., Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

E.      "DKP" means the captioned defendant, Don King Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with defendant.

F.      "NJSP" refers to captioned plaintiff New Jersey Sports Productions, Inc. including each including each of its officers, directors, partners, agents, employees, representatives or any person acting for, or on behalf of or in concert with plaintiff.

C.      "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnership, estates, public agencies, departments, division, bureaus and boards.

D.      "Document" or "documents" includes, without limitation, the original and each copy of each and any writing, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible item or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, xeroxed, photographed, copies, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft. It also includes electronically recorded data capable of being retrieved and reproduced in either electronic or written form, including but not limited to emails.

E.      "Correspondence" means, in addition to its ordinary meaning any recording, memorandum or notes (handwritten or otherwise) of conversations, telephone calls and emails.

F.    "Communication" means any contact oral or written, formal or informal, made at any time or place and under any circumstances whatsoever whereby information of any nature was transmitted.

## INSTRUCTIONS

For each document or other request for information asserted to be privileged or otherwise excludable from discovery, the document, or other requested information, shall be identified and the basis for each clam of privilege or other ground for exclusion shall be stated.

For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or can no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or any fact concerning its nonexistence or loss.

## TIME PERIOD

These document requests seek documents in existence as of the date of serving the answers but shall be deemed to be continuing and to require that you serve in the form of supplementary answers, any information which is unavailable to you at the time you submit your answers, but which becomes available up to and including the time of trial.

Any document request which is later found to be incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.

## DOCUMENT DEMAND

1.    All transcripts related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

2.    All orders related to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

3.    All deposition transcripts relate to District Court Case No.: A422631 in the District Court, Clark County, Nevada.

4.    All documents produced by any party in the District Court Case No.: A422631 in the District Court, Clark County, Nevada, including the demands pursuant to which they were produced.

5.    All pleadings filed in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

6.    All expert reports rendered in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

7.    All bills rendered by counsel who represented plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

8.    All documents evidencing payments to the counsel who represented the plaintiffs in District Court Case No.: A422631 in the District Court, Clark County, Nevada.

9.    All documents evidencing payments for any expenses incurred in connection with District Court Case No.: A422631 in the District Court, Clark County, Nevada, including but not limited to travel expenses.

10.    All documents related to any past or present contractual interest in boxer Sam Peter.

11.    Any document showing assets of this defendant from 2000 to present.

12.    All documents related to the promotion of John Ruiz.

13.    All contracts related to the promotion of John Ruiz.

14.    All documents related to the co-promotion of John Ruiz by Banner and Panix, Inc.

15.    All documents related to the alleged assignment of rights to the law suit, District Court Case No.: A422631 in the District Court, Clark County, Nevada.

16.    All documents in possession of Panix, Inc. or its agents and not otherwise produced which in any way relate to NJSP or any other party in this case.

17.    Any expert reports rendered in this matter.

18.    All documents which Panix, Inc. contends supports it affirmative defenses.

19.    All documents which Panix, Inc. contends supports its claim that this matter should be dismissed with prejudice and Panix, Inc. be awarded costs and attorney's fees.

20.    Any documents which you alleged disclosed either Lennox Lewis or New Jersey Sports in the litigation captioned <u>Panix Promotions, Ltd., et al.</u>, Civil Action No. 01 Civ. 2709 (HB) that any Eliades related entity held or holds an interest in:

        a)    Sam Peter

        b)    John Ruiz

        c)    Litigation in the District Court Case No.: A422631 in the District Court, Clark County, Nevada.

# EXHIBIT D

## DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

973 - 778 - 7575

FACSIMILE

973 - 778 - 7633

PATRICK C. ENGLISH

———

AARON DINES

(1923-2002)

———

JASON M. SANTARCANGELO

ALSO ADMITTED IN N.Y.

November 22, 2006

Panos Eliades
Albany House
18 Theydon Road
London, England E5 9NZ

Re: **New Jersey Sports Productions, Inc.**
**v. Panos Eliades, et al.**
**Civil Action No.: 06-CV-1509**

Dear Mr. Eliades:

Please find enclosed Order entered by the Honorable Harold Baer, Jr., USDJ.

You should be aware that it requires you and Panix of the US to provide discovery pursuant to the discovery request previously served on your counsel. So that there is no confusion I am sending another copy to you. Compliance should be immediate given the fact that responses are overdue.

Very truly yours,

DINES AND ENGLISH, L.L.C.

BY: _____

PATRICK C. ENGLISH

/mat

434

**FedEx Express** International Air Waybill
For FedEx services worldwide

**1 From** Please print and press hard

Sender's FedEx Account Number: 1094-3390-2

Date 11/22/06

Sender Name: PATRICK C. ENGLISH, ESQ.    Phone 973 778-7575

Company: DINES & ENGLISH ESQUIRE

Address: 685 VAN HOUTEN AVE STE 1

City: CLIFTON    State/Province: NJ

Country: USA    ZIP/Postal Code: 07013

**2 To**

Recipient's Name: PANOS ELIADES    Phone

Company: ALBANY HOUSE

Address: 18 ** THEYDON ROAD

Dept./Floor

City: LONDON    State/Province: ENGLAND

Country: U.K.    ZIP/Postal Code: E5 9NZ

Recipient's Tax I.D. number for Customs purposes
e.g. GST/RFC/VAT/EIN, or as locally required

**3 Shipment Information**

Total Packages    Total Weight: 5.40z lbs/kg

Commodity Description REQUIRED: Legal Documents

For U.S. Export Only Check One:
☐ No SED required; value $2500 or less per Schedule B Commodity number
☐ No SED required for Exemption

☐ For EU Only: Tick here if goods are not in free circulation and provide C.I.

Harmonized Code    Country of Manufacture    Value for Customs REQUIRED

Total Declared Value for Carriage    Total Value for Customs (Specify Currency)

☐ SED attached (provide export license no., license exp. date or license exception symbol and ECCN if applicable)

**4 Express Package Service** Packages up to 150 lbs./68 kg

☒ FedEx Int'l. Priority
☐ FedEx Int'l. First
☐ FedEx Int'l. Economy

**5 Packaging**
☒ FedEx Envelope
☐ FedEx Pak
☐ FedEx 10kg Box
☐ FedEx 25kg Box
☐ Other

**6 Special Handling**
☐ HOLD at FedEx Location
☐ SATURDAY Delivery

**7a Payment** Bill transportation charges to:
☒ Sender Acct. No. in Section 1 will be billed.
☐ Recipient
☐ Third Party
☐ Credit Card
☐ Cash/Check/Cheque

FedEx Acct. No.

Credit Card No.    Credit Card Exp. Date

**7b Payment** Bill duties and taxes to:
☐ Sender Acct. No. in Section 1 will be billed.
☐ Recipient
☐ Third Party

FedEx Acct. No.

**8 Your Internal Billing Reference**

NJSP, INC. V. ELIADES, ET AL.

**9 Required Signature**

Sender's Signature: [signature]

Date: Executed 11/22/06

For Completion Instructions, see back of fifth page.

FedEx Tracking Number: 8362 2774 1254

Form I.D. No.

464    0402

**Try online shipping at fedex.com.**

Questions? Visit our Web site at fedex.com.
Or in the U.S., call 800.247.4747. Outside the U.S., call your local FedEx office.

Not all services and options are available to all destinations.



US Home

Español

Information Center | Customer Support | Site Map

Search [          ] Go!

Package/Envelope Services | Office / Print Services | Freight Services | Expedited Services

Ship | Track | Manage My Account | International Tools

Track Shipments
## Detailed Results

(🖨) Printable Version    (?) Quick Help

| | | | | | |
|---|---|---|---|---|---|
| **Tracking number** | 836227741254 | **Reference** | njsp inc v eliades et al london GB | | **Wrong Address?** Reduce future mistakes by using FedEx Address Checker. |
| **Signed for by** | P.TOMASINO | **Destination** | | | |
| **Ship date** | Nov 22, 2006 | **Delivered to** | Receptionist/Front Desk | | |
| **Delivery date** | Nov 29, 2006 10:20 AM | **Service type** | Priority Envelope | | **Tracking a FedEx SmartPost Shipment?** |
| | | **Weight** | 0.5 lbs. | | Go to shipper login |
| **Status** | Delivered | | | | |



| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Nov 29, 2006** | 10:20 AM | Delivered | london GB | |
| | 8:24 AM | On FedEx vehicle for delivery | STRATFORD GB | |
| **Nov 28, 2006** | 6:55 PM | At local FedEx facility | STRATFORD GB | |
| | 4:35 PM | Delivery exception | STRATFORD GB | Customer not available or business closed |
| **Nov 27, 2006** | 2:06 PM | At local FedEx facility | STRATFORD GB | |
| | 10:45 AM | Delivery exception | STRATFORD GB | Incorrect address |
| | 8:52 AM | On FedEx vehicle for delivery | STRATFORD GB | |
| **Nov 24, 2006** | 8:17 PM | At local FedEx facility | STRATFORD GB | |
| | 8:39 AM | Delivery exception | STRATFORD GB | Customer not available or business closed |
| | 7:09 AM | At local FedEx facility | STRATFORD GB | |
| | 12:07 AM | In transit | STANSTED GB | |
| | 12:07 AM | At dest sort facility | STANSTED GB | |
| **Nov 23, 2006** | 5:25 PM | At dest sort facility | STANSTED GB | |
| | 5:25 PM | Int'l shipment release | STANSTED GB | |
| | 4:01 PM | At dest sort facility | STANSTED GB | |
| | 5:27 AM | Departed FedEx location | NEWARK, NJ | |
| | 1:50 AM | Departed FedEx location | NEWARK, NJ | |
| **Nov 22, 2006** | 10:01 PM | Arrived at FedEx location | NEWARK, NJ | |
| | 9:54 PM | Left origin | MOONACHIE, NJ | |
| | 3:16 PM | Picked up | MOONACHIE, NJ | |

Signature proof    E-mail results    Track more shipments

Subscribe to tracking updates (optional)

Your Name: [          ]    Your E-mail Address: [          ]

| E-mail address | Language | | Exception updates | Delivery updates |
|---|---|---|---|---|
| [          ] | English ▼ | | ☒ | ☐ |

|  | English | | | ☐ |
|  | English | | | ☐ |
|  | English | | | ☐ |

**Select format:** ⦿ HTML  ○ Text  ○ Wireless

| **Add personal message:** | |
| Not available for Wireless or non-English characters. | |

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions

Submit

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2006 FedEx

# **EXHIBIT E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

NEW JERSEY SPORTS PRODUCTIONS, INC.      :     Index No. 06 Civ. 1509 (HB)
d/b/a MAIN EVENTS,                       :

                             Plaintiff,  :

          - against -                    :     **PROPOSED ORDER**

PANOS ELIADES, PANIX PROMOTIONS,         :
LTD., PANIX OF THE U.S., INC.,           :
BANNER PROMOTIONS, INC.,                 :
DON KING PRODUCTIONS, INC.               :
AND JOHN DOES 1-5,                       :
                                         :
                             Defendants. :
                                         :
-----------------------------------------------------------X

       Davidoff Malito & Hutcher LLP ("DM&H"), attorneys for defendants Panos Eliades

("Eliades") and Panix of the U.S., Inc. ("Panix U.S.") having applied to this Court for an order

relieving DM&H as counsel for defendants Eliades and Panix U.S. and granting defendants Eliades

and Panix U.S. a stay of all proceedings in this action until thirty (30) days after receiving notice of

entry of this order to secure new counsel,

       NOW, upon reading the letter of DM&H dated June 29, 2006, and upon all papers

herein, and due deliberation having been had thereon, it is

       ORDERED that the application of DM&H to be relieved as counsel for plaintiff is

granted; and it is further

210347
00344045

ORDERED that no further proceedings shall be taken in this action against Eliades

and Panix U.S., without leave of the Court, until thirty (30) days after service of this order with

notice of its entry. *It should be noted that no further Stays or*
*Adjournments will be granted.* ENTER:    SO ORDERED:

_____
Harold Baer Jr. U.S.D.J.                    7/6/06
Date: S.D.J.

Endorsement:

It should be noted that no further stays or adjournments will be granted.

# DAVIDOFF MALITO & HUTCHER LLP

GARDEN CITY
200 GARDEN CITY PLAZA
GARDEN CITY, N.Y. 11530
(516) 248-6400

NEW JERSEY
744 BROAD STREET, FL. 16
NEWARK, N.J. 07102
(973) 735-0543

ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NEW YORK 10158

(212) 557-7200
FAX (212) 286-1884
WWW.DMLEGAL.COM

ALBANY
150 STATE STREET
ALBANY, N.Y. 12207
(518) 465-8230

WASHINGTON, D.C.
444 NORTH CAPITOL STREET, N.W.
WASHINGTON, D.C. 20001
(202) 347-1117

WRITER'S DIRECT: 646-428-3217
E-MAIL: ek@dmlegal.com

June 29, 2006

Hon. James C. Francis, IV
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007

Re:   *New Jersey Sports Productions, Inc. v. Panos Eliades, et al.*
      Case No. 1:06-cv-01509-HB

Dear Judge Francis:

We are the attorneys for Defendants Panos Eliades and Panix of the U.S., Inc. ("Panix U.S.") in the above-referenced action. In accordance with a recent conversation between the undersigned and your law clerk, Peggy Farber, Esq., we write to respond to plaintiff's June 23, 2006 letter seeking an order directing our clients to respond to certain outstanding discovery demands. As plaintiff counsel, Patrick English, Esq., notes in that letter, our firm contacted him recently to seek his consent to our withdrawal as counsel for Mr. Eliades and Panix U.S. due to our clients' failure to pay legal fees and other difficulties in the attorney-client relationship. Mr. English consented to our withdrawal. I note that at the time I contacted Mr. English, our clients still had additional time to respond to discovery. Further, during that conversation, Mr. English did not advise me that he would be seeking an order against our clients. As such, I contacted Dan Silver, law clerk to the honorable Judge Baer, to determine the best way to proceed with our application to withdraw. Mr. Silver advised me that no motion for withdrawal would not be necessary if I could obtain the consent of all parties. Accordingly, after obtaining plaintiff's consent, I immediately began contacting counsel for all other parties in this action to obtain their consent as well. As part of the proposed order relating to our withdrawal, we planned to seek a 30 day stay of discovery against our clients to allow sufficient time for them to secure new counsel and respond to the demands.

At this point, I have obtained consent to our withdrawal from all parties, with the exception of Panix Promotions, Ltd. ("Panix Promotions"), a company that is in bankruptcy in England. I understand from Alex Darbyshire of the English law firm Pinsent Masons, counsel to the Liquidator of Panix Promotions Ltd. that Panix Promotions is in a difficult position in this lawsuit because it cannot allocate sufficient money to retain counsel. Due to its financial

00344310

Hon. James C. Francis, IV.
June 29, 2006
Page 2

constraints, I am doubtful that we will receive any answer to our request for their consent to withdraw.

Although a few days have passed since discovery was due, we would request that the Court either deny Mr. English's application or allow Judge Baer to consider same inasmuch as we have advised both Mr. English and Mr. Silver of our intentions to withdraw as well as of our difficulties in dealing with our clients. I further note that plaintiff should not be prejudiced by a brief a short extension of discovery deadlines since this case is at its earliest stages. Additionally, as was addressed at the preliminary conference in this matter, this matter involves a dispute over a multi-million dollar judgment that was awarded to two of the co-defendants in a court in Nevada (the "Judgment"). However, the Judgment is being appealed and, should it be vacated, this lawsuit will be rendered moot. Given that the parties did not anticipate the appeal being decided imminently, there is no urgent reason to compel our clients to respond to discovery without affording them the opportunity to retain new counsel.

Please note that we have we have described this situation in a letter to Judge Harold Baer, a copy of which is enclosed herewith. Also enclosed is our proposed order providing (i) that our firm be permitted to withdraw as counsel; and (ii) that discovery against our clients be stayed for 30 days from the entry of that order.

By this letter, we ask that your honor either grant the proposed order permitting our withdrawal and consenting to the 30 day stay or delay ruling on Mr. English's application until Judge Baer can consider this matter.

Thank you for your attention to this matter.

Respectfully submitted,

Ella Kohn

cc:   Hon. Howard Baer, Jr.
      Patrick Charles English, Esq.
      Raymond A. Levites, Esq.
      James J. Binns, P.C.
      Alex Darbyshire, Esq.
      Panos Eliades
      Panix of the U.S., Inc.

00344310

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH
———
AARON DINES
(1923-2002)
———
JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

January 18, 2007

Honorable Harold Baer, Jr., USDJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street/Chambers 2230
New York, New York 10007-1312

Re:  **New Jersey Sports Productions, Inc. v. Panos Eliades, et al.**
     **Civil Action No.: 06 CV 1509 (HB)**

Dear Judge Baer:

This office represents Plaintiff, New Jersey Sports Productions, Inc. d/b/a Main Events (hereinafter "Main Events"). Please accept this letter in support of our motion to find Panos Eliades and Panix of the U.S. in civil contempt of this court's order pursuant to 18 U.S.C. §401 as well as the Court's inherent power holding that Panos Eliades and Panix of the U.S., Inc. (collectively, the "Panix Parties") in civil contempt of this Court's lawful Order of November 22, 2006 and, should he be found in the United Stated, incarcerating Panos Eliades until such time as the Panix Parties comply with their Court Ordered Obligations.

This motion is made necessary by the Panix Parties' disregard of this Court's lawful Order, dated November 22, 2006, which, *inter alia*, provided that Panix Parties would answer the interrogatories and produce documents in accord with the document demand. Accordingly, in an effort to avoid further disruption of this proceeding, and in order to enforce obedience to this Court's lawful Order while punishing the Panix Parties for their willful violations. It is respectfully submitted that a finding of civil contempt is warranted at this time.

We respectfully refer this Court to the accompanying affidavit of Jason M. Santarcangelo (hereinafter "Santarcangelo Affidavit") and the exhibits annexed thereto for the factual background demonstrating the Panix Parties' contumacious conduct.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
January 18, 2007
Page 2

A finding of civil contempt is warranted. As held in ACLI Government Securities, Inc. v. Rhoades, 989 F.Supp. 462 (S.D.N.Y 1997), aff'd, 159 F.3d 1345 (2d. Cir. 1998):

> The inherent power of all courts to order the confinement of a contemnor is firmly established. *See* Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 2132-33, 115 L.Ed.2d 27 (1991) (quoting Ex parte Robinson, 19 Wall. 505, 510, 22 L.Ed. 205 (1873)). As "the underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings ... [but also] disobedience to the orders of the Judiciary," this inherent power reaches beyond the court's confines. Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 798, 107 S.Ct. 2124, 2132-33, 95 L.Ed.2d 740 (1987). A court is justified in holding a party in civil contempt when: (1) the court's order was "clear and unambiguous;" ... (2) the proof of noncompliance is clear and convincing; and (3) the party has failed to make reasonably diligent efforts to comply. New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1351 (2d. Cir. 1989); EEOC v. Local 638 ... Local 28 of Sheet Metal Workers' Int'l Ass'n, 753 F.2d. 1172, 1178 (2d. Cir. 1985) aff'd, 478 U.S. 421, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986). ACLI Government Securities, Inc. v. Rhoades, 989 F.Supp. at 465.

Each of the three elements necessary to establish civil contempt are met here.

First, the November 22 Order is clear and unambiguous. Relevant to this application, the November 22 Order unequivocally provides that: Plaintiff New Jersey Sports Productions' Motion to Compel Discovery from Defendants Panos Eliades and Panix of the U.S., Inc. is granted. *See* Exhibit A of the Santarcangelo Affidavit. There is no question that the Panix Parties' are required to complete the original, still unanswered, interrogatories and document demands.

Second, there is clear and convincing proof that the Panix Parties have not complied with the express terms of the November 22 Order. The same day the November 22 Order was released, the Order along with copies of the original interrogatories and document demand, which remain unanswered today were sent via FedEx International. *See* Exhibit D of the Santarcangelo Affidavit. There is no question that the order reached the Panix Parties'. More than 48 days have passed since service of the order on the Panix Parties. *See* Santarcangelo Affidavit p.4. Yet, no interrogatories

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
January 18, 2007
Page 3

have been answered and no documents have been produced in accordance with the November 22 Order. *See* Santarcangelo Affidavit p.4.

Third, it can not be argued that the Panix Parties made reasonably diligent efforts to comply with their Court Ordered obligations. Since service of the November 22 Order, there has been no communication between the Panix Parties and this office. *See* Santarcangelo Affidavit p. 5. The Panix Parties' willful disobedience of this Court's lawful November 22 Order is evidence that the Panix Parties' insist on disrupting the case and the ability of Main Events to conduct lawful discovery.

It is well-settled that "[i]n a civil contempt proceeding, such as this one, sanctions may be used either to coerce the defendant into complying with the district court's orders or to compensate the victim of the defendant's contemptuous conduct." EEOC v. Local 638, 81 F.3d 1162, 1177 (2d. Cir. 1996) (*citing* Local 28 of Sheet Metal Workers' Intern. Ass'n v. E.E.O.C., 478 U.S. 421, 443, 106 S.Ct. 3019, 3033 (1986)). We respectfully submit that strong action is absolutely necessary if the Panix Parties are going to be made to abide this Court's lawful mandate. *See* United States v. The Chase Manhattan Bank, 590 F. Supp. 1160, 1162-1163 (S.D.N.Y 1984) (Bank held in civil contempt and fined $5,000 per day until they produced court ordered discovery.) Ordering Mr. Eliades be incarcerated should he be found in the United States is within this Court's power. The "district court [has the] inherent power to order coercive civil confinement [which] is of ancient and traditional origins." Armstrong v. Guccione, 470 F.3d. 89, 102 (2d. Cir. 2006) (The Court found that the seven year length of coercive confinement did not violate the petitioner's due process rights and that the District Court would be required to convene a new hearing before a new judge to determine if the petitioner was still in possession of property he had been ordered to produce.) We have no reason to believe that Mr. Eliades has been in the United States since testifying in Panix Promotions Ltd., et. al. v. John Ruiz, et. al. in the State of Nevada Case District Court Case. *See* Santarcangelo Affidavit, p. 8. We submit that the potential of incarceration is not an unreasonable and that when Mr. Eliades learns that he will be incarcerated if found in the United States for violating this Court's lawful November 22 order he may produce the required discovery.

Furthermore, it should be noted that Mr. Eliades is a difficult man to work with. Mr. Eliades was represented in this matter by Davidoff Malito & Hutcher who was relived as counsel for the Panix Parties in early July 2006 for as they stated the Panix Parties failure to pay legal fees and other difficulties in the attorney-client relationship. See Santarcangelo Affidavit, Exhibit E. Further, his contemptuous conduct is a continuation of the conduct he evidenced the last time he was before this Court.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
January 18, 2007
Page 4

Wherefore, in view of the foregoing, as well as the arguments and evidence contained in the accompanying affidavit of Jason M. Santarcangelo, Esq. and further based upon the pleadings herein, Main Events respectfully prays for an Order pursuant to 18 U.S.C. § 401, as well as this Court's inherent power holding the Panix Parties in civil contempt of this Court's lawful Orders and such other and further relief as this Court deems just and proper.

Respectfully submitted,

DINES AND ENGLISH, L.L.C.

BY: _____
JASON M. SANTARCANGELO

C.    Panos Eliades
      Raymond Levites, Esq.
      James J. Binns, Esq.

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | |
|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC :**<br>**d/b/a MAIN EVENTS** | Civil Action No. 06 CV 1509 (HB) |
| : | |
| **Plaintiff,** : | **ORDER** |
| : | |
| **v.** : | |
| : | |
| **PANOS ELIADES, PANIX PROMOTIONS,** | |
| **LTD., PANIX OF THE U.S., INC., BANNER :** | |
| **PROMOTIONS, INC., DON KING** | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5 :** | |
| : | |
| **Defendants.** : | |

---

On reading, filing and considering the attached motion, affidavit and Memorandum of Law seeking issuance of an order requiring both Panos Eliades and Panix of the U.S., Inc. to show cause why they should not be adjudged in civil contempt for failing and refusing to obey this Court's order of November 22, 2006 requiring Panos Eliades and Panix of the U.S., Inc. to provide answers to the plaintiff's first set of interrogatories and provide the requested documents; and it appearing to the court that good cause exists for issuance of the order; therefore,

**IT IS HEREBY ORDERED** that:

1) Panos Elaides and Panix of the U.S., Inc., beginning three (3) days after service of this Order shall be fined $2000.00 per day plus interest thereon, for each day that either party fails to obey this Court's lawful November 22, 2006 Order providing discovery;

2) Should Panos Eliades be found in the United States, he shall be incarcerated until he complies with the November 22 Order and this Order or until this Court shall otherwise Order.

Dated: _____, 2007

2) Should Panos Eliades be found in the United States, he shall be incarcerated until he complies with the November 22 Order and this Order or until this Court shall otherwise Order.

Dated: _____, 2007


_____
JUDGE HAROLD BAER, JR., U.S.D.J.

United States District Court
For the Southern District of New York

Jason M. Santarcangelo, Esq. (JMS 4492)
**DINES AND ENGLISH, L.L.C.**
685 Van Houten Avenue
Clifton, New Jersey 07013
(973) 778-7575
Attorney for Plaintiff, New Jersey Sports Productions, Inc.

---

| | | |
|---|---|---|
| **NEW JERSEY SPORTS PRODUCTIONS, INC** : | Civil Action No.  06 CV 1509 (HB) | |
| **d/b/a MAIN EVENTS** | | |
| : | | |
| **Plaintiff,** | | |
| : | | |
| **v.** | | |
| : | **PROOF OF SERVICE** | |
| **PANOS ELIADES, PANIX PROMOTIONS,** | | |
| **LTD., PANIX OF THE U.S., INC., BANNER** : | | |
| **PROMOTIONS, INC., DON KING** | | |
| **PRODUCTIONS, INC. AND JOHN DOES 1-5** : | | |
| | | |
| **Defendants.** : | | |

---

**MARCIA A. TAYLOR**, of full age, certifies as follows:

1. I am a secretary for the law firm of Dines and English, L.L.C. which represents

the plaintiff, New Jersey Sports Productions, Inc., in the above captioned matter.

2. On January 18, 2007, I caused a true copy of the following documents:

a)   Notice of Motion for Order Finding Panos Eliades and Panix of the U.S., Inc. in Contempt;

b)   Affidavit of Jason M. Santarcangelo, Esq. in Support of Motion for Order Finding Panos Eliades and Panix of the U.S., Inc. in Contempt;

c)   Letter Memorandum in Support of Contempt Motion;

d)   Proposed Order,

to be sent via overnight mail to:

**Panos Eliades**
**Albany House**
**18 Theydon Road**
**London, England E5 9NZ**

**Panix of the U.S., Inc.**
**c/o Stanley C. Ruchelman, Esq., Registered Agent**
**625 Madison Avenue/12th Floor**
**New York, NY 10022**

    4.  I certify that the foregoing statements made by me are true.  I am aware that if

any of the foregoing statements made by me are willfully false, I will be subject to

punishment.

_____
MARCIA A. TAYLOR

Date: January 18, 2007