**DINES AND ENGLISH, L.L.C.**
ATTORNEYS AT LAW
685 VAN HOUTEN AVENUE
CLIFTON, NEW JERSEY 07013

973 - 778-7575
FACSIMILE
973 - 778-7633

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

January 18, 2007

Honorable Harold Baer, Jr., USDJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street/Chambers 2230
New York, New York 10007-1312

  Re: **New Jersey Sports Productions, Inc. v. Panos Eliades, et al.**
    <u>**Civil Action No.: 06 CV 1509 (HB)**</u>

Dear Judge Baer:

  This office represents Plaintiff, New Jersey Sports Productions, Inc. d/b/a Main Events (hereinafter "Main Events"). Please accept this letter in support of our motion to find Panos Eliades and Panix of the U.S. in civil contempt of this court's order pursuant to 18 U.S.C. §401 as well as the Court's inherent power holding that Panos Eliades and Panix of the U.S., Inc. (collectively, the "Panix Parties") in civil contempt of this Court's lawful Order of November 22, 2006 and, should he be found in the United Stated, incarcerating Panos Eliades until such time as the Panix Parties comply with their Court Ordered Obligations.

  This motion is made necessary by the Panix Parties' disregard of this Court's lawful Order, dated November 22, 2006, which, *inter alia*, provided that Panix Parties would answer the interrogatories and produce documents in accord with the document demand. Accordingly, in an effort to avoid further disruption of this proceeding, and in order to enforce obedience to this Court's lawful Order while punishing the Panix Parties for their willful violations. It is respectfully submitted that a finding of civil contempt is warranted at this time.

  We respectfully refer this Court to the accompanying affidavit of Jason M. Santarcangelo (hereinafter "Santarcangelo Affidavit") and the exhibits annexed thereto for the factual background demonstrating the Panix Parties' contumacious conduct.

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
January 18, 2007
Page 2

A finding of civil contempt is warranted. As held in ACLI Government Securities, Inc. v. Rhoades, 989 F.Supp. 462 (S.D.N.Y 1997), *aff'd*, 159 F.3d 1345 (2d. Cir. 1998):

> The inherent power of all courts to order the confinement of a contemnor is firmly established. *See* Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 2132-33, 115 L.Ed.2d 27 (1991) (quoting Ex parte Robinson, 19 Wall. 505, 510, 22 L.Ed. 205 (1873)). As "the underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings ... [but also] disobedience to the orders of the Judiciary," this inherent power reaches beyond the court's confines. Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 798, 107 S.Ct. 2124, 2132-33, 95 L.Ed.2d 740 (1987). A court is justified in holding a party in civil contempt when: (1) the court's order was "clear and unambiguous;" ... (2) the proof of noncompliance is clear and convincing; and (3) the party has failed to make reasonably diligent efforts to comply. New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1351 (2d. Cir. 1989); EEOC v. Local 638 ... Local 28 of Sheet Metal Workers' Int'l Ass'n, 753 F.2d. 1172, 1178 (2d. Cir. 1985) *aff'd*, 478 U.S. 421, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986). ACLI Government Securities, Inc. v. Rhoades, 989 F.Supp. at 465.

Each of the three elements necessary to establish civil contempt are met here.

First, the November 22 Order is clear and unambiguous. Relevant to this application, the November 22 Order unequivocally provides that: Plaintiff New Jersey Sports Productions' Motion to Compel Discovery from Defendants Panos Eliades and Panix of the U.S., Inc. is granted. *See* Exhibit A of the Santarcangelo Affidavit. There is no question that the Panix Parties' are required to complete the original, still unanswered, interrogatories and document demands.

Second, there is clear and convincing proof that the Panix Parties have not complied with the express terms of the November 22 Order. The same day the November 22 Order was released, the Order along with copies of the original interrogatories and document demand, which remain unanswered today were sent via FedEx International. *See* Exhibit D of the Santarcangelo Affidavit. There is no question that the order reached the Panix Parties'. More than 48 days have passed since service of the order on the Panix Parties. *See* Santarcangelo Affidavit p.4. Yet, no interrogatories

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
January 18, 2007
Page 3

have been answered and no documents have been produced in accordance with the November 22 Order. *See* Santarcangelo Affidavit p.4.

Third, it can not be argued that the Panix Parties made reasonably diligent efforts to comply with their Court Ordered obligations. Since service of the November 22 Order, there has been no communication between the Panix Parties and this office. *See* Santarcangelo Affidavit p. 5. The Panix Parties' willful disobedience of this Court's lawful November 22 Order is evidence that the Panix Parties' insist on disrupting the case and the ability of Main Events to conduct lawful discovery.

It is well-settled that "[i]n a civil contempt proceeding, such as this one, sanctions may be used either to coerce the defendant into complying with the district court's orders or to compensate the victim of the defendant's contemptuous conduct." EEOC v. Local 638, 81 F.3d 1162, 1177 (2d. Cir. 1996) (*citing* Local 28 of Sheet Metal Workers' Intern. Ass'n v. E.E.O.C., 478 U.S. 421, 443, 106 S.Ct. 3019, 3033 (1986)). We respectfully submit that strong action is absolutely necessary if the Panix Parties are going to be made to abide this Court's lawful mandate. *See* United States v. The Chase Manhattan Bank, 590 F. Supp. 1160, 1162-1163 (S.D.N.Y 1984) (Bank held in civil contempt and fined $5,000 per day until they produced court ordered discovery.) Ordering Mr. Eliades be incarcerated should he be found in the United States is within this Court's power. The "district court [has the] inherent power to order coercive civil confinement [which] is of ancient and traditional origins." Armstrong v. Guccione, 470 F.3d. 89, 102 (2d. Cir. 2006) (The Court found that the seven year length of coercive confinement did not violate the petitioner's due process rights and that the District Court would be required to convene a new hearing before a new judge to determine if the petitioner was still in possession of property he had been ordered to produce.) We have no reason to believe that Mr. Eliades has been in the United States since testifying in Panix Promotions Ltd., et. al. v. John Ruiz, et. al. in the State of Nevada Case District Court Case. *See* Santarcangelo Affidavit, p. 8. We submit that the potential of incarceration is not an unreasonable and that when Mr. Eliades learns that he will be incarcerated if found in the United States for violating this Court's lawful November 22 order he may produce the required discovery.

Furthermore, it should be noted that Mr. Eliades is a difficult man to work with. Mr. Eliades was represented in this matter by Davidoff Malito & Hutcher who was relived as counsel for the Panix Parties in early July 2006 for as they stated the Panix Parties failure to pay legal fees and other difficulties in the attorney-client relationship. See Santarcangelo Affidavit, Exhibit E. Further, his contemptuous conduct is a continuation of the conduct he evidenced the last time he was before this Court.

DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

The Honorable Harold Baer, Jr., U.S.M.J.
January 18, 2007
Page 4

    Wherefore, in view of the foregoing, as well as the arguments and evidence contained in the accompanying affidavit of Jason M. Santarcangelo, Esq. and further based upon the pleadings herein, Main Events respectfully prays for an Order pursuant to 18 U.S.C. § 401, as well as this Court's inherent power holding the Panix Parties in civil contempt of this Court's lawful Orders and such other and further relief as this Court deems just and proper.

                        Respectfully submitted,

                        DINES AND ENGLISH, L.L.C.

                  BY: _____
                        JASON M. SANTARCANGELO

C.    Panos Eliades
      Raymond Levites, Esq.
      James J. Binns, Esq.