**DINES AND ENGLISH, L.L.C.**
ATTORNEYS AT LAW
685 VAN HOUTEN AVENUE
CLIFTON, NEW JERSEY 07013

973 - 778-7575
FACSIMILE
973 - 778-7633

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

February 21, 2007

Honorable James C. Francis, IV, United States Magistrate Judge
United State District Court of the Southern District of New York
500 Pearl Street/Room 1960
New York, New York 10007-1312

    Re: **New Jersey Sports Productions, Inc. v. Panos Eliades, et al.**
        <u>**Civil Action No.: 06 CV 1509 (HB)**</u>

Dear Judge Francis:

    This office represents Plaintiff, New Jersey Sports Productions, Inc. d/b/a Main Events (hereinafter "Main Events"). Please accept this letter in further support of the our motion to find Panos Eliades and Panix of the U.S., Inc. (hereinafter "Panix Parties") in civil contempt and in response to the non-compliant attempt of the Panix Parties to respond to the discovery requests of Main Events.

    Mr. Eliades has previously been found in contempt when Judge Baer found on March 4, 2004 that the Panix Parties (Panos Eliades, Panix of the U.S., Inc. and Panix Promotions, Ltd.) failed to comply with the Court's lawful February 15, 2002 Order requiring full disclosure.[1] Mr. Eliades had failed to disclose that his company, Panix Promotions, Ltd. had instigated litigation seeking to recover funds for tortious interference from parties including DKP. His errors and propensity to lie do not stop with violating Court Orders.

    Mr. Eliades has a long and sordid history of failing to tell the truth. For example, in a December 20, 2005 opinion from the High Court of Justice in London the Court found to the effect that "Mr. Eliades is a man prepared to lie on oath if it suits his purposes…Furthermore, the answers establish a preparedness to transfer assets to someone else or untruthfully assert that they had been transferred so as to ensure that a claim made by a third party might be defeated."[2] A finding of contempt remains proper,

---

[1] See Certification of Jason M. Santarcangelo dated February 21, 2007, ¶8 and Exhibit E.
[2] See Certification of Jason M. Santarcangelo dated February 21, 2007, ¶9 and Exhibit F.

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

The Honorable James C. Francis, IV., U.S.M.J.
February 21, 2007
Page 2

as the attempt of Mr. Eliades to comply with this Court's lawful November 22 Order, was nothing more than an attempt to cover up the truth and disrupt this litigation.

A finding of civil contempt remains warranted despite the attempt of the Panix Parties to partially comply with the interrogatories and document demands of Main Events. As discussed in our moving papers and incorporated by reference, civil contempt is warranted when (1) the court's order was "clear and unambiguous;" (2) the proof of noncompliance is clear and convincing; and (3) the party has failed to make reasonably diligent efforts to comply. See New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1351 (2d. Cir. 1989). Each of the three elements necessary to establish civil contempt continue to be met here. The November 22 Order compelling the Panix Parties to provide discovery was and remains clear and unambiguous.

Despite the attempt at answering the interrogatories and document demands on February 12, 2007[3], the answers and production are substantially incomplete. The Panix Parties were served on May 11, 2006 with the document demands and interrogatories.[4] At that time, the Panix Parties were represented by counsel, Davidoff Malito & Hutcher, who later withdrew from representation on July 6, 2006[5] for as they stated the Panix Parties failure to pay legal fees and other difficulties in the attorney-client relationship. The proof of non-compliance is clear and convincing. I will now discuss the non-responsive and incomplete answers submitted by the Panix Parties.

Document Demand No. 10 to Mr. Eliades asks for "All documents related to any past or present contractual interest in boxer Sam Peter." In his response Mr. Eliades indicates that Documents related to this issue are with Court Papers filed in a recent court case in the UK and that he will obtain from lawyer's storage and forward under separate cover. There is no indication what Court case in the UK the documents were submitted for nor is there any indication what when the documents in possession of his lawyer would be turnover. He has had since May 2006 to obtain and turn over the documents. He has not done so. He is in willful noncompliance.

Document Demand No. 11 to Mr. Eliades asks for "Any document showing assets of this defendant from 2000 to present." Mr. Eliades indicates that these documents will be forwarded under separate cover. Yet, there is no indication as to when these documents will be provided. He has had since May to turn these documents over. He is in willful noncompliance.

---
[3] See Certification of Jason M. Santarcangelo dated February 21, 2007, ¶2-3.
[4] See the Affidavit of Jason M. Santarcangelo, Esq. submitted on January 18, 2007 with the moving papers of this Contempt Motion. See Exhibits B and C.
[5] See Affidavit of Jason M. Santarcangelo, Esq. dated January 18, 2007, ¶7.

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

The Honorable James C. Francis, IV., U.S.M.J.
February 21, 2007
Page 3

---

In Interrogatory No. 16 to Mr. Eliades he is asked to "State the dates for which Panix, Ltd. promoted John Ruiz. Provide copies of all documents related to said promotion(s)." In attempting to answer the question, Mr. Eliades indicates that he has no paperwork in his possession. However in the packet of materials sent is an agreement, dated December 12, 1996, between Banner Promotions, Panix Promotions, Inc. and John Ruiz. That document has demonstrably and clearly been altered[6], removing the "Inc." and replacing it with a handwritten "Limited." He did not provide the unaltered version, this is clearly an attempt to alter evidence and the outright alteration has great legal significance. Furthermore, the answer does not indicate the dates and instead states that the dates of representation of Mr. Ruiz can be found in the public record. We know of no such public record. This answer is incomplete and fraudulent due to the alteration.

The remainder of the issues from the document demands and interrogatories will be addressed in a group fashion because although incomplete and non-responsive the answers of Mr. Eliades do not warrant long winded explanation. For example in interrogatories Nos. 1-4 to Mr. Eliades and Nos. 1-4 to Panix of the U.S., Inc. the question asks for names, addresses and phone numbers of persons with knowledge relevant to this matter. Mr. Eliades responds by offering a few names but fails to disclose the source of knowledge, provide supporting documents or the address or phone numbers of those listed. These are examples of Mr. Eliades' feeble attempt to comply with the November 22 Order requiring answers to the interrogatories and document demands.

The evasive answers continued throughout the responses. For example, in interrogatory No. 12 to Panos Eliades, he indicates that he was "managing director" of Panix Ltd. but does not indicate how long he served in that capacity or the amount of compensation he received. Interrogatory No. 13 asks for similar information from Panos Eliades with respect to his role in Panix of the U.S., Inc. The answer again indicates that he was "managing director" but fails to provide important information such as compensation and length of his service. These answers are incomplete.

With respect to the document demand to Panix of the U.S. Nos. 1-11; 14-17 and parts (a) and (c) of question 20 are all responded to with the following phrase: "none in company possession." This answer begs the question "does an agent of the defendant have documents in its custody which would be relevant to the document demand." These answers are non-responsive and unclear.

---

[6] See Certification of Jason M. Santarcangelo dated February 21, 2007, Exhibits A, B and C.

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

The Honorable James C. Francis, IV., U.S.M.J.
February 21, 2007
Page 4

It is evident on the face of the responses from that the purported "answers" were nothing more than an attempt to evade this Court's lawful November 22 Order. The continued noncompliance of the Panix Parties remains clear and convincing. Simply slapping a few words on paper and providing six documents and a facsimile cover sheet does not come close to being responsive.

Finally, based upon the above review of the non-responsive and incomplete answers provided by the Panix Parties to the interrogatories and document demands it can not be argued that the Panix Parties have made reasonably diligent efforts to comply with their Court Ordered obligations. The Panix Parties have been aware of the impeding discovery request since served on May 11, 2006. Further, the Panix Parties were sent this Court's lawful November 22 Order.[7] The documents and answers received in this office on Monday February 12 was the first communication by either the Panix Parties or counsel since July 6 while its counsel was relieved from this action. The Panix Parties' continued willful disobedience of this Court's lawful November 22 Order is evidence that the Panix Parties' are insistent on disrupting the case. Main Events has the right to lawful right to conduct discovery. The latest attempt by the Panix Parties to respond or be involved in this case is simply another attempt to be evasive and prevent the parties from litigating this matter.

Wherefore, in view of the foregoing, as well as the arguments and evidence contained in the accompanying certification of Jason M. Santarcangelo, Esq. and further based upon the pleadings herein, Main Events respectfully requests for an Order pursuant holding the Panix Parties in civil contempt of this Court's lawful Orders and such other and further relief as this Court deems just and proper.

Respectfully submitted,

DINES AND ENGLISH, L.L.C.

BY: _____
JASON M. SANTARCANGELO

C.   Panos Eliades
     Raymond Levites, Esq.
     James J. Binns, Esq.

---

[7] See Affidavit of Jason M. Santarcangelo, Esq. dated January 18, 2007, Exhibit A.