```
UNITED STATES DISTRICT COURT            (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
NEW JERSEY SPORTS PRODUCTION, INC.,  :  06 Civ. 1509 (HB) (JCF)
d/b/a MAIN EVENTS,                   :
                                     :        MEMORANDUM
            Plaintiff,               :        AND  ORDER
                                     :
      - against -                    :
                                     :
PANOS ELIADES, PANIX PROMOTIONS,     :
LTD., PANIX OF THE U.S., INC.,       :
BANNER PROMOTIONS, INC., DON KING    :
PRODUCTIONS, INC.,                   :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiff in this case, New Jersey Sports Productions, Inc. d/b/a Main Events, has moved for an order of contempt against defendants Panos Eliades and Panix of the U.S., Inc. (collectively, the "Panix Defendants"). The motion is based on the alleged failure of the Panix Defendants to comply with an order of the Honorable Harold Baer, U.S.D.J., dated November 22, 2006, compelling them to respond to certain discovery demands.

Background

Earlier in this litigation, the Panix Defendants were represented by the law firm of Davidoff Malito & Hutcher LLP. However, when these defendants failed to pay their counsel, Judge Baer issued an order dated July 6, 2006, relieving the firm and granting a thirty-day stay of discovery. After the stay lapsed, the plaintiff moved to compel the Panix Defendants to respond to discovery demands that had been pending since May 2006. On November 22, 2006, Judge Baer granted the motion. When the

1

defendants still did not respond, the plaintiff moved on January 18, 2007 for an order adjudging them in contempt.

In a letter to Judge Baer dated February 6, 2007, Mr. Eliades alleged that he was not aware that he was obligated to respond when neither he nor Panix of the U.S., Inc. had the resources to hire counsel.  Nevertheless, he submitted interrogatory answers on behalf of both defendants and produced the requested documents within his possession.  (Letter of Panos Eliades dated Feb. 6, 2007).

The plaintiff then responded, cataloguing the respects in which Mr. Eliades' responses were deficient.  (Letter of Jason M. Santarcangelo dated Feb. 21, 2007).  Mr. Eliades replied, supplementing his responses and promising further information as he was able to collect it.  (Letter of Panos Eliades dated Feb. 28, 2007).

A determination of contempt must be predicated on three findings:  (1) that the order allegedly violated is clear and unambiguous; (2) that the proof of noncompliance is clear and convincing; and (3) that "the contemnor has not diligently attempted to comply in a reasonable manner." <u>Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.</u>, 369 F.3d 645, 655 (2d Cir. 2004) (quoting <u>King v. Allied Vision, Ltd.</u>, 65 F.3d 1051, 1058 (2d Cir. 1995)).  To be clear and unambiguous, the order must be "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." <u>Mingoia v. Crescent Wall Systems</u>, No. 03 Civ.

7143, 2005 WL 991773, at *1 (S.D.N.Y. April 26, 2005) (quoting Panix Promotions, Ltd. v. Lewis, No. 01 Civ. 2709, 2004 WL 421937, at *2 (S.D.N.Y. March 5, 2004)).

I will accept for present purposes that Judge Baer's order of November 22, 2006 was sufficiently clear to be enforceable by contempt even though it set no deadline for compliance and even though it simply incorporated by reference the details of the plaintiff's motion to compel and did not reiterate them. Further, it is undisputed that the Panix Defendants had not complied at the time the plaintiff served the instant motion.

The plaintiff, however, has not established that the Panix Defendants have failed to act with reasonable diligence. To be sure, Mr. Eliades is wrong to suggest that unrepresented defendants who lack resources have no obligation to respond in discovery. As an individual, he must proceed pro se and respond to all discovery demands. Panix of the U.S., Inc., as a corporation, must appear by counsel or it is considered to be in default. See Rowland v. California Men's Colony, 506 U.S. 194, 202-03 (1993); Lattanzio v. COMTA, ___ F.3d ___, No. 05-4800, 2007 WL 891236, at *2 (2d Cir. March 26, 2007).

Nevertheless, Mr. Eliades has demonstrated a willingness to comply notwithstanding his erroneous understanding of the limits of his obligations. Although the plaintiff makes much of the facts that Mr. Eliades was previously found in contempt in this case and, in a different case, was found not to be credible, these observations do little to illuminate the present motion. The fact

is that Mr. Eliades has substantially complied with Judge Baer's order, albeit tardily.

Certain items appear to remain outstanding. At the time that he submitted his reply, Mr. Eliades had not yet prepared a schedule of his assets from 2000 to the present. He shall do so and shall submit it to plaintiff's counsel no later than April 30, 2007. To the extent there are other specific items that have still not been produced and that are reasonably believed to be within the possession or control of the Panix Defendants, plaintiff shall so advise me and I will set a date certain for their production.

Conclusion

For the reasons set forth above, the plaintiff's contempt motion is denied. Mr. Eliades shall produce a schedule of his assets from 2000 to the present no later than April 30, 2007, and plaintiff may identify any other specific information that has not been produced by the Panix Defendants.

SO ORDERED.

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         April 11, 2007

Copies mailed this date:

Jason M. Santarcangelo, Esq.
Dines and English, LLC
686 Van Houten Avenue
Passaic, New Jersey 07013

4

```
Panos Eliades
Albany House
18 Theydon Road
London E5 9NZ
United Kingdom
```