DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

973 - 778-7575

FACSIMILE

973 - 778-7633

PATRICK C. ENGLISH

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
ALSO ADMITTED IN N.Y.

September 6, 2007

Honorable Harold Baer, Jr., USDJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street/Chambers 2230
New York, New York 10007-1312

    Re: **New Jersey Sports Productions, Inc.**
        **v. Panos Eliades, et al.**
        <u>**Civil Action No.: 06 CV 1509 (HB) – Status Report**</u>

Dear Judge Baer:

The Court directed that we provide a status report concerning the litigation in Nevada by September 6. This letter is to comply with that direction.

<u>**Background**</u>

This action involves the claimed right of plaintiff to receive funds otherwise derived from a Nevada litigation captioned Panix Promotions, Ltd. vs. Don King Productions, Inc. The initial award in that case was $5,358,657 was reduced by the trial court to $2,679,318.50 and interest has accrued thereupon.

· The defendants in this case claim a substantial part of that judgment (90%) was assigned from Panix (against whom plaintiff has a substantial judgment) to Banner. Plaintiffs claim that assignment was fraudulent and/or invalid for numerous reasons.

The Nevada case was taken on appeal. This Court stayed the case and requested a status report on the Nevada litigation by September 6.

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

Honorable Harold Baer, Jr., USDJ
September 6, 2007
Page 2

### Report on Status of Nevada Case

Uniquely, Nevada has only one Appellate level court, the Nevada Supreme Court. In the period between this writing and our last appearance the Nevada case went through a full mediation. When that did not successfully resolve the case a full set of briefs were filed, both initial briefs by both sides and reply briefs. At this point the case has been fully briefed and submitted to the Nevada Supreme Court. That court has the right to request/grant oral argument but we are informed it does so in a minority of cases due to its extraordinarily high docket (the Court's website quotes a report stating that it has the highest appellate docket in the United States). It appears that the last brief was filed on June 19, 2007.

Thus the parties are awaiting action by the Nevada Supreme Court.

### Recommendations

Plaintiff is desirous of pursuing this matter but it would assist both sides to know if there is something to pursue. On the appeal Don King Productions, Inc. contends that the award should be reversed. Panix/Banner argue on a cross appeal that the original judgment of $5,358,657 should be reinstated.

Simply put, if the Nevada Supreme Court reverses the award, it makes that case completely moot. If not, then this case is not moot.

Consequently we recommend that the present stay be extended to allow a ruling by the Nevada Supreme Court. Such a ruling would be final as there is no constitutional issue raised and there are no other appeals that can be taken.

We make this recommendation because:

(A)  As noted earlier, a ruling adverse to Panix/Banner in Nevada would make this matter moot;

(B)  It is difficult or impossible to have meaningful settlement discussions without an assurance that a sum certain is available.

DINES AND ENGLISH, L.L.C.
ATTORNEYS AT LAW

Honorable Harold Baer, Jr., USDJ
September 6, 2007
Page 3

      I have discussed this recommendation with counsel for Banner (the sole adverse party as Panix has defaulted and Don King Productions, Inc. is merely a stakeholder) and he consents to this recommendation.

                                            Respectfully submitted,

                                            DINES AND ENGLISH, L.L.C.

                          BY: _____
                                    PATRICK C. ENGLISH

/mat
C: All Counsel